IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.:  1:09CR179 |
| | ) | |
| MIRWAIS MOHAMADI, | ) | Honorable Liam O'Grady |
| also known as "Omar, and "O," | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS AND BILL OF PARTICULARS

The United States of America, through its attorney, Dana J. Boente, the Acting United States Attorney for the Eastern District of Virginia, and his assistants, Stephanie Bibighaus Hammerstrom and Ronald L. Walutes, Jr., respectfully requests the Court to deny the defendant's instant motion to dismiss counts 1 and 3 for lack of venue and request for a bill of particulars.

1.  Counts One and Three charge the defendant, Mirwais Mohamadi, with the armed robbery of K.R. while she was engaged in a business that affects interstate commerce.  At trial, the evidence will establish that K.R. is a prostitute who advertized her services on Craigslist.  The defendant used the internet and telephone to hire her and induce her to travel from Maryland to his apartment in Alexandria, Virginia.  Beginning on May 26, 2007 and extending through the early morning of May 27, 2007, over Memorial Day weekend, the defendant employed the services of K.R. before robbing her at the end of the evening and recovering all of his money as well as the proceeds of her prior business. K.R. was paid by the defendant for her services to include escorting him from his apartment in the Eastern District of Virginia into the District of Columbia where they entered a nightclub.  K.R. and the defendant traveled into the District of Columbia in her vehicle.  At some point K.R. informed the

defendant that their time together had expired only to have the defendant seek to extend their business transaction. Claiming insufficient funds, the defendant asked K.R. to drive him to an ATM. In route to an ATM, the defendant directed K.R. to drive into an alley where he displayed a firearm and demanded her money and the keys to her vehicle. To ensure K.R. appreciated the danger to her life, the defendant chambered a round into the firearm before holding it to her head. After taking her money, the defendant attempted to order K.R. to summon others engaged in the same line of work so that he could rob them as well. Ultimately the defendant fled on foot with his gun and K.R.'s money.

2. K.R. promptly reported the crime to law enforcement authorities in the District of Columbia, Maryland and Virginia. In fact, when K.R. returned to the defendant's apartment to report the robbery, she found numerous members of the Alexandria Police Department surrounding the location. The taxi cab taken by the defendant from where he left K.R. had returned him to the apartment complex before the driver was also robbed at gunpoint. K.R. identified the defendant in two photo spreads, the first in Virginia and second different photo spread in the District of Columbia. She also informed crime scene technicians in Virginia on May 27, 2007, that she had just cleaned her vehicle before the Memorial Day weekend and the defendant's fingerprint was lifted and positively identified outside the passenger side of her vehicle just hours after the armed robbery.

3. The defendant asserts an "obvious" lack of venue. The defendant hired the services of a prostitute whom he enticed to travel interstate to come to his apartment in this district. He then armed himself with a firearm in this district with the intent to rob the prostitute before entering her vehicle and then traveling interstate with her to show her off in a nightclub in the District of Columbia and then robbing her at gunpoint. This is a continuing offense that could be charged in multiple districts, to include the Eastern District of Virginia.

4. "The courts construing congressional intent as to venue in Hobbs Act violations have determined that venue lies wherever commerce is affected *or* wherever the robbery, extortion, attempt, conspiracy or threat occurs . . . ." *United States v. Billups*, 692 F.2d 320, 332- 33 (4th Cir. 1982) (emphasis in the original) citing *United States v. Craig*, 573 F.2d 513 (7th Cir.), cert. denied 439 U.S. 820 (1978) and *United States v. Floyd*, 228 F.2d 913 (7th Cir. 1956). The instant case establishes venue in the Eastern District of Virginia in both respects. Commerce was affected in this district, indeed the bulk of the defendant's use of the victim's services occurred here, and the defendant took his firearm when he enticed the victim to travel instate with him to a club, evidencing his intent to rob her at the end of their transaction.[1] The defendant's motion to dismiss should be summarily dismissed. *Billups* recognizes that venue can reside in multiple jurisdictions in a Hobbs Act violation. *See also United States v. Barnette*, 211 F.3d 803, 813-14 (4th Cir. 2000) (venue proper for 924© charge in district where offense originated although use of firearm to commit murder occurred in another district). The authority relied upon by the defendant does not address the charged conduct in this case.

5. The defendant also asserts that the indictment fails to identify the specific firearm he used to commit this offense. He also claims that the indictment fails to identify the inmate he caused to use the mail and telephone with the intent that a murder be committed. Finally, the defendant asserts that it is unclear who in law enforcement was hindered by the defendant's witness tampering alleged in Count 9.

