IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 1:09CR179 |
| | ) | |
| MIRWAIS MOHAMADI, | ) | Hearing Date: June 12, 2009 |
| | ) | |
| Defendant. | ) | The Honorable Liam O'Grady |

### DEFENDANT'S MOTION TO SEVER COUNTS

COMES NOW the defendant, Mirwais Mohamadi, by counsel, Kevin R. Brehm and Whitney E.C. Minter, Assistant Federal Public Defenders, and files this Motion to Sever Counts pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure.  Mr. Mohamadi moves to sever for purposes of trial the various charges alleged in the indictment.  Specifically, Mr. Mohamadi moves that the ten counts of the Indictment be tried as follows:

(1) Counts 1 and 3, as they relate to the alleged robbery of Kimberly Riley;

(2) Counts 2 and 4, as they relate to the alleged robbery of Gebru Haile;

(3) Count 5, as it relates to possession of a firearm by a convicted felon;

(4) Count 6, as it relates to "Inmate 1";

(5) Count 7, as it relates to "Inmate 2";

(6) Count 8, as it relates to "Inmate 3;

(7) Counts 9 and 10, as they relate to alleged witness tampering involving Witness "A.I."

In support of this Motion, defendant states as follows:

## FACTUAL BACKGROUND

Mr. Mohamadi is charged in a ten-count indictment with: (1) two counts of Hobbs Act robberies in violation of 18 U.S.C. §1951; (2) two counts of use and carry of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); (3) one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g); (4) two counts of solicitation to commit murder for hire in violation of 18 U.S.C. § 373; (5) one count of using the mails and telephones with the intent that a murder be committed in violation of 18 U.S.C. §1958; and (6) two counts of attempting to persuade a witness to hinder, delay and prevent the witness from communicating information to a law enforcement officer in violation of 18 U.S.C. § 1512.

The government alleges that on May 26, 2007, Mr. Mohamadi committed a robbery against Kimberly Riley while using a firearm. The government also alleges that on May 27, 2007, Mr. Mohamadi committed a robbery against Gebru Haile while using a firearm. The government further charges that Mr. Mohamadi was a convicted felon during the time that he allegedly possessed a firearm. Three counts of the indictment allege that on three different dates, Mr. Mohamadi solicited three different individuals to kill a witness involved in one alleged robbery.[1] Finally, the remaining two counts allege that Mr. Mohamadi attempted to influence a witness.

---

[1] Count 6 alleges that on September 12, 2007, Mr. Mohamadi solicited Inmate 1; Count 7 alleges that on November 1, 2007, Mr. Mohamadi solicited Inmate 2; Count 7 alleges that on November 12, 2007, Mr. Mohamadi used the mail and telephone with the intent that Inmate 3 commit murder.

**ARGUMENT**

Determining whether severance is appropriate is a two step process, requiring the Court first to determine whether joinder was permissible under Federal Rule of Criminal Procedure 8, and, if so, then to determine whether severance is appropriate under Federal Rule of Criminal Procedure 14. *See United States v. Jamar*, 561 F.2d 1103, 1105-06 (4th Cir. 1977).

**I.      As currently indicted, the ten counts are improperly joined.**

Rule 8(a) provides that the "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the *same or similar character*, or *are based on the same act or transaction*, or *are connected with or constitute parts of a common scheme or plan.*" Fed. R. Crim. P. 8(a) (emphasis added). While Rule 8(a) authorizes "very broad joinder," it is not "infinitely elastic." *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)). Indeed, the Rule "cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute part of a common scheme or plan." *Id.* (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)). Rather, "the joined offenses must have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005)*(*internal citations omitted). "Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.* at 385 (citing Charles Alan Wright, *Federal Practice and Procedure* § 143 (3d ed. 1999) (noting joinder permitted when "the events pertaining to each [crime are] inextricably tied to the others")).

