**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09CR179** |
| | ) | **Hon. Liam O'Grady** |
| **MIRWAIS MOHAMADI,** | ) | **Trial Date: February 16, 2010** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S EMERGENCY MOTION TO CLARIFY
ORDER DATED JANUARY 29, 2010**

COMES NOW the defendant, Mirwais Mohamadi, by counsel, Michael S. Nachmanoff, Federal Public Defender, and Whitney E.C. Minter, Assistant Federal Public Defender, and respectfully moves this Honorable Court to clarify its January 29, 2010 Order. In support of this Motion, defendant states as follows:

1.  Mr. Mohamadi stands charged in a ten-count criminal indictment.[1] The government has previously estimated that trial would likely be one and one-half (1½) weeks in length.

2.  The Office of the Federal Public Defender was appointed to represent Mr. Mohamadi on April 13, 2009. On July 8, 2009, Mr. Mohamadi retained Attorney Frank Salvato, Esquire, and the Office of the Public Defender was withdrawn as counsel. On January 13, 2010, this Court granted Mr. Salvato's motion to withdraw as counsel

---

[1] Counts 1 and 2 each charge a separate violation of 18 U.S.C. §1951 (Hobbs Act armed robbery), Counts 3 and 4 each charge a separate violation of 18 U.S.C. §924(c)(1) (using firearm in crime of violence), Count 5 charges a violation of 18 U.S.C. §922(g) (felon in possession of firearm), Counts 6 and 7 each charge a separate violation of 18 U.S.C. §373 (solicitation to commit murder for hire), Count 8 charges a violation of 18 U.S.C. §1958 (murder for hire), Count 9 charges a violation of 18 U.S.C. §1512(b)(3) (witness tampering), and Count 10 charges a violation of 18 U.S.C. §1512(b)(1) (witness tampering).

and reappointed the Office of the Federal Public Defender to represent Mr. Mohamadi.  This office received informal notice of reappointment from Frank Salvato, Esquire, on January 15, 2010, and official confirmation from the Court on January 19, 2010.  Mr. Salvato provided this office with his file on January 19, 2010, and undersigned counsel traveled to Northern Neck Regional Jail ("NNRJ") on January 20, 2010 to meet with Mr. Mohamadi.

3.     On January 25, 2010, counsel for the defendant filed a motion requesting a four-week continuance.  In support of that motion, the defendant and counsel asserted the following: (1)  Mr. Mohamadi's previous counsel within the Office of the Federal Public Defender was not available to represent Mr. Mohamadi because he was in the midst of a multi-week securities fraud trial; (2) his new counsel, Michael Nachmanoff, had not participated in Mr. Mohamadi's original representation; (2) the government had provided large amounts of discovery which required review by current undersigned counsel[2] and, although counsel began investigation immediately

---

[2]  This discovery includes hundreds of hours of audio and video tapes previously referenced in motions filed by the Office of the Federal Public Defender as well as additional discovery material provided to Mr. Salvato during his representation of Mr. Mohamadi.  Counsel is still endeavoring to ascertain how much additional material was provided to retained counsel. In addition, the discovery includes hundreds of pages of transcripts of recorded conversations provided to defense counsel on January 21, 2010, as well as hundreds of pages of hand-written letters, police reports, forensic reports, and other materials previously disclosed by the government.  The defense has yet to receive some Jencks Act materials, which the Court ordered the government to provide seven days before trial and the government has indicated that it will provide prior to that date.  Having denied the continuance, counsel must review all of the material listed above over the next fifteen days while simultaneously interviewing witnesses, preparing jury instructions, and communicating with Mr. Mohamadi, who is housed approximately two hours away in Northern Neck Regional Jail.  The Office of the Federal Public Defender has devoted substantial resources to this case, but defense counsel is faced with a daunting task to prepare for trial in a very short amount of time given the scope of this case.

2

upon reappointment, it would be extremely difficult for counsel to adequately prepare for trial before February 16, 2010; and (3) both undersigned counsel had previous commitments the week of February 22, 2010, which would prevent counsel from participating as trial counsel if the case went into the following week.

