1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
--------------------------------:
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
     -vs-                       :     Case No. 1:09-cr-179
                                :
                                :
MIRWAIS MOHAMADI,               :
            Defendant.          :
                                :
--------------------------------:
```

HEARING ON MOTIONS

January 13, 2010

Before:  Liam O'Grady, Judge

APPEARANCES:

Ronald L. Walutes, Jr., Counsel for the United States

Frank Salvato, Counsel for the Defendant

The Defendant, M. Mohamadi, in person

Norman B. Linnell  OCR-USDC/EDVA  (703)549-4626

1          THE CLERK: Criminal case number 1:09-cr-179, the
2  United States of America versus Mirwais Mohamadi.
3          MR. WALUTES: Good morning, Your Honor. Ronald
4  Walutes for the United States.
5          THE COURT: Good morning.
6          MR. SALVATO: Good morning, Your Honor. Frank
7  Salvato for Mr. Mohamadi.
8          This comes on on my motion to withdraw as counsel
9  for Mr. Mohamadi. As the Court knows, we were able to place
10 him in the Alexandria Detention Center. I appreciate the
11 Court and the Marshal's consideration there.
12         I met with him extensively on Thursday. His family
13 then met with him in my presence on Friday morning. And then
14 I met with him again on Friday afternoon.
15         At the end of that Friday afternoon meeting Mr.
16 Mohamadi informed me that he wants to represent himself. He
17 heard all of the warnings that the Court gave him at the last
18 hearing, and he is fully cognizant of that, but he does want
19 to exercise his right to represent himself.
20         So, I am going to respectfully, for the reasons
21 stated in the motion, withdraw and allow Mr. Mohamadi to
22 represent himself.
23         THE COURT: Do you think that Mr. Mohamadi is
24 capable of knowingly and intelligently waiving his right to
25 counsel at this time?

1        MR. SALVATO: I do, Your Honor. He has drafted
2   several motions that I know he wants to address with the
3   Court. I know he wants to address his last stay at the
4   Alexandria jail. He has done-- He has got research that is
5   available. He has cases that he would like to cite to the
6   Court.
7        So, consistent with what Dr. Patterson indicated at
8   our competency hearing, I feel that he could intelligently
9   waive his right to counsel and represent himself.
10       THE COURT: All right. Thank you, Mr. Salvato.
11       Mr. Mohamadi, come to the podium, sir.
12       We need to go through-- Under the case law, in
13  order for me to allow you to represent yourself, you have to
14  demonstrate that you are capable of knowingly and
15  intelligently waiving your right to counsel under the cases of
16  Faretta versus California, a Supreme Court case, and also the
17  Fourth Circuit cases of United States versus Gallop and the
18  United States versus Thompson.
19       So, we need to have an understanding and talk about
20  that. Your case is set for trial in a little over a month on
21  February 16, do you understand that?
22       THE DEFENDANT: Yes, sir. If the Court may allow,
23  may I speak before we do that?
24       THE COURT: No. I haven't relieved Mr. Salvato and
25  I am not going to relieve him until we have a conversation.

1  All right.  So, you let me go first and you answer my
2  questions.
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  We will have time.  The pretrial motions
5  have for the most part been argued and decided, and you may
6  have some more pretrial motions, but I have made rulings based
7  on motions that were before me.
8           If you go to trial representing yourself--  I
9  understand that you have been a defendant in a trial in the
10 city of Alexandria that resulted in a hung jury, is that
11 right?
12          THE DEFENDANT:  Yes, sir.
13          THE COURT:  And you were represented by counsel on
14 that occasion?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  And that was a jury case?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  So, you watched the selection of a jury
19 panel and the way the questions were asked of witnesses who
20 appeared and the cross-examination and you were represented by
21 counsel at that time?
22          THE DEFENDANT:  Yes, sir.
23          THE COURT:  All right.  So, you know how a trial
24 works.  It wouldn't be that much different here in federal
25 court than it was in the state court.  The rules of evidence

1 are sometimes a little bit different, but consistent.

2 　　　　　So, you understand that if you represent yourself,
3 you are going to have to pick a jury and exercise strikes in
4 trying to determine the best jury.

5 　　　　　Do you understand that?

6 　　　　　THE DEFENDANT: Yes, sir.

7 　　　　　THE COURT: And you understand that you will be
8 responsible for an opening statement if you choose to make
9 one. And you are not required to make one in federal court.

10 　　　　　Do you understand you would be responsible for
11 cross-examining the Government's witnesses? And you would
12 have to make decisions about whether you were going to testify
13 or not in your own behalf.

14 　　　　　Do you understand that?

15 　　　　　THE DEFENDANT: Yes, sir.

16 　　　　　THE COURT: And also whether you were going to call
17 witnesses. Do you understand that you have the right to use
18 the power of the court, the subpoena power of the court to
19 compel witnesses to attend and testify in any trial.

20 　　　　　Do you understand that that would be your job then?

21 　　　　　THE DEFENDANT: Yes, sir.

22 　　　　　THE COURT: All right. And there would be jury
23 instructions which I ultimately decide what the proper
24 instructions are, but you would have an opportunity to submit
25 proposed jury instructions.

6

1      Do you understand that?
2      THE DEFENDANT: Yes, sir.
3      THE COURT: All right. And you understand, as we
4 have talked several times, you don't have any legal training
5 to do that yourself. And as I have advised you repeatedly,
6 because of that lack of legal training, it's in your best
7 interest to have a properly trained and admitted attorney in
8 this court to represent you.
9      Do you understand that?
10     THE DEFENDANT: Yes, I understand that.
11     THE COURT: All right. And you understand that it
