IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:09CR00179 |
| v. | ) | |
| | ) | JUDGE LIAM O'GRADY |
| MIRWAIS MOHAMADI | ) | |
| also known as "Omar and "O" | ) | TRIAL: March 10, 2010 |
| | ) | |
| Defendant | ) | |

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The government respectfully requests the Court to include in its charge to the Jury, the

following jury instructions.  The Government also respectfully requests the Court to include in its

charge to the jury such other instructions as may become appropriate during the course of the trial.

Respectfully submitted,

Neil H. MacBride
United States Attorney


_____/s/_____
Ronald L. Walutes, Jr.
Michael P. Ben'Ary
Attorneys for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Fax:    703-549-5201
Email Address: Ron.Walutes@doj.gov

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1</u>

<u>Objections and Rulings</u>

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 11.03 (6th ed. 2006).)

2

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.04 (5th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter--not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.05 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A, O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.06 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Introduction to the Final Charge – Province
of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that

6

given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.01 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If a defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.02 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Evidence Received in the Case – Stipulations,
 Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 12.03 (6th ed. 2006).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8</u>

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial--direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 12.04 (6th ed. 2006).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.05 (6th ed. 2006).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.07 (6th ed. 2006).)

13

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

### The Question is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.08 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

<u>Consider only the Offense Charged</u>

The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 12.09 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

Consider each count separately

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 12.12 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14


The Indictment is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 13.04 (6th ed. 2006).)

17

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

"On or About"–Explained

The indictment charges that the offense alleged in Counts One through Ten was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Ten the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 13.05 (6th ed. 2006).)

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

Opinion Evidence – the Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses".  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 14.01 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

Number of Witnesses Called is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 14.16 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

Credibility of Witnesses–Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of

importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 15.01 (6th ed.

2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

Credibility of Witnesses – The Defendant as a Witness

You should judge the testimony of Defendant MIRWAIS MOHAMADI in the same manner as you judge the testimony of any other witness in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 15.12 (6th ed. 2006).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

### Effect of the Defendant's Failure to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 15.14 (6th ed. 2006).)

25

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

### "Proof of knowledge or intent"– Defined

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 17.07 (6th ed. 2006).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

### Verdict – Election of Foreperson – Duty to
### Deliberate  – Unanimity – Punishment – Form of Verdict –
### Communication with the Court

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you

27

have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

(A) (F)orm(s) of verdict(s) (has) (have) been prepared for your convenience.

(The form(s) of verdict should be read to the jury)

You will take (this) (these) form(s) to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 20.01 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

Exhibits During Deliberation

I am not sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations. You are entitled, however, to see any or all of these exhibits as you deliberate and consider your verdict.

I suggest that you begin your deliberations and then, if it would be helpful to you, simply ask for any or all of the exhibits by sending a signed note from your foreperson to me through the bailiff.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 20.04 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

Presumption of Innocence, Burden of Proof,
and Reasonable Doubt

I instruct you that you must presume the Defendant MIRWAIS MOHAMADI to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Unless the government proves, beyond a reasonable doubt, that Defendants has committed each and every element of the offenses charged in the indictment, you must find Defendant

MIRWAIS MOHAMADI not guilty of the offenses. If the jury views the evidence in the case as

reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury

must, of course, adopt the conclusion of innocence.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 12.10 (6th ed. 2006).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

The Nature of the Offense Charged - Hobbs Act Armed Robbery

Count One of the Indictment charges that:

On or about the 26th day of May, 2007, and continuing through on or about May 27, 2007, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, the defendant, MIRWAIS MOHAMADI, also known as "Omar", and "O," did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce defined as all commerce between any point in a State or the District of Columbia and any point outside thereof, and the movement of articles and commodities in such commerce, by robbery defined as the unlawful taking or obtaining of personal property from the person or in the presence of another, against her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to her person at the time of the taking or obtaining, in that he did unlawfully attempt to take and obtain personal property consisting of United States currency, belonging to K. R., against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while K.R. was engaged in commercial activities, prostitution and acting as an escort, a business that was engaged in and that affects interstate commerce.

(In violation of Title 18, United States Code, Section 1951)

33

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

The Nature of the Offense Charged - Hobbs Act Armed Robbery

Count Two of the Indictment charges that:

On or about May 27, 2007, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, the defendant, MIRWAIS MOHAMADI, also known as "Omar", and "O," did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce defined as all commerce between any point in a State or the District of Columbia and any point outside thereof, and the movement of articles and commodities in such commerce, by robbery defined as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person at the time of the taking or obtaining, in that he did unlawfully attempt to take and obtain personal property consisting of United States currency, belonging to a taxi cab driver, G. H., from the driver against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while G.H. was engaged in commercial activities as a taxi cab driver, a business that was engaged in and that affects interstate commerce.

