**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:09-cr-179-LO |
| v. | ) | |
| | ) | Trial Date: March 10, 2010 |
| MIRWAIS MOHAMADI, | ) | |
| | ) | The Honorable Liam O'Grady |
| Defendant. | ) | |

<u>DEFENDANT MIRWAIS MOHAMADI'S PROPOSED JURY INSTRUCTIONS</u>

The defendant, Mr. Mirwais Mohamadi, by undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury. The instructions were drafted before the full contours of the government's case were known. The Defendant therefore reserves the right to modify, withdraw, supplement or substitute instructions as may be suggested by the evidence in the case until the charge conference. Mr. Mohamadi also reserves the right to supplement these instructions with an appropriate "Theory of the Defense" instruction prior to the charge conference.

Respectfully Submitted,

Mirwais Mohamadi
By Counsel
_____ /s/_____
Michael S. Nachmanoff
Federal Public Defender
Virginia Bar No. 39180
Whitney E. Minter
Assistant Federal Public Defender
Counsel for Mr. Mohamadi
1650 King Street, Suite 500
Alexandria, Virginia 22314
tel. (703) 600-0860
fax (703) 600-0880
Michael_Nachmanoff@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing  (NEF) to the following: to:

Ronald L. Walutes, Jr., Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Ronald.Walutes@usdoj.gov

Michael Ben'ary, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria , Virginia 22314
(703) 299-3700
michael.ben'ary2@usdoj.gov

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____
Michael S. Nachmanoff
Federal Public Defender
Virginia Bar No. 39180
Counsel for Mr. Mohamadi
1650 King Street, Suite 500
Alexandria, Virginia 22314
tel. (703) 600-0860
fax (703) 600-0880
Michael_Nachmanoff@fd.org

| No. | Instruction | AUTHORITY |
|---|---|---|
| 1 | Objections and Rulings | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11.03 (6th ed. 2008). |
| 2 | Judging the Evidence | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.02 (6th ed. 2008). |
| 3 | Inferences from the Evidence | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.05 (6th ed. 2008). |
| 4 | Direct and Circumstantial Evidence | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th ed. 2008). |
| 5 | Jury's Recollection Controls | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2008). |
| 6 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (5th ed. 2000), (modified to conform with 4th Circuit law regarding definitions of reasonable doubt). |
| 7 | The Indictment is not Evidence | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 13.04 (6th ed. 2008). |
| 8 | Credibility of Witnesses- Generally | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.01 (6th ed. 2008). |
| 9 | Number of Witnesses and Uncontradicted Testimony | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 4, Instruction 4-3, (2009). |
| 10 | Bias and Hostility | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-2, (2009). |

| No. | Instruction | AUTHORITY |
|-----|-------------|-----------|
| 11 | Interest in Outcome | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-3, (2009) |
| 12 | Statutory Immunity of Government Witness | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-8, (2009). |
| 13 | Credibility of Witnesses – Immunized Witness | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.03 (6th ed. 2008). |
| 14 | Informal Immunity of Government Witness | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-9, (2009). |
| 15 | Credibility of Witnesses – Informant | <u>Pattern Jury Instructions</u>, Devitt, Blackmar, Wolff & O'Malley, Vol. I, §15.02. |
| 16 | Eyewitness Testimony | Horn III, Carl, Federal Criminal Jury Instructions for the Fourth Circuit (2005 ed.) §3.16(b). |
| 17 | Effect of the Defendant's Failure to Testify | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.14 (6th ed. 2008). |
| 18 | Credibility of Witnesses - The Defendant as a Witness | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.12 (6th ed. 2008). |
| 19 | Defendant's Testimony Impeachment by Prior Conviction | Horn III, Carl, Federal Criminal Jury Instructions for the Fourth Circuit (2005 ed.) §4.19(b). |
| 20 | Opinion Evidence - The Expert Witness | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 14.01 (6th ed. 2008). |
| 21 | "Knowingly" – Defined | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17.04 (6th ed. 2008). |