6. The purpose of a bill of particulars is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial, not to provide detailed

---

[1] The Fourth Circuit in *United States v. Bowens*, 224 F.3d 302 (4th Cir. 2000) was addressing a harboring a fugitive charge where the "only essential conduct element . . . is the act of harboring or concealing." Id. at 311. A Hobbs Act violation has the additional essential element of affecting commerce. It is an important distinction.

disclosure of the Government's evidence in advance of trial. *United States v. Fletcher,* 74 F.3d 49, 53 (4th Cir. 1996).  A bill of particulars is not to be used to provide the defendant with discovery. *United States v. Automated Med. Labs. Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).  The indictment fully apprises the defendant of the charges against him.  His own tape recorded statements within the Alexandria Adult Detention Center make it clear beyond peradventure that he knows what he is defending against.  The defendant has a copy of the mailing and a copy of the telephone call from the individual he caused to use those facilities that operate interstate and should not now be heard to claim he does not know who is referred to as "another" in the indictment.

7. The defendant took his firearm interstate to commit both Hobbs Act violations.  Both criminal offenses involve the commission of an armed robbery that affects interstate commerce.  In Count 1, the defendant hired a prostitute, armed himself with the firearm and enticed her to cross state lines where he robbed her at gun point.  In Count 2, the defendant summoned a taxi cab within a block from where he left the prostitute, and still armed with his firearm, directed the taxi to again travel interstate before robbing the cab driver.  The firearm was not recovered, but the government will prove at trial that this weapon traveled interstate.  The government does not need to produce the firearm at trial. *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1990).  Whether an actual firearm was used will be a question for the jury.  The surrounding circumstances, including the chambering of a round, is sufficient to support a guilty verdict.

8. Finally, in United States v. Perry, 335 F.3d 316 (4th Cir. 2003), the Fourth Circuit rejected a defendant's sufficiency based argument that the "prosecutor's evidence failed to establish that in providing [the booking authorities of the Montgomery County police] with a false name and a false date of birth, he intended to prevent the communication of information to federal law enforcement officers

relating to the possible commission of a federal offense." Id. at 320. The Perry court reasoned that there was "ample evidence from which a jury could conclude that Perry's intent was to hinder, delay, or prevent communications related to 'an investigation that happened to be federal,' specifically, the federal investigation into Perry's status as a felon in possession of a firearm." Id. at 321. The Perry court emphasized that, whether Perry was aware that a portion of the firearms investigation would be federal was "irrelevant" as the prosecution needed only to show "(1) that Perry provided false information with the intent to influence the firearms investigation, and (2) that the firearms investigation happened to be federal." Id. at 321-22.[2] The defendant apparently wants the identity of those law enforcement officers who were impacted by his obstructive conduct. No such evidence is required to support a conviction of these charges. It is sufficient that the defendant instructed a witness to provide false testimony with the intent to influence the investigation into his interstate armed robbery of a taxi cab driver and that investigation also happened to be federal. There is no need for a bill of particulars in this case, the defendant has received abundant and detailed discovery and his instant motion should be denied.

WHEREFORE, the government respectfully asks this Court to deny the defendant's instant

---

[2] Moreover, the Perry court further emphasized, the government was not required to show that the Montgomery County Police Department was, at the time of Perry's arrest, cooperating in an ongoing federal investigation or in the investigation of a federal offense: "[n]othing in § 1512(b)(3) suggests that the recipient of the deceptive information must be involved in an ongoing investigation, or in an investigation of a federal crime." 335 F.3d at 321 n.8.

request to dismiss counts one and three pretrial based on an alleged lack of venue as without authority and contradicted by the facts of this case and to also deny the defendant's request for a bill of particulars as unnecessary and unwarranted given the discovery provided and detailed indictment returned in this case.

        Respectfully Submitted,

        Dana J. Boente
        Acting United States Attorney

By: _____/s/_____
        Stephanie Bibighaus Hammerstrom
        Assistant United States Attorney

        _____/s/_____
        Ronald L. Walutes, Jr.
        Virginia Bar number 26312
        Assistant United States Attorney
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, VA 22314-5794
        Phone:  703-299-3700
        Fax: 703-739-9556
        Email Address: Ron.Walutes@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I certify that I electronically filed the foregoing government's opposition to defendant's bill of particulars and venue motion using the CM/ECF system, which will send a notification of such filing (NEF) on May 20, 2009, to the following:

Kevin Brehm, Esquire
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

               /s/
              Ronald L. Walutes, Jr.
              Virginia Bar number 26312
              Assistant United States Attorney
              United States Attorney's Office
              Justin W. Williams U.S. Attorney's Building
              2100 Jamieson Avenue
              Alexandria, VA 22314-5794
              Phone:  703-299-3700
              Fax: 703-739-9556
              Email Address: Ron.Walutes@usdoj.gov