The Fourth Circuit has specifically rejected the argument that "a mere temporal relationship is sufficient to show that . . . two crimes . . . were *logically* related." *Cardwell*, 433 F.3d at 386. In

*Cardwell*, the court rejected the government's argument that charges related to a gun found during an investigation into a murder-for-hire plot necessarily could be joined because "[a] contrary holding would effectively read Rule 8(a) to allow limitless joinder whenever the charge resulted from the fruits of a single investigation." *Id.*

Here the ten counts occurred as no less than seven separate and distinct events. The alleged robbery of Kimberly Riley occurred in the late evening of May 26, 2007 to the early morning of May 27, 2007. That incident was fully completed within the District of Columbia. Then the alleged robbery of Gebru Haile took place on May 27, 2007 in the Eastern District of Virginia. Neither witness was present for both robberies. The evidence and testimony is wholly separate. Therefore, Counts 1 and 3 should be tried separately from the other counts and Counts 2 and 4 should be tried separately from the other counts.

The alleged attempts to hire someone to kill Mr. Haile are separate and distinct from the other offenses and from each other. Each incident happened on a different date involving a different inmate. Each solicitation occurred at least a week apart and the last incident was, in fact, the result of an undercover operation by the government. The witnesses and evidence, therefore, are not only unrelated to the other alleged crimes (robberies and witness tampering), but they are unrelated to each other as well. Other than being the same type of offense, they are separate and distinct events.

The alleged incidents of witness tampering involve the same witness and therefore could be tried together. They should not, however, be tried with any other counts. The alleged witness tampering occurred on dates wholly remote from the alleged robberies or solicitations. The witnesses from the alleged robberies and the alleged solicitations do not have any evidence or testimony to offer with respect to the witness tampering case. While there may be some overlap in

the necessary facts, it is not necessary to prove all of the elements of robbery or solicitation to commit murder for hire in order to prove the charge of witness tampering. They are not the same type of offense as the other charges, nor are they based on the same transaction or a common scheme or plan. Although the witness tampering is affiliated with some of the other charges, it is not the same transaction or a common scheme or plan. A charge of witness tampering would never be severable from another count if they only standard were that the tampering involved a witness.

### II. The various counts should be severed for purposes of trial, even if their joinder was permissible in the first place.

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." As the Court of Appeals for the Fourth Circuit has explained, "there is always a danger in joining different offenses for trial in a single indictment. The jury might improperly cumulate the evidence pertinent to different crimes either to infer a criminal disposition on the part of the accused, or to find guilt on all offenses when the evidence of each separate crime, if presented in separate trials, would be unpersuasive of guilt on any single offense." *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977)(internal quotations and citations omitted). "Rule 14 leaves the determination of the risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts. *United States v. Rollins*, 301 F.3d 511, 517-518 (7th Cir. 2002)(internal citations omitted).

    A.    *A joint trial on all counts would severely prejudice Mr. Mohamadi*

When offenses are joined for trial on the theory that they are "of the same or similar character," a number of possible prejudices arise.  In *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976), the court recognized three such prejudices: in addition to the two dangers noted in *Jamar*, relating to the possibility that a jury might find guilt based on improper cumulation of the evidence or improper assumption of a criminal disposition, the court also noted that "the defendant may be confounded in presenting his defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other." *See also Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964) ("Prejudice may develop [within the meaning of Rule 14] when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence."); *United States v. Jordan*, 112 F.3d 14, 17 (1st Cir. 1997) (denying the defendant the ability to testify on his own behalf in one trial can have the effect of "eviscerating [a defendant's] planned defense" to that charge).

The charges alleged boil down to seven different categories: (1) the robbery and use of a firearm involving Mr. Haile, (2) the robbery and use of a firearm involving Ms. Riley, (3) the possession of a firearm by a convicted felon, (4) solicitation of murder for hire involving Inmate 1, (5) solicitation for murder for hire involving Inmate 2, (6) hiring for murder involving Inmate 3 and (7) witness tampering involving "A.I."  Each of these is a serious offense.  Each has a substantial likelihood of prejudicing the jury.  If the jury is made aware that Mr. Mohamadi is alleged to hired someone to kill Mr. Haile, they will not neutrally view the evidence and make a determination based in the law regarding whether he influenced Witness "A.I."  If the jury is made aware that Mr. Mohamadi is alleged to have robbed Ms. Riley, they will not neutrally view the evidence and make a determination based in the law regarding whether he robbed Mr. Haile.  Rather, they will view Mr.

Mohamadi as a person with a propensity to commit crimes and assume that, if he is accused of one, he is likely to have committed the others or worse, if he is accused of so many crimes, he must be guilty of at least some.