4. The Office of the Federal Public Defender has staffed the case with three attorneys – Mr. Nachmanoff, Ms. Minter, and a pro bono attorney – as well as an investigator and a paralegal. The discovery, which was not previously bates-numbered by the government, this office, or prior counsel, is now being organized as expeditiously as possible, and every effort is being made to identify, locate and interview witnesses; however, numerous government witnesses and potential defense witnesses have not yet been located or interviewed at this time.

5. The Court addressed defense counsels' scheduling conflicts with the week of February 22, 2010, by stating that "there is no reason why the evidence in this case cannot be presented to a jury within a week." *See* Order dated January 29, 2010. Because the government originally estimated that the case would require one and one-half (1½) weeks to try and the trial will begin on Tuesday, February 16 because Monday, February 15 is a federal holiday, it is impossible to know with certainty whether the government will be able to present its case within the time frame suggested in the January 29, 2010 Order.[3]

---

[3] Because the defendant is charged in a ten-count indictment involving allegations of criminal conduct on multiple occasions over a period of almost two years, the defense anticipates that the government will call a substantial number of witnesses in its case-in-chief, and there is therefore a strong likelihood that the trial will not be completed in four days, assuming the Court hears evidence on Friday, February 19, 2010.

6.      If the government's case is not completed by February 19, 2010, both Mr. Nachmanoff and Ms. Minter would not be available to participate in the trial until March 1, 2010.  Ms. Minter is scheduled to begin a trial on Tuesday, February 23, 2010, and Mr. Nachmanoff has a previously scheduled business trip the week of February 22, 2010.  Accordingly, counsel for Mr. Mohamadi request that the Court empanel a jury that is available to hear evidence from February 16 to February 19, recess the week of February 22, and then resume the trial, if necessary, on March 1, 2010.  This would allow the trial to begin on February 16 as clearly contemplated by the Court in its January 29, 2010 Order, and further allow the case to be resolved within one week if the government narrows its case sufficiently; however, it would also permit undersigned counsel to meet their previously-scheduled obligations in the event the trial was not completed by February 19, 2010.[4]

7.      Defense counsel has conferred with counsel for the government, who has indicated that the government does not object to a recess the week of February 22, 2010.

---

[4] Although the Court has previously rejected the defendant's request for a continuance, if the Court is unwilling to ask the jury to recess for one week, we would ask the Court to reconsider its denial of the motion to continue.  To the extent the Court does not wish to empanel a jury which would be available the week of March 1 and is unwilling to reconsider the motion to continue, undersigned counsel will need to re-staff Ms. Minter's February 23 trial and re-arrange Mr. Nachmanoff's travel plans.

4

For the foregoing reasons, defendant respectfully requests that the Court clarify its previous Order to permit a recess during the week of February 22, 2010, should the trial not be completed by that time.  In the alternative, the defendant would renew his request to continue this matter to March 15, 2010.

Respectfully submitted,
MIRWAIS MOHAMADI
By Counsel,


By: _____/s/_____
Michael S. Nachmanoff
Virginia Bar No. 39180
Federal Public Defender
Whitney E.C. Minter
Virginia Bar No. 47193
Assistant Federal Public Defender
Attorneys for Mirwais Mohamadi
1650 King Street, Suite 500
Alexandria, Virginia  22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I will electronically file the foregoing pleading

with the Clerk of the Court using the CM/ECF system, which will then send a notification of

such filing (NEF) to the following:

Ronald Walutes, Esq.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
ron.walutes@usdoj.gov


Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the

foregoing pleading will be delivered to Chambers within one business day of the electronic

filing.

By: _____/s/_____
Michael S. Nachmanoff
Virginia Bar No. 39180
Federal Public Defender
Whitney E.C. Minter
Virginia Bar No. 47193
Assistant Federal Public Defender
Attorneys for Mirwais Mohamadi
1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)