12 is likely that your defense will suffer as a result of you not
13 being represented by counsel.
14     Do you understand that?
15     THE DEFENDANT: Yes, sir, I understand that. It's
16 the last resort.
17     THE COURT: All right. And you understand that
18 these are very serious offenses, and that you could receive a
19 very lengthy sentence if you are convicted.
20     Do you understand that?
21     THE DEFENDANT: Yes, I am aware of that.
22     THE COURT: Okay. Why is it that you want to
23 represent yourself at this time?
24     THE DEFENDANT: I feel like during the whole
25 process, since I was indicted, I was placed under very extreme

7

1  conditions where I wasn't allowed to really consult with
2  attorneys, and I was forced into this relationship without
3  really getting to know Mr. Salvato.  I had just had a couple
4  of phone calls in Alexandria before I was indicted, and I
5  hadn't decided yet which attorney I wanted.  And during my
6  time being represented by Mr. Salvato, I felt like he hasn't
7  done anything during the seven months to further my defense at
8  all.
9        The Public Defender's Office, the one month they had
10 my case, they did way more than Mr. Salvato did the whole
11 seven months.
12       And I am just, this is like the last resort.  I
13 would hire another counsel and/or rather take your advice, and
14 I wish I had from the beginning listened to you when you told
15 me the Public Defender's Office was very competent attorneys.
16 I wish I had listened to that.
17       If it's possible, I would rather have Public
18 Defenders again or be able to hire new counsel.  But if those
19 options aren't available to me, then I will settle for
20 representing myself as a last resort because I really do not
21 feel confident with Mr. Salvato's representation.
22       And--  Am I at liberty to speak?
23       THE COURT:  Yes, go ahead.
24       THE DEFENDANT:  I wanted to apologize for the other
25 proceeding before.  I felt like I was being a little rude and

1   a little argumentative, I really apologize.
2              Second, I have wrote a letter, I sent it out
3   Tuesday, but I am not sure if you got that.  I do have my
4   copy.  And you asked me to write it under seal, which I did.
5              THE COURT:  I have not received it.
6              THE DEFENDANT:  Am I allowed to give this up to you?
7              THE COURT:  Yes.
8              THE DEFENDANT:  And I also have a letter from an
9   attorney before he was banned from writing me, he notified me,
10  he was a local attorney, close to the jail, he notified me
11  that he would be willing to take my case.
12             A lot of the issues and conflicts with Mr. Salvato
13  are in that letter.
14             THE COURT:  All right, I have read your latest
15  correspondence and the letter from Mr. Saed.
16             You seem to be conflicted on whether you want the
17  Public Defender's Service to represent you or whether you want
18  to represent yourself.  We have had this conversation before.
19             Do you want to represent yourself or not?
20             THE DEFENDANT:  I would rather have the Public
21  Defender's Office or a private attorney.
22             THE COURT:  All right.  Well, I will appoint the
23  Public Defender's Service to represent you.  I don't think
24  that there is any conflict in their representation of you that
25  has been created.

1            I am not willing, as I am sure you are aware, to
2   continue the trial date.  The trial is going to go forward.
3   If you have problems with the Public Defender's Service and
4   decide you don't want them to represent you, then you can
5   continue to search for counsel, but that counsel is going to
6   have to be aware that there is not going to be an extension of
7   the trial date.
8            Do you understand that?
9            THE DEFENDANT:  Yes.  May I be allowed to get at
10  least one of the Public Defenders in the Richmond area so they
11  would be closer to me so I can prepare before trial?
12           THE COURT:  I am not going to order that they have a
13  Richmond Public Defender.  They will make the arrangements
14  necessary to defend you.
15           THE DEFENDANT:  Because of the short amount of time
16  before trial, I just want to try to prepare the best I can.
17           THE COURT:  I understand, that's a good idea.  I
18  will bring it up with them, but I am not going to order that
19  to occur.
20           THE DEFENDANT:  Thank you, Your Honor, I appreciate
21  that.
22           THE COURT:  All right.  I would assume that the same
23  counsel, Mr. Brehm and Mr. Watson, will be back on to the
24  case.  I am not sure what their--  If not, they will appoint
25  other members of their team.

10

1     All right.  Anything else this morning?
2     THE DEFENDANT:  Mr. Salvato said he brought back the
3  note pads and the research stuff that I wrote.  Am I at
4  liberty to take that stuff back from him?  Just my notes that
5  I gave him.
6     MR. SALVATO:  I can give that to the Public
7  Defender, I think that would be the proper course of action.
8     THE COURT:  Yes, why don't we do it that way, versus
9  you having problems with it getting lost in transportation
10 back.
11    Is that what you want?
12    THE DEFENDANT:  Yes, sir.
13    THE COURT:  All right.  Then we will transfer that
14 back to the Public Defender's Service.
15    Mr. Salvato, you are relieved as counsel of record
16 and the Public Defenders are appointed again.
17    All right.
18    MR. SALVATO:  Thank you, Your Honor.
19    THE DEFENDANT:  The last issue with the incident
20 occurring in Alexandria, do you want me to go through that
21 with the Public Defender?
22    THE COURT:  Go through that with the Public
23 Defender's Service.
24    THE DEFENDANT:  Thank you, Your Honor.
25    THE COURT:  All right, have a good day.

```
                                                                    11

  1           All right, we are in recess until 10 o'clock.

  2      ------------------------------------------------
                         HEARING CONCLUDED
  3

 ...

 20            I certify that the foregoing is a true and

 21      accurate transcription of my stenographic notes.

 22

 23

                       /s/  Norman B. Linnell
 24              Norman B. Linnell, RPR, CM, VCE, FCRR

 25
```