(In violation of Title 18, United States Code, Section 1951)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

### The Statute Defining the Offense Charged

Section 1951(a) of Title 18 of the United States Code provides, in part, that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery ... or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section....

 shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 1951(a).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Hobbs Act Armed Robbery

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of obstructing, delaying, or affecting interstate commerce by robbery as charged in Count One and Two of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:        Defendant MIRWAIS MOHAMADI induced K.R. and G.H. to part with the property described in Count One and Two of the indictment;

Two:        Defendant MIRWAIS MOHAMADI did so knowingly and deliberately by robbery as described in Count One and Two of the indictment; and

Three:      In so acting, interstate commerce was obstructed, delayed, or affected.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 53.03 (5th ed. 2000; United States v. Williams, 342 F.3d 350 (4th Cir. 2003).)

36

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Obstructs, Delays, or Affects Commerce"--Defined

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce.

Count One of the indictment alleges that defendant MIRWAIS MOHAMADI attempted to and did obtain United States currency from K.R., who was engaged in commercial activities, prostitution and acting as an escort, and Count Two of indictment alleges that defendant MIRWAIS MOHAMADI attempted to and did obtain United States currency from G.H, who was engaged in commercial activities as a taxi cab driver.  Both counts allege that these businesses were engaged in and affected interstate commerce.

 If the government proves beyond a reasonable doubt that all or part of the money allegedly obtained by the defendant from these businesses because of the alleged robbery could have been used to obtain such goods or services from outside the State of Virginia, then you are instructed that you may find that the defendant "obstruct [ed] , delay [ed] , or affect [ed] commerce" as that term is used in these instructions.

It is not necessary for the government to prove that the defendant actually intended to obstruct, delay, or affect commerce. The government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce, and that commerce was, in fact, obstructed, delayed or affected.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 53.04 (5th ed. 2000).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Robbery"--Defined

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his/her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his/her person or property, or property in his/her custody or possession, or the person or property of a relative or member of his/her family or of anyone in his/her company at the time of the taking or obtaining.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 53.05 (5th ed. 2000; Title 18, United States Code, Section 1951(b)(1).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Commerce"--Defined

The term "commerce" as used in these instructions means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.  The law does not require that the commerce that was obstructed, delayed or affected be lawful.  Prostitution, like drug dealing, can constitute commerce between the States or the District of Columbia.

(Title 18, United States Code, Section 1951(b)(3).)  United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Property"--Defined

The term "property" as used in these instructions means money or anything of value.

The term "property" is not limited to tangible, physical items and includes the right to conduct a business free from wrongful force, coercion, or fear.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 53.10 (5th ed. 2000).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

<u>The Nature of the Offense Charged - Use and Carry Firearm in Crime of Violence</u>

Count Three of the Indictment charges that:

1.      The Grand Jury realleges and incorporates the GENERAL ALLEGATIONS of this Indictment.

2.      On or about May 26, 2007, and continuing to May 27, 2007, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, the defendant, MIRWAIS MOHAMADI, also known as "Omar," and "O," did knowingly and unlawfully use, carry and brandish a firearm, to-wit: a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: interference with commerce by violence, in violation of Title 18, United States Code, Section 1951, as set forth in Count One of this indictment, which description of said crime of violence is realleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

The Nature of the Offense Charged - Using Firearm in Crime of Violence

Count Four of the Indictment charges that:

On or about May 26, 2007, and continuing to May 27, 2007, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, the defendant, MIRWAIS MOHAMADI, also known as "Omar," and "O," did knowingly and unlawfully use, carry and brandish a firearm, to-wit: a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: interference with commerce by violence, in violation of Title 18, United States Code, Section 1951, as set forth in Count Two of this indictment, which description of said crime of violence is realleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ____

The Statute Defining the Offense Charged

Section 924(c)(1)(A) of Title 18 of the United States Code provides, in pertinent part, that:

> "Any person who, during and in relation to any crime of violence. . . uses or carries a firearm,  . . .and
>
> >  (ii) if the firearm is brandished,

shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 924(c)(1)(A) and (ii).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Use and Carry of Firearm in Crime of Violence
The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence, as charged in Counts Three and Four of the Indictment, the government must prove the following two essential elements beyond a reasonable doubt:

One:   Defendant MIRWAIS MOHAMADI committed the crime of violence, i.e. robbery, as charged in Count One and Two of the Indictment, and

Two:   During and in relation to the commission of those crimes, defendant MIRWAIS MOHAMADI knowingly used or carried a firearm.