| No. | Instruction | AUTHORITY |
|---|---|---|
| 22 | Consider Only The Offense Charged | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.09 (6th ed. 2008) |
| 23 | Proof of Knowledge Or Intent – Rule 404(b) | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17.08 (6th ed. 2008) |
| 24 | Consider Each Count Separately | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (6th ed. 2008) |
| 25 | The Statute Defining the Offense Charged - Counts 1 and 2 | 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.02 (6th ed. 2008) |
| 26 | The Essential Elements of the Offense Charged – Count 1 | 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.03 (6th ed. 2008) |
| 27 | Venue – Count I | *United States v. Villarini*, 238 F.3d 530, 533-34 (4th Cir. 2001); *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000). |
| 28 | The Essential Elements of the Offense Charged – Count 2 | 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.03 (6th ed. 2008) |
| 29 | "Robbery" – Defined for Counts 1 and 2 | 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.05 (6th ed. 2008) |
| 30 | "Obstruct, Delay, or Affect Interstate Commerce" – Defined for Counts 1 and 2 | *United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003); *United States v. Jamison*, 299 F.3d 114, 118 (2d Cir. 2002) (same); *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990); *United States v. Ware*, 230 Fed. Appx. 249, 254 (4th Cir. 2007). |
| 31 | The Statute Defining the Offense Charged - Counts 3 and 4 | 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 39.17 (6th ed. 2008) |

| No. | Instruction | AUTHORITY |
|-----|-------------|-----------|
| 32 | The Essential Elements of the Offense Charged – Count 3 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2008) |
| 33 | The Essential Elements of the Offense Charged – Count 4 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2008) |
| 34 | The Statute Defining the Offense Charged - Count 5 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.08 (6th ed. 2008) |
| 35 | The Essential Elements of the Offense Charged – Count 5 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.09 (5th ed. 2000) |
| 36 | "To Possess" – Defined For Count 5 | 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §64.08 (6th ed. 2008); *United States v. Schocket*, 753 F.2d 336, 360 (4th Cir. 1985); United Staes v. Blue, 957 F.2d 106, 108 (4th Cir. 1992)(citations omitted). |
| 37 | "In or Affecting Commerce" – Defined for Count 5 | (O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 39.14 (6th Ed. 2008)**;** Jones v. United States**,** 529 U.S. 848, 855 (2000); United States v. Lopez, 514 U.S. 549, 562 (1995) (finding § 922 (g)'s reach is limited to "a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce"); United States v. Gallimore, 247 F. 3d 134 (4th Cir. 2001). |
| 38 | The Statute Defining the Offense Charged - Count 6 and 7 | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Section 19, Instruction 19A-1 (2009). |
| 39 | The Essential Elements of the Offense Charged - Count 6 | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Section 19, Instruction 19A-2 (2009). |

| No. | Instruction | AUTHORITY |
|-----|-------------|-----------|
| 40 | The Essential Elements of the Offense Charged - Count 7 | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Section 19, Instruction 19A-2 (2009). |
| 41 | The Statute Defining the Offense Charged - Count 8 | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Section 19, Instruction 60-13 (2009). |
| 42 | The Essential Elements of the Offense Charged - Count 8 | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Section 19, Instruction 60-14 (2009). |
| 43 | The Statute Defining the Offense Charged - Counts 9 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.02 (6th ed. 2008) |
| 44 | The Essential Elements of the Offense Charged – Count 9 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.03 (6th ed. 2008) |
| 45 | "Law Enforcement Officer" – Defined | 18 U.S.C. § 1515(a)(4) |
| 46 | The Statute Defining the Offense Charged - Count 10 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.02 (6th ed. 2008) |
| 47 | The Essential Elements of the Offense Charged – Count 10 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.03 (6th ed. 2008) |
| 48 | "Intimidation" - Defined for Counts 9 and 10 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.04 (6th ed. 2008). |
| 49 | "With Intent to Influence, Delay, or Prevent Testimony" - Defined for Counts 9 and 10 | 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.05 (6th ed. 2008). |
| 50 | "Official Proceeding" – Defined for Count 10 | 18 U.S.C. § 1515(a)(1)(A) |
| 51 | Evidence of Prior Conviction | *United States v. Belk*, 346 F.3d 305, 309 n.4 (2d Cir. 2003); third Circuit Manual of Model Jury Instructions § 6..18.922G-3. |