Most detrimental, however, is the threat to Mr. Mohamadi's Fifth Amendment rights. Mr. Mohamadi could present distinct defenses in each case. In order to do so effectively, Mr. Mohamadi may need to have the option to take the stand and testify in his own defense. Were he to do so in a joint trial, however, he would subject himself to cross-examination on all the counts even if he wished to assert his right against self-incrimination on some of them. Mr. Mohamadi would then be left with a choice between "eviscerating" a planned defense and forfeiting his right to remain silent. That untenable choice plainly and severely prejudices Mr. Mohamadi.

All of the potential prejudices of improper joinder recognized by the Fourth Circuit in *Jamar* and *Foutz* are therefore present here. Mr. Mohamadi would face the danger of having a jury wrongly convict him based on an improper cumulation of evidence or based on an improper conclusion about a supposed criminal disposition. Further, he would be placed between the proverbial rock and hard place by being forced to make a single decision with respect to all counts about whether to waive his Fifth Amendment right against self-incrimination.

> B.  *Trying all of the counts together would prejudice Mr. Mohamadi by allowing otherwise inadmissible evidence of a prior conviction to be presented in a trial on Count V.*

In order to prove that Mr. Mohamadi is guilty of possessing a firearm after being convicted of a felony (Count V), the Government must necessarily introduce evidence that he has previously been convicted of a felony. Such evidence of prior bad acts would not be admissible in a trial on the other counts, however. By introducing evidence that Mr. Mohamadi is a convicted felon, the

Government invites the jury to consider facts which they may hold against him, but are not relevant to prove the charge relating to the alleged robberies, solicitations or witness tamperings. The consideration of his prior criminal record, therefore, is one element of prejudice Mr. Mohamadi will suffer if his charges are to be tried together. While the Court is not required to sever counts simply based on the existence of a 18 U.S.C. § 922(g) count,[2] Mr. Mohamadi submits it is an additional factor that weighs in favor of severance. Prejudice can arise when "proof that [the] defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissable in a second trial for the second offense." *United States v. Richardson*, 515 F.3d 74 (1st Cir. 2008).

    C.    *The evidence relevant to each group of counts is unrelated to the evidence in the other groups of counts.*

        1.    <u>There is No Overlap in Witnesses or Evidence Between the Various Counts</u>

One factor the Court must consider in determining prejudice from a joint trial is the degree to which the evidence from one trial is admissible at another. *Foutz*, 540 F.2d at 736; *see also United States v. Gray*, 78 F. Supp. 2d 524, 531 (E.D. Va. 1999) (asking whether the evidence of the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense when assessing prejudice under Rule 14) (internal quotations and citation omitted); 25 MOORE'S FEDERAL PRACTICE § 614.03 (2005) ("An important factor in determining whether the joinder of similar offenses is prejudicial is whether the evidence would be admissible at separate trials.") (citations omitted).

---

[2]     *See United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984).

"While the law often permits the jury to hear evidence admissible for one purpose but not for another, and presumes that the jury will follow a limiting instruction, this practice is justified by practical considerations of trial convenience and expedition. When offenses are initially joined on the ground that they are of the same or similar character, and evidence of one offense would not be admissible at a separate trial for the other, the saving of time effected by a joint trial is minimal. . . . [T]he only real convenience served by permitting joint trial of unrelated offenses against the wishes of the defendant may be the convenience of the prosecution in securing a conviction." *Foutz*, 540 F.2d at 738 (internal quotations and citations omitted) (emphasis added).

As discussed above, there is little to no overlap between the witnesses and evidence from the various incidents. The two alleged robberies took place at two different locations and involved two different complainants. The three solicitations took place on three different days and involved three different inmates. The alleged witness tamperings involved the same witness, however, she would not provide the same testimony in any other case. Essentially no time would be saved by having a single trial, and since judicial economy is not a concern, the undeniable prejudice to Mr. Mohamadi outweighs any interest the government might have in a single trial.