Three:  The use or carrying of the firearm facilitated or advanced the defendant's commission of the crime of violence.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and  Instructions, Section 39.18 (5th ed. 2000); United States v. Lomax, 293 F.3d 701 (4th Cir. 2002).)

44

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Firearm"–Defined

The term "firearm" means (A) any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or (B) the frame or receiver of any such weapon.  The term does not include an antique firearm.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 39.11(5th ed. 2000); Title 18, United States Code, Section 921(a)(3).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Knowingly" - Defined

The term "knowingly", as used in these instructions to describe the alleged state of mind of defendant MIRWAIS MOHAMADI, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because ignorance, mistake, or accident.

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Section 39.21 (5th ed. 2000)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

<u>"Uses or Carries a Firearm" - Defined</u>

The phrase, "uses or carries a firearm", means having a firearm, or firearms, available to assist or aid in the commission of the crimes of violence alleged in Counts One and Two of the Indictment.  In determining whether a defendant used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence,  the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that the crime of violence was committed.

The phrase "uses a firearm" means brandishing, displaying, bartering, striking with and, obviously, firing or attempting to fire a firearm to assist or aid in the commission of a crime of violence.  A firearm is considered used if it is displayed or mentioned by the offender in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

(2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Section 39.20 (5th ed. 2000); Title 18, United States Code, Section 924(c)(4); <u>United States v. Groce</u>, 398 F,3d 679 (4th Cir. 2005.).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ____

"Crime of Violence" - Defined

The phrase, "crime of violence", is an offense that is a federal felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

You are instructed that the offense of robbery as alleged in Counts One and Two are crimes of violence.

(Title 18, United States Code, Section 924(c)(3); <u>United States v. Taylor</u>, 176 F.3d 331 (6th Cir. 1999); <u>United States v. Martinez</u>, 28 F.3d 444, 445-46 (5th Cir. 1994).)

48

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

The Nature of the Offense Charged - Felon in Possession

Count Five of the Indictment charges that:

On or about May 26, 2007 and continuing through May 27, 2007, in Alexandria,

Virginia, in the Eastern District of Virginia, and elsewhere, the defendant, MIRWAIS

MOHAMADI, also known as "Omar," and "O," having been convicted in the Circuit Court of

Fairfax County, Virginia, of crimes punishable by imprisonment for a term exceeding one year,

did knowingly and unlawfully possess in and affecting commerce a firearm, such firearm having

been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX</u>

<u>The Statute Defining the Offense Charged</u>

Section 922(g)(1) of Title 18 of the United States Code provide, in part, that:

> "It shall be unlawful for any person–
>
> . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting interstate commerce, any firearm or ammunition; ..."

(Title 18, United States Code, Section 922(g)(1).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

Felon in Possession

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of possessing a firearm as charged in

Count Five of the indictment, the government must prove the following three (3) essential

elements beyond a reasonable doubt:

One:        Defendant MIRWAIS MOHAMADI has been
            convicted in any court of a crime punishable by
            imprisonment for a term exceeding one year;


Two:        After this conviction, defendant MIRWAIS
            MOHAMADI knowingly possessed the firearm
            described in Count Five of the indictment; and


Three:      Such possession was in or affecting interstate or foreign commerce.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, 39.09 (5th ed. 2000); Old
Chief v. United States, 519 U.S. 172, 173, (1997)(prior conviction element); United States v.
Langley, 62 F.3d 602, 606 (4th Cir. 1995).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 

"Crime Punishable by Imprisonment for a Term

Exceeding One Year" - Defined

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony. The phrase does not include any state offense classified by the laws of that state as a misdemeanor and punishable by a term of imprisonment of two years or less and certain crimes concerning the regulation of business practices.

I hereby instruct you that the crimes of Robbery, Attempted Robbery, and Grand Larceny, are crimes in the State of Virginia punishable by imprisonment for a term exceeding one year as that phrase is used in these instructions.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, 39.10 (5th ed. 2000)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Possess" - Defined

The term "possess" means to exercise authority, dominion or control over. Possession may be actual or constructive. Possession may be sole or joint.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, 39.12 (5th ed. 2000)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

"In or Affecting Commerce"- Defined

The phrase "in or affecting commerce" includes commerce between any place in a State and any place outside of that State."