| No. | Instruction | AUTHORITY |
|---|---|---|
| 52 | Evidence Of Mr. Bryan's Conversations With Mr. Mohamadi Cannot Be Considered As Evidence Regarding Counts 1 through 4. | U.S. Constitution, Sixth Amendment; *Maine v. Moulton*, 474 U.S. 159, 178-80 (1985); *United States v. Lentz*, 419 F. Supp. 2d 794, 818-19 (E.D. Va. 2005). |
| 53 | Law Enforcement Witnesses | 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-16, (2009) |
| 54 | Verdict - Election of Foreperson - Duty to Deliberate - Unanimity - Punishment - Form of Verdict - Communication with the Court | 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (6th ed. 2008) |

**<u>OBJECTIONS AND RULINGS</u>**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11.03 (6th ed. 2008).

**JUDGING THE EVIDENCE**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.02 (6th ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

## INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2008).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

**JURY'S RECOLLECTION CONTROLS**

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

AUTHORITY:  1A O'Malley, Grenig and Lee,  Federal Jury Practice and Instructions, § 12.07 (6th ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I instruct you that you must presume the defendant, Mr. Mohamadi, to be innocent of the crimes charged. Thus Mr. Mohamadi, although accused of crimes in the indictment, begins the trial with a "clean slate"– with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Mohamadi is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Mohamadi. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Mohamadi for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Mohamadi is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. Unless the government proves, beyond a reasonable doubt, that Mr. Mohamadi has committed each and every element of the offense charged in the indictment, you must find Mr. Mohamadi not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

14

AUTHORITY:  1A O'Malley, Grenig and Lee,  <u>Federal Jury Practice and Instructions</u>, § 12.10 (modified to conform with Fourth Circuit law regarding definitions of reasonable doubt) (5th ed. 2000).

## THE INDICTMENT IS NOT EVIDENCE

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against Mr. Mohamadi. Mr. Mohamadi is presumed to be innocent of the crime charged. Even though this indictment has been returned against Mr. Mohamadi, he begins this trial with absolutely no evidence against him.

Mr. Mohamadi has pled "not guilty" to this indictment and, therefore, denies that he is guilty of the charges.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>,  § 13.04 (6th ed. 2008).

## CREDIBILITY OF WITNESSES -- GENERALLY

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case,  the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such important weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.01 (6th ed. 2008).

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.

AUTHORITY: 1 Sand, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Section 4, Instruction 4-3, (2009).

## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards Mr. Mohamadi.

Evidence that a witness is biased, prejudiced or hostile toward Mr. Mohamadi requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

AUTHORITY: 1 Sand, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Section 7, Instruction 7-2, (2009).

**<u>INTEREST IN OUTCOME</u>**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

<u>AUTHORITY</u>: 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-3, (2009).

**STATUTORY IMMUNITY OF GOVERNMENT WITNESS**

You have heard the testimony of a witness who has testified under a grant of immunity from this court.  What this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict Mr. Mohamadi on the basis of such a witness' testimony alone, if you find that the testimony proves Mr. Mohamadi guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon Mr. Mohamadi in order to further the witness' own interests; for, such a witness, confronted with the realization that he or she can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

AUTHORITY: 1 Sand, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Section 7, Instruction 7-8, (2009).

**CREDIBILITY OF WITNESSES – IMMUNIZED WITNESS**

The testimony of an immunized witness, someone who has been told either that his or her crimes will go unpunished in return for testimony or that his or her testimony will not be used against him or her in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

_____ may be considered to be an immunized witness in this case. The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement he or she has with the government, or by his or her own interest in the outcome of the case, or by prejudice against Mr. Mohamadi.

AUTHORITY: 1A O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, § 15.03 (6th ed. 2008).