        2.        <u>Evidence From Either Trial Would Not Be Admissible in the Other Trial Under Fed. R. Evid. 404(b)</u>

One factor considered by the 4th Circuit regarding severance is whether evidence from one trial would be admissible under Fed. R. Evid. 404(b) in the other trial – because if it would be admissible, then there is no point in severing the trials. *Rollins*, 301 F.3d at 518-19. In this case, the evidence relating to the items found in the safe would not be admissible in a trial relating to the parking lot, and *vice versa.*

As the Court is well aware, "[u]se of other crimes evidence may not be used to demonstrate an individual's propensity to commit a crime." *United States v. Moore*, 115 F.3d 1348 (7th Cir. 1997). "Evidence of other crimes must (1) be directed toward establishing something other than the defendant's propensity to commit the charged offense, (2) show sufficient similarities in time and matter to establish relevance to the charged conduct, (3) be sufficient to support a jury finding that the defendant committed the similar act, and (4) have probative value that is not substantially outweighed by the danger of prejudice to the criminal defendant." *Rollins*, 301 F.3d at 519 (internal citations omitted).

Were the Court to order separate trials in this case, no evidence from one trial would be admissible in the other. There is no "similarity in time and matter" between the various offenses. As previously discussed, the incidents took place several months apart, in different locations, and involved different people and different *modus operandi*.

Regarding the strength of the evidence on each count considered independently, it is not readily apparent whether the evidence would be sufficient to support a jury finding that a similar act was committed by Mr. Mohamadi because none of the incidents havet been litigated. It cannot conclusively be said, therefore, that the evidence of one crime, standing alone, would be sufficient for the jury to believe he had committed the prior bad act.

Finally, the probative value of introducing evidence from one incident at a trial for the other is nonexistent. Assuming, *arguendo,* that the Government's evidence is sufficient to show Mr. Mohamadi committed a robbery of Kimbery Riley or influenced a witness on a particular day, these incidents shed no light on whether he committed a robbery of Mr. Haile or any of the other charges. It cannot be said, therefore, that there is any probative value to introducing evidence relating to one

date in a trial relating to the other date, let alone sufficient probative value to outweigh the obvious prejudice to Mr. Mohamadi. It follows that there can be no other reason to introduce the evidence, *except* to show Mr. Mohamadi's propensity to commit crimes. The evidence relating to each date, therefore, would be inadmissible in a trial relating to the other date.

> D. *The Evidence is Not So Substantial as to Assure that Any Verdict of Guilt is Based Solely on the Evidence*

The Fourth Circuit has found that when the evidence against a defendant is particularly strong, the Court can be assured that the jury convicted solely on the evidence and was not influenced by outside factors, such as the defendant's prior bad acts. *United States v. Quilling*, 261 F.3d 707, 714 (4th Cir. 2001).

Mr. Mohamadi stands accused by individuals who either made questionable identifications several years ago or are inmates who stand to gain from testifying against him. Indeed, the Commonwealth of Virginia prosecuted Mr. Mohamadi for the robbery of Mr. Haile and the trial resulted in a hung jury. It cannot be said at this point in the case, therefore, that a jury's verdicts of guilty in a joint trial would be purely the result of the evidence that the jury was permitted to consider on each count and not the result of the prejudice of a joint trial.

## **CONCLUSION**

For all of the foregoing reasons, defendant respectfully requests that the Court issue an order severing for purposes of trial the various counts as described above.

        Respectfully submitted,

        MIRWAIS MOHAMADI

        By Counsel


        _____/s/_____
        Kevin Brehm
        pro hoc vice
        Whitney E.C. Minter
        Virginia Bar No. 47193
        Assistant Federal Public Defenders
        Counsel for Mr. Mohamadi
        1650 King St., Suite 500
        Alexandria, Virginia 22314
        (703) 600-0840 (tel.)
        (703) 600-0880 (fax)
        Whitney_Minter@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of May, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald L. Walutes, Jr.
Stephanie Bibighaus Hammerstrom
Assistant U.S. Attorneys
2100 Jamieson Ave.
Alexandria, Virginia, 22314
(703) 299-3700
(703) 299-2584 (facsimile)
ron.walutes@usdoj.gov
stephanie.bibighaus@usdoj.gov

      Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                                                                                  _____/s/_____
                                                        Kevin Brehm
                                                        pro hoc vice
                                                        Whitney E.C. Minter
                                                        Virginia Bar No. 47193
                                                       Assistant Federal Public Defenders
                                                      Counsel for Mr. Mohamadi
                                                       1650 King St., Suite 500
                                                       Alexandria, Virginia 22314
                                                       (703) 600-0840 (tel.)
                                                       (703) 600-0880 (fax)
                                                      Whitney_Minter@fd.org