The government may meet its burden of proof on the question of being "in or affecting commerce" by proving to you, beyond a reasonable doubt, that the firearm identified in the indictment, at any time, had traveled across a state boundary line.

(2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, 39.14 (5th ed. 2000)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged - Solicitation to Commit Murder for Hire

Count Six of the Indictment charges that:

On or about September 12, 2007, in Fairfax, Virginia, in the Eastern District of

Virginia , and elsewhere, MIRWAIS MOHAMADI, also known as "Omar," and "O," the defendant

herein, with the intent that another person, former Inmate 1, a former inmate of the Fairfax County

Adult Detention Center, engage in conduct constituting a felony that has an element the use of

physical force against the person of another in violation of the laws of the United States, and under

circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to

persuade such other person, former Inmate 1, to engage in such conduct, that is to travel in interstate

commerce from the Commonwealth of Virginia to the taxi cab driver's home in the state of

Maryland to murder G.H., the taxi cab driver, for a promise and agreement to pay things of

pecuniary value, to wit: ten thousand dollars to former Inmate 1, in violation of Title 18, Untied

States Code, Section 1958.

(In violation of Title 18, United States Code, Section 373.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged - Solicitation to Commit Murder for Hire

Count Seven of the Indictment charges that:

On or about November 1, 2007, in Fairfax, Virginia, in the Eastern District of

Virginia , and elsewhere, MIRWAIS MOHAMADI, also known as "Omar," and "O," the defendant

herein, with the intent that another person, former Inmate 2, a former inmate of the Fairfax County

Adult Detention Center, engage in conduct constituting a felony that has an element the use of

physical force against the person of another in violation of the laws of the United States, and under

circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to

persuade such other person, former Inmate 2, to engage in such conduct, that is to travel in interstate

commerce from the Commonwealth of Virginia to the taxi cab driver's home in the state of

Maryland to murder G.H., the taxi cab driver, for a promise and agreement to pay things of

pecuniary value, to wit: ten thousand dollars to former Inmate 2 or the title to MOHAMADI's BMW

vehicle and a position in his prostitution business, in violation of Title 18, United States Code,

Section 1958.

(In violation of Title 18, United States Code, Section 373.)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>The Statutes Defining the Offense Charged</u>

Section 373 of Title 18 of the United States Code provides, in part, that:

(a) Whoever, with intent that another person engage in conduct constituting a felony

that has as an element the use, attempted use, or threatened use of physical force against ... the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, ...

shall be in violation of the laws of the United States.

(Title 18, United States Code, Section 373.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Solicitation to Commit Murder for Hire
The Essential Elements of the Offense Charged

In order for the defendant, MIRWAIS MOHAMADI, to be found guilty of the offenses alleged in Counts Six and/or Seven of the Indictment, the following essential elements must be proved beyond a reasonable doubt:

One:   That the defendant intended for another person, to engage in criminal conduct constituting a felony that has as an element the use of physical force against another as alleged in Counts Six and/or Seven;  and

Two:   That the defendant did solicit, command, induce or endeavor to persuade such other person to commit that crime as alleged in Counts Six and/or Seven.

(United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005); *citing* United States v. Rahman, 34 F.3d 1331, 1337 (7th Cir. 1994).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

<u>Intent Element for Solicitation to Commit Murder for Hire</u>

One factor strongly corroborative of intent is whether the defendant offered or promised payment or some other benefit to the person solicited if he would commit the offense.

(<u>United States v. Gabriel</u>, 810 F.2d 627, 635 (7th Cir. 1987) (quoting S.Rep.No. 309, 97th Cong., 1st Sess. 183 (1982)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged - Murder for Hire

Count Eight of the Indictment charges that:

On or about November 12, 2008, in Alexandria, Virginia, in the Eastern District

of Virginia, and elsewhere, MIRWAIS MOHAMADI, also known as "Omar," and "O," the

defendant herein, used the mail and telephone, and caused another to use the mail and telephone,

facilities of interstate commerce with intent that a murder be committed in violation of the laws

of both the Commonwealth of Virginia and the United States, to wit: the murder of G.H., the taxi

cab driver, in the state of Maryland by former Inmate number 3, a former inmate of the

Alexandria Detention Center, as consideration for the receipt of, and as consideration for a

promise and agreement to pay, things of pecuniary value, to wit: four thousand dollars to former

Inmate number 3 and a position in the defendant's prostitution business.