**INFORMAL IMMUNITY OF GOVERNMENT WITNESS**

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he or she will not be prosecuted for any crimes which he or she may have admitted either here in court or in interviews with the prosecutors.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his or her testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon Mr. Mohamadi in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his or her own freedom by helping to convict another, has a motive to falsify his or her testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

AUTHORITY: 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 7, Instruction 7-9, (2009).

## CREDIBILITY OF WITNESSES--INFORMANT

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his own misdeeds or crimes, or for other personal reasons or advantage must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered to be an informant in this case. The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against Mr. Mohamadi.

AUTHORITY: 1 Devitt, Blackmar, Wolff & O'Malley, Pattern Jury Instructions §15.02.

**EYEWITNESS TESTIMONY**

One of the most important issues in this case is the identification of the defendant, Mr. Mohamadi, as the alleged perpetrator of the offenses described in Counts 1 and 2. The government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of Mr. Mohamadi before you may convict him. If you are not convinced beyond a reasonable doubt that Mr. Mohamadi was the person who committed the crime, you must find him not guilty.

Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later. In appraising the identification testimony of a witness, you should consider whether that witness had the capacity and an adequate opportunity to observe the offender. Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, the time of day or night and the weather (if outdoors), and whether the witness had seen or known the person in the past. In appraising the testimony, you should also consider whether the identification made by the witness subsequent to the offense was the product of his own recollection. You may take into account both the strength of the identification, and the circumstances under which the identification was made.

If the identification may have been influenced by the circumstances under which Mr. Mohamadi was presented to the witness for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and identification of Mr. Mohamadi as a factor bearing on the reliability of the identification.

You may also take into account that an identification made by picking Mr. Mohamadi out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.

You may also take into account any occasions in which the witness failed to make an identification of Mr. Mohamadi, or made an identification that was inconsistent with his identification at trial.

Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether each has been truthful, and consider whether he or she had the capacity and opportunity to make a reliable observation on matters covered in the testimony.

I again emphasize that the burden of proof on the prosecutor extends to every element of the crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime with which he stands charged. If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.

AUTHORITY: Carl Horn III, Federal Criminal Jury Instructions for the Fourth Circuit § 3.16(b) (2005 ed.).

**EFFECT OF THE DEFENDANT'S FAILURE TO TESTIFY**

A defendant in a criminal case has an absolute right under our constitution not to testify.

The fact the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his or her privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2008).

## CREDIBILITY OF WITNESSES--THE DEFENDANT AS A WITNESS

You should judge the testimony of the defendant, Mr. Mohamadi, in the same manner as you judge the testimony of any other witness.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.12 (6th ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

## **DEFENDANT'S TESTIMONY – IMPEACHMENT BY PRIOR CONVICTION**

You have heard evidence that Mr. Mohamadi has been previously convicted of certain crimes.

This evidence was offered for the purpose of challenging Mr. Mohamadi's credibility. You should not conclude, however, that because the defendant may have committed crimes in the past, that he is more likely to have committed the crimes with which he is currently charged.

Of course, evidence that Mr. Mohamadi has committed crimes in the past may not be considered in any way in determining the guilt or innocence of Mr. Mohamadi.

AUTHORITY: Carl Horn III, Federal Criminal Jury Instructions for the Fourth Circuit § 4.19 (2005 ed.)

**OPINION EVIDENCE – THE EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses", you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. 2008).

**"KNOWINGLY" – DEFINED**

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Mohamadi, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.04 (6th ed. 2008).

## CONSIDER ONLY THE OFFENSE CHARGED

Mr. Mohamadi is not on trial for any act or any conduct not specially charged in the indictment.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.09 (6th ed. 2008).

## PROOF OF KNOWLEDGE OR INTENT - RULE 404(b)

Evidence that an act was done or that an offense was committed by Mr. Mohamadi at some other time is not, of course, any evidence or proof whatever that, at another time, Mr. Mohamadi performed a similar act or committed a similar offense, including the offenses charged in  this indictment.

Evidence of similar acts or offenses may not be considered by the jury in determining whether Mr. Mohamadi actually performed the physical acts charged in this indictment.  Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Mr. Mohamadi physically did the acts charged in this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that Mr. Mohamadi did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which the defendant actually did the act or acts charged in the indictment.