(In violation of Title 18, United States Code, Section 1958.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

The Statute Defining the Offense Charged

Section 1958 of Title 18 of the United States Code provides, in part, that:

(a) Whoever travels in or causes another...to travel in interstate...commerce, or uses or causes another...to use the mail or any facility of interstate...commerce, with intent that a murder be committed in violation of the laws of any state or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, ...

shall be in violation of the laws of the United States.

(Title 18, United States Code, Section 1958.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Murder for Hire
The Essential Elements of the Offense Charged

In order for the defendant, MIRWAIS MOHAMADI, to be found guilty of the offense alleged in Count Eight of the Indictment, the following essential elements must be proved beyond a reasonable doubt:

One:    That the defendant, MIRWAIS MOHAMADI, used the mail and telephone and/or caused another to use the mail and telephone, facilities of interstate commerce;

Two:    With the intent that a murder be committed in violation of the laws of both the Commonwealth of Virginia and the United States;

Three:    As consideration for the receipt of, and as consideration for a promise and agreement to pay, things of pecuniary value.

(United States v. Covington, 565 F.3d 1336 (11th Cir. 2009).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ____

"Facility of Interstate or Foreign Commerce"–Defined

"Facility of Interstate or Foreign Commerce" includes means of transportation and communication.  The mail and telephone are considered facilities of interstate commerce.

(Title 18, United States Code, Section 1958(b)(2); United States v. Covington, 565 F.3d 1336 (11th Cir. 2009).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Anything of Pecuniary Value"–Defined

"Anything of Pecuniary Value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

You may not only consider money, but a position in the defendant's prostitution business, which would yield cash profits, in your consideration as to whether anything of pecuniary value was promised or agreed to be paid.

(Title 18, United States Code, Section 1958(b)(1); United States v. Gibson, 530 F.3d 606 (7th Cir. 2008).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

The Nature of the Offense Charged - Witness Tampering

Count Nine of the Indictment charges that:

From on or about May 22, 2008, through December 8, 2008, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, MIRWAIS MOHAMADI, also known as "Omar," and "O," the defendant herein, did knowingly and corruptly persuade a witness, and attempted to do so, with the intent to hinder, delay and prevent the witness from communicating to a law enforcement officer information relating to the commission of a Federal offense within the Eastern District of Virginia, to wit:  in Commonwealth of Virginia v. MIRWAIS MOHAMADI, in Alexandria Circuit Court, the defendant instructed the witness, A.I., to falsely testify concerning the defendant's true relationship with the witness and his admission to her that he had robbed a taxi cab driver and used the taxi cab driver's cell phone to repeatedly attempt to call her on May 27, 2007, instructing her to provide false, misleading and inaccurate testimony in an effort to shield the defendant from federal prosecution.

(In violation of Title 18, United States Code, Section 1512(b)(3).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

<u>Witness Tampering</u>

<u>The Statute Defining the Offense Charged</u>

Section 1512(b)(3) of Title 18 of the United States Code provides, in part, that:

Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--

hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 1512(b)(3).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.   </u>

<u>Witness Tampering</u>

<u>The Essential Elements of the Offense Charged</u>

In order for the defendant, MIRWAIS MOHAMADI, to be found guilty of the offense alleged in Count Nine of the Indictment, the following essential elements must be proved beyond a reasonable doubt:

<u>One</u>:   That the defendant, MIRWAIS MOHAMADI, knowingly and corruptly persuaded his girlfriend, A.I., to withhold information ;

<u>Two</u>:   That the defendant, MIRWAIS MOHAMADI, acted with intent to hinder, delay or prevent A.I. from communicating to law enforcement authorities information relating to the commission of possible commission of a Federal offense;

<u>Three</u>:  That the offense was a federal offense.

<u>Four</u>:   That the defendant, MIRWAIS MOHAMADI, believed that A.I. might communicate information to law enforcement authorities concerning a criminal charge that could be federally prosecuted.

(Mod. Crim. Jury Instr. 3rd Cir. 6.18.1512B-1), <u>United States v. Guadalupe</u>, 402 F.3d 409 (3rd Cir. 2005), <u>United States v. Foster</u>, 507 F.3d 233, 248-249 (4th Cir. 2007), <u>United States v. Perry</u>, 335 F.3d 316 (4th Cir. 2003).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX</u>

<u>"Corruptly Persuade"-- Defined</u>

The phrase "corruptly persuade" means conduct motivated by an improper purpose; that is, to influence a person, in this case A.I., to violate her legal duty.