Mr. Mohamadi is not on trial for any acts or crimes not alleged in the indictment. Nor may Mr. Mohamadi  be convicted of the crimes charged even if you were to find that he committed other crimes - even crimes similar to the one charged in this indictment.


AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.08 (6th ed. 2008).

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find Mr. Mohamadi guilty or not guilty as to one of the counts should not control your verdict as to any other count.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (6th ed. 2008).

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS 1 AND 2

Counts 1 and 2 of the indictment allege that Mr. Mohamadi violated section 1951 of Title 18 of the United States Code.  Section 1951 of Title 18 of the United States Code provides, in part, that:

"Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . . robbery . . ." shall be guilty of an offense against the United States.

AUTHORITY: 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.02 (5th ed. 2000).

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 1

In order to sustain its burden of proof for the crime of obstructing, delaying, or affecting interstate commerce by robbery as charged in Count 1 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:    The defendant, Mr. Mohamadi induced K.R. to part with the property described in Count 1 of the indictment;

Two:    The defendant, Mr. Mohamadi, did so knowingly and deliberately by robbery; and

Three:  In so acting, interstate commerce was obstructed, delayed, or affected.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 53.03 (6th ed. 2008).

**VENUE – COUNT 1**

The defendant, Mr. Mirwais Mohamadi, has a constitutional right to be charged in the place, or venue, where the alleged crime was committed.  The government has the burden of proving venue by a preponderance of the evidence.

With respect to Count 1, to establish venue in the Eastern District of Virginia, the government must prove that an essential conduct element of the alleged offense occurred in Virginia.

AUTHORITY: *United States v. Villarini*, 238 F.3d 530, 533-34 (4th Cir. 2001); *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000).

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 2

In order to sustain its burden of proof for the crime of obstructing, delaying, or affecting interstate commerce by robbery as charged in Count 2 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:    The Defendant, Mirwais Mohamadi induced G.H. to part with the property described in Count 2 of the indictment;

Two:    The Defendant, Mirwais Mohamadi did so knowingly and deliberately by robbery; and

Three:  In so acting, interstate commerce was obstructed, delayed, or affected.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 53.03 (6th ed. 2008).

## "ROBBERY" –  DEFINED FOR COUNTS 1 AND 2

The term "robbery," as used in Counts 1 and 2, means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his/her custody or possession, or the person or property of a relative or member of his/her family or of anyone in his/her company at the time of the taking or obtaining.

AUTHORITY: 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.05 (6th ed. 2008).

## "OBSTRUCT, DELAY, OR AFFECT INTERSTATE COMMERCE" – DEFINED FOR COUNTS 1 AND 2

Counts 1 and 2 allege that the defendant, Mirwais Mohamadi, "obstructed, delayed, or affected" interstate commerce. In order to prove this element, the government must prove beyond a reasonable doubt that Mr. Mohamadi's conduct had at least a minimal effect on interstate commerce. The effect need not be substantial. The conduct, however, must have at least some impact on interstate commerce.

AUTHORITY: *United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) (holding that the Hobbs Act applies whenever a robbery has at least a "minimal" effect on interstate commerce."); *United States v. Jamison*, 299 F.3d 114, 118 (2d Cir. 2002) (same); *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990) (in order to satisfy the Act's interstate commerce requirement, the government "must show that an effect on interstate commerce is reasonably probable"); *see also United States v. Ware*, 230 Fed. Appx. 249, 254 (4th Cir. 2007) (unpublished decision) ("Consistent with our precedent . . . a minimal effect on interstate commerce is all that is necessary to establish the commerce element of a Hobbs Act offense.").

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS 3 AND 4

Counts 3 and 4 of the indictment allege that Mr. Mohamadi violated section 924(c) of Title 18 of the United States Code.  Section 924(c) of Title 18 of the United States Code provides, in pertinent part, that "[w]hoever, during and in relation to any crime of violence . . ., uses or carries a firearm, shall" be guilty of an offense against the United States.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.17 (5th ed. 2000).