(<u>U.S. v. Johnson</u>, 553 F.Supp 2d 582 (E.D. Va. May 15, 2008) *citing* <u>Arthur Anderson, LLC v. U.S.</u>, 544 U.S. 696 (2005), <u>United States v. Davis</u>, 380 F.3d 183 (4th Cir); <u>cert. denied</u>, 125 S.Ct. 363 (2004).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX</u>

<u>The Nature of the Offense Charged - Witness Tampering</u>

Count Ten of the Indictment charges that:

On or about March 5, 2009, in Alexandria, Virginia, in the Eastern District of Virginia, and elsewhere, MIRWAIS MOHAMADI, also known as "Omar," and "O," the defendant herein, did knowingly and corruptly persuade a witness, and attempt to do so, with the intent to influence, delay and prevent the testimony of a person, witness A.I., in an official proceeding, namely a criminal investigation before a federal grand jury sitting in the Eastern District of Virginia, to wit:  when he instructed the witness A.I., known to him to be under subpoena to appear before the federal grand jury, to claim the Fifth Amendment and refuse to answer any questions before the grand jury and if immunized and compelled to testify to provide false, misleading and inaccurate testimony in an effort to shield the defendant from federal prosecution, instructing that the witness A.I. write down his instructions and to take them with her to the grand jury so she did not forget them telling her to blame the robbery of the taxi cab driver on May 27, 2007, on an ex-boyfriend and not the defendant and deny having told law enforcement that the defendant had admitted to A.I. that he robbed the taxi cab driver and to disguise their relationship from the grand jury and claim that they were simply friends and had only dated a long time ago; all testimony that the defendant knew then and there to be false and inaccurate.

(In violation of Title 18, United States Code, Section 1512(b)(1).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX</u>

<u>The Statute Defining the Offense Charged</u>

Section 1512(b)(1) of Title 18 of the United States Code provides, in part, that:

Whoever knowingly uses intimidation or physical force, threatens,
or corruptly persuades another person, … with intent to-
influence, delay, or prevent the testimony of any person in an official
 proceeding; …

shall be guilty of an offense against the United States

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Section 49.02 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. _____

Witness Tampering

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of knowingly intimidating a witness as charged in Count Ten of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:   Defendant MIRWAIS MOHAMADI knowingly intimidated or threatened or corruptly persuaded the person identified in the indictment as a witness; and

Two:   Defendant MIRWAIS MOHAMADI did so intending to influence, delay, or prevent the testimony of that person in an official proceeding.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 49.03 (5th ed. 2000) modified to incorporate corruptly persuades statutory language.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

"With intent to influence delay, or prevent testimony"--Defined

The phrase "with intent to influence delay, or prevent testimony" means to act for the purpose of causing any person to change his/her testimony or information in any way or to withhold testimony or information, permanently or only for a period of time.

The government is not required to prove that the person to be threatened or intimidated actually felt threatened, or intimidated, or influenced or that there was any actual delay or withholding of that person's testimony.

The government must prove beyond a reasonable doubt, however, that Defendant MIRWAIS MOHAMADI acted "with intent to influence, delay, or prevent testimony."

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 49.05 (5th ed. 2000).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

### "Official proceeding"—Defined

An "official proceeding" need not be pending or about to be instituted at the time of the offense.

18 United States Code, § 1512 (f)(1).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

"Official proceeding"—Defined

It is not necessary for the government to prove that the defendant knew of the federal status of the proceeding involved.  So long as the information the defendant seeks to suppress actually relates to the commission or possible commission of a federal offense, the federal nexus requirement is established and it is not required that the government show the information would have been reported directly to a federal law enforcement officer, but for the defendant's actions.

2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 49.03 Notes (5th ed. 2000) citing 18 United States Code, § 1512 (f); United States v. Harris, 498 F.3d 278, 286 (4th Cir. 2007).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. XX

"Official proceeding"—Defined

Official proceeding means a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a federal grand jury.

18 United States Code, Section 1512.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of March 2010, I electronically filed the foregoing

Government's Proposed Jury Instructions with the Clerk of Court using the CM/ECF system,

which will send a notification of such filing (NEF) to the following:

Michael S. Nachmanoff
Federal Public Defender
Whitney E.C. Minter
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

                _____/s/_____
                Ronald L. Walutes, Jr.
                Virginia Bar No.: 26312
                Michael P. Ben'Ary
                Virginia BarNo.: 46658
                Attorneys for the United States
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Phone: 703-299-3910
                Fax:   703-549-5201
                Email Address: Ron.Walutes@doj.gov