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 3**

In order to sustain its burden of proof for the crime of using, carrying, and brandishing a firearm during and in relation to a crime of violence, as charged in Count 3 of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

One:    Defendant Mirwais Mohamadi committed the crime of robbery as charged in Count 1 of the indictment, and

Two:    During and in relation to the commission of that crime, Defendant Mirwais Mohamadi knowingly used, carried, and brandished a firearm.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2008).

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 4

In order to sustain its burden of proof for the crime of using, carrying, and brandishing a firearm during and in relation to a crime of violence, as charged in Count 4 of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

One:    Defendant Mirwais Mohamadi committed the crime of robbery as charged in Count 2 of the indictment, and

Two:    During and in relation to the commission of that crime, Defendant Mirwais Mohamadi knowingly used, carried, and brandished a firearm.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (5th ed. 2000)

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT 5**

Count 5 alleges that Mr. Mohamadi violated section 922(g) of Title 18 of the United States Code. Section 922(g) of Title 18 of the United States Code provides, in part, that: "It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . . to . . . knowingly . . . possess in or affecting commerce, any firearm."

AUTHORITY: 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 39.08 (5th ed. 2000).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 5

In order to sustain its burden of proof for the crime of possessing a firearm as charged in Count 5 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:    Defendant Mirwais Mohamadi has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Two:    After this conviction, Defendant Mirwais Mohamadi knowingly possessed the firearm described in Count 5 of the indictment; and

Three:  Such possession was in or affecting interstate commerce.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.09 (6th ed. 2008).

**"TO POSSESS" – DEFINED FOR COUNT 5**

The term "to possess" means to exercise control or authority over something at a given time. There are several types of possession – constructive, sole, and joint.

The "possession" of something is considered to be actual when a person knowingly has direct physical control or authority over something. The "possession" of something is called constructive if the person knows of its presence and has the power to exercise dominion and control over it.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

Presence in a car from which the police recover contraband does not establish possession. In other words, the mere proximity of contraband to an occupant is insufficient to establish constructive possession.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.08 (5th ed. 2000); *United States v. Schocket,* 753 F.2d 336, 340 (4th Cir. 1985); *United States v. Blue,* 957 F.2d 106, 108 (4th Cir. 1992) (citations omitted)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37

**"IN OR AFFECTING COMMERCE" – DEFINED FOR COUNT 5**

The United States must show that the defendant's possession of a firearm was in or affecting interstate or foreign commerce. "Commerce" means travel, trade, traffic, transportation, or communication among the states. The term "interstate or foreign commerce" means commerce between any place in a state and any place outside of that state, or within any possession of the United States.

You must determine whether possession of a firearm in this case, at the time and place alleged in the indictment, had a demonstrated connection or link with interstate or foreign commerce. In making that determination, you should consider when and where the firearms were manufactured, when and how the defendant came to possess the firearms, and the circumstances surrounding the defendant's possession of the firearms at the time and place alleged in the indictment. You may consider whether the firearms' connection to interstate commerce is an active connection or a passive, passing, or past connection. If you find that the firearms' connection to interstate commerce was not recent, you must find the defendant not guilty. If you find that the firearms' connection to interstate commerce was recent but was merely passive or passing, you must find the defendant not guilty.

AUTHORITY: O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 39.14 (5th Ed. 2000); Jones v. United States, 529 U.S. 848, 855 (2000); United States v. Lopez, 514 U.S. 549, 562 (1995) (finding § 922 (g)'s reach is limited to "a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce"); United States v. Gallimore, 247 F. 3d 134 (4th Cir. 2001).

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS 6 AND 7

Counts 6 and 7 allege that Mr. Mohamadi solicited another person to commit murder, in violation of section 373 of Title 18 of the United States Code.

Section 373 of Title 18 of the United States Code provides that "[w]hoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct . . ." shall be guilty of an offense against the United States.

AUTHORITY: 1 Sand, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Section 19, Instruction 19A-1, ( 2009 ed.)

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 6

In order to sustain its burden of proof for the crime of solicitation as charged in Count 6 of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:    That Mr. Mohamadi solicited, commanded, induced or otherwise tried to persuade former Inmate 1 to travel in interstate commerce from the Commonwealth of Virginia to murder G.H; and

Two:    That Mr. Mohamadi's actions strongly indicated that he intended the other person, former Inmate 1, to commit the crime of murder, that has as an element the use, attempted use, or threatened use of physical force against the person or property of G.H.

AUTHORITY:  1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 19, Instruction 19A-2 ( 2009 ed.)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 7

In order to sustain its burden of proof for the crime of solicitation as charged in Count 7 of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:  That Mr. Mohamadi solicited, commanded, induced or otherwise tried to persuade former Inmate 2 to travel in interstate commerce from the Commonwealth of Virginia to murder G.H; and

Two:  That the defendant's actions strongly indicated that he intended the other person, former Inmate 2, to commit the crime of murder, that has as an element the use, attempted use, or threatened use of physical force against the person or property of G.H.

AUTHORITY:  1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 19, Instruction 19A-2, ( 2009 ed.)

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT 8

Count 8 of the indictment charges Mr. Mohamadi with committing the offense of murder for hire, in violation of section 1958 of Title 18 of the United States Code. Title 18 of Section 1958 provides as follows:

"Whoever travels in or causes another . . . to travel in interstate or foreign commerce, or uses or causes another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value" is guilty of an offense against the United States.

AUTHORITY: Sand, Siffert, Loughlin, and Reiss, <u>Modern Federal Jury Instructions</u>, Section 60, Instruction 60-13 (2009).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 8**

In order to sustain its burden of proof for the crime of murder for hire as charged in Count 8 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:   That the defendant traveled or caused someone else to travel interstate or used or caused someone else to use an interstate facility;

Two:   that this travel or use of an interstate facility was done with the intent that a murder be committed in violation of the laws of any State or the United States; and

Three:  That the murder in question was intended to be committed as consideration for the receipt of value.

AUTHORITY:  Sand, Siffert, Loughlin, and Reiss, <u>Modern Federal Jury Instructions</u>, Section 60, Instruction 60-14 (2009).

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT 9

Count 9 of the indictment charges Mr. Mohamadi with committing the offense of witness tampering, in violation of section 1512(b)(3) of Title 18 of the United States Code.  Section 1512(b)(3) of Title 18 provides as follows:

"Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, . . . with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense" shall be guilty of an offense against the United States.

AUTHORITY: 18 U.S.C. § 1512(b)(3).

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 9

In order to sustain its burden of proof for the crime of witness tampering as charged in Count 9 of the Indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:     Mr. Mohamadi knowingly intimidated or used corrupt persuasion against A.I. by instructing her to falsely testify in the trial of the *Commonwealth of Virginia v. Mirwais Mohamadi*; and

Two:     Mr. Mohamadi did so intending to hinder, delay, or prevent the communication to a federal law enforcement officer of information relating to the commission or possible commission of a federal offense.

In order to satisfy element number two, it is not necessary for the government to prove that the defendant knew he was breaking any particular criminal law nor need the government prove that the defendant knew that the law enforcement officer is a federal law enforcement officer.  What the government must prove is that there was a possibility or likelihood that Mr. Mohamadi's alleged misleading conduct toward A.I. would be communicated to a law enforcement officer of the United States, irrespective of the person or entity to whom he personally communicated the information.

AUTHORITY: *United States v. Perry*, 335 F.3d 316, 320-21 (4th Cir. 2003) (listing elements for 18 U.S.C. § 1512(b)(3)); *United States v. Harris*, 498 F.3d 278, 283 (4th Cir. 2007) (affirming jury instruction repeated above describing intent element); *see also* 18 U.S.C. § 1515(a)(4) (defining the term "law enforcement officer" as meaning "an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant").

**"LAW ENFORCEMENT OFFICER" – DEFINED**

The term "law enforcement officer," as used in Count 9, means "an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant."

AUTHORITY: 18 U.S.C. § 1515(a)(4).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT 10

Count 10 of the indictment charges Mr. Mohamadi with committing the offense of witness tampering, in violation of section 1512(b)(1) of Title 18 of the United States Code. Section 1512(b)(1) of Title 18 provides as follows:

"Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding" shall be guilty of an offense against the United States.

AUTHORITY: 18 USC § 1512(b)(1).

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT 10

In order to sustain its burden of proof for the crime of witness tampering as charged in Count 10 of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:    Mr. Mohamadi knowingly intimidated or used corrupt persuasion against A.I.; and

Two:    Mr. Mohamadi did so intending to influence, delay, or prevent the testimony of A.I. in an official proceeding.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 49.03 (6th ed. 2008).

## **"INTIMIDATION" – DEFINED FOR COUNTS 9 AND 10**

The term "intimidation," as used in Counts 9 and 10, means the use of any words or any actions that would harass, frighten, or threaten a reasonable, ordinary person to do something that person would not otherwise do or not to do something that the person otherwise would do.

AUTHORITY: 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 49.04 (6th ed. 2008).

**"WITH INTENT TO INFLUENCE, DELAY, OR PREVENT TESTIMONY" - DEFINED FOR COUNTS 9 AND 10**

The phrase "official proceeding," as used in Count 10, means to act for the purpose of causing any person to change his or her testimony or information in any way or to withhold testimony or information, permanently or only for a period of time.

The government is not required to prove that the person to be threatened or intimidated actually felt threatened, or intimidated, or influenced or that there was any actual delay or withholding of that person's testimony.

The government must prove beyond a reasonable doubt, however, that Mr. Mohamadi acted "with intent to influence, delay, or prevent testimony."

AUTHORITY: 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 49.05 (6th ed. 2008).

**"OFFICIAL PROCEEDING" - DEFINED FOR COUNT 10**

The term "official proceeding" as used in Count 10 means "a proceeding before . . . a federal grand jury."

AUTHORITY: 18 U.S.C. § 1515(a)(1)(A).

## EVIDENCE OF PRIOR CONVICTION

You have heard evidence, through a stipulation, that the defendant was convicted before this incident in of a crime punishable by imprisonment for a term exceeding one year.

This prior conviction has been brought to your attention only because it tends to establish one of the elements of the crime charted in Count 5 of the indictment, specifically, that Mr. Mohamadi has been convicted of a crime punishable by imprisonment for a term exceeding one year. You are not to speculate as to the nature of the conviction. The fact that Mr. Mohamadi was found guilty on another occasion does not mean that he committed the crime alleged in Count 5, or any other offense charged in the indictment. You must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime and that the defendant committed it.

AUTHORITY: *United States v. Belk*, 346 F.3d 305, 309 n.4 (2d Cir. 2003); Third Circuit Manual of Model Jury Instructions § 6.18.922G-3.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 52

**EVIDENCE OF MR. BRYAN'S CONVERSATIONS WITH MR. MOHAMADI CANNOT BE CONSIDERED FOR PURPOSES OF COUNTS 2 AND 4.**

You heard evidence that Mr. Richard Bryan, one of the government's informants, had conversations with Mr. Mohamadi, some of which were recorded. To the extent you consider these conversations at all, you may not consider them as evidence that Mr. Mohamadi committed the offenses charged in Counts 2 and 4.

AUTHORITY: U.S. Constitution, Sixth Amendment; *Maine v. Moulton*, 474 U.S. 159, 178-80 (1985); *United States v. Lentz*, 419 F. Supp. 2d 794, 818-19 (E.D. Va. 2005).

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try and attack the credibility of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony of the law enforcement witness weight, if any, you find it deserves.

AUTHORITY:  1 Sand, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Section 7.01, Instruction 7-16)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 54

## **VERDICT--ELECTION OF FOREPERSON--DUTY TO DELIBERATE--UNANIMITY-- PUNISHMENT--FORM OF VERDICT--COMMUNICATION WITH THE COURT**

Upon retiring to the jury room to begin your deliberation, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict

should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

**[please read the form of verdict to the jury]**

you will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note that the court security officer, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (5th ed. 2000).