IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  1:09CR179 |
| | ) | |
| MIRWAIS MOHAMADI, | ) | Trial Date: March 10, 2010 |
| a/k/a "Omar," "O" | ) | |
| Defendant. | ) | The Honorable Liam O'Grady |
| _____ | ) | |

**GOVERNMENT'S OMNIBUS RESPONSE
TO DEFENDANT'S *PRO SE* MOTIONS**

COMES NOW the United States of America by its United States Attorney for the Eastern

District of Virginia, Neil H. MacBride, and Ronald L. Walutes, Jr., and Michael P. Ben'Ary,

Assistant United States Attorneys, and respectfully responds to 7 *pro se* motions filed by the

defendant.

**I.      STATEMENT OF THE ISSUES**

On March 2, 2010, the defendant filed 7 *pro se* motions and noticed the hearing of these

motions for March 5, 2010.  The defendant's motions are as follows:

     A.     Defendant's Motion to Direct Production of Documents and Objects and Compel All Evidence Favorable to Defendant;

     B.     Motion for Inspection, Reproduction, and Copying of Records and Papers in the Custody and Used by Jury Clerk in Jury Selection Process and Motion for Disclosure of Grand Jury Selection Records;

     C.     Defendant's Motion to Dismiss Based on Government's Destruction of Exculpatory Evidence;

     D.     Motion to Strike Surplusage from the Indictment;

     E.     Defendant's Motion to Dismiss Indictment as Being Defective;

F.      Motion to Suppress Wiretap Evidence and Fruits Thereof in Violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968; and

G.      Defendant's Supplemental Motion for Severance

Motions A, C, E, and F should be denied for the reasons set forth below.   Motions D and G have been heard and denied by the Court and should be denied again.   The Government leaves Motion B to the Court's discretion, but would seek redaction of any records disclosed to the defendant based on public safety concerns.

## II.   **FACTS**

On May 26, 2007, the defendant robbed two victims using a small, black, 380 caliber firearm. The defendant was a convicted felon, and it was therefore unlawful for him to possess a firearm. While awaiting trial in the City of Alexandria for one of the robberies, the defendant solicited three other inmates to murder the robbery victim, who would be a witness against him in the upcoming trial.  Further, the defendant coerced and intimidated a witness in an attempt to prevent him or her from communicating information to law enforcement.

## III.   **ARGUMENT**

A.      Defendant's Motion to Direct Production of Documents and Objects and Compel All <u>Evidence Favorable to Defendant should be denied</u>

The Government has complied with all of its discovery obligations in this case.  Additional investigation into the defendant's assertions regarding the alteration or destruction of recordings of his jail telephone calls has shown those assertions to be false.  The recordings of the defendant's jail telephone calls have not been altered.  Further, no telephone calls have been intentionally destroyed or withheld.  It should be noted that  the defendant intentionally took steps to make it more difficult for the jail to record his phone calls.  The defendant used other inmates' PINs when making phone

calls, made three-way telephone calls through his attorney's office, and took other steps to evade the jail's recording system. These efforts may have led to calls that were not identified to the defendant. Further, while there are gaps in time between some of the recorded phone, this is likely because the defendant's phone privileges were revoked when the jail learned that he was using the telephone to conduct a prostitution business while in jail. Lastly, the defendant has full use of the Court's subpoena power to obtain third-party records, like telephone records. The Government has diligently complied with its discovery obligations and the defendant's motion should be denied.

B.    Motion for Inspection, Reproduction, and Copying of Records and Papers in the Custody and Used by Jury Clerk in Jury Selection Process and Motion for Disclosure of Grand Jury Selection Records

The Government leaves this request in the Court's discretion. If the Court is inclined to grant the defendant access to Grand or Petit Jury selection materials, such materials should be redacted because of public safety concerns. The defendant is responsible for devising a scheme to murder a witness against him, and to tamper with another. To grant the defendant access to full names and home addresses of prospective jurors would create an unacceptable risk to public safety, and such details would not be necessary for the preparation of any motion the defendant might file based on jury selection procedures.

C.    Defendant's Motion to Dismiss Based on Government's Destruction of Exculpatory Evidence

The Government did not destroy any exculpatory evidence. The defendant complains that a pen collected from his victim's taxicab was discarded, thus depriving him of the right to have the pen tested for "touch DNA." The defendant cannot show that the pen contained exculpatory evidence. Even assuming, arguendo, that the pen contained *potentially* exculpatory evidence, the

defendant's motion should be denied because he has not, and cannot, show that the pen was destroyed in bad faith.  As held by the United States Supreme Court in <u>Arizona v. Youngblood</u>, 488 U.S. 51, 58 (1988):

> [w]e think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant. We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

The defendant's motion should be denied.

D.  <u>Motion to Strike Surplusage from the Indictment</u>

This Court denied the defendant's motion to strike surplusage from the Indictment after hearing argument on September 25, 2009.  There is no need for a different result here.

E.  <u>Defendant's Motion to Dismiss Indictment as Being Defective</u>

Counts 1 and 2 of the Indictment contain a plain, concise, and definite written statement of the essential facts constituting the offense charged, as required by Federal Rule of Criminal Procedure 7(c)(1).  Ordinarily, an indictment that tracks the language of the statute is sufficient. <u>See</u>, <u>e.g.</u>, <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974); <u>Untied States v. Wicks</u>, 187 F.3d 426, 427 (4th Cir. 1999).   Counts 1 and 2 of the Indictment in the present case make clear that the defendant acted intentionally by committing robbery and by using actual and threatened force, violence, and fear of immediate and future injury to the victims' persons.  One cannot commit an accidental robbery.  The defendant's motion should be denied.

F.     Motion to Suppress Wiretap Evidence and Fruits Thereof in Violation of Title III <u>of the Omnibus Crime Control and Safe Streets Act of 1968</u>

There is no wiretap evidence in the present case.  The requirements of Title III do no apply to consensual recordings of telephone calls.  <u>See</u>, <u>e.g.</u>, <u>United States v. Apple</u>, 915 F.2d 899, 907 fn.16 (4th Cir. 1990).  The defendant's motion should be denied.

G.     <u>Defendant's Supplemental Motion for Severance</u>

The Court has twice considered and twice denied this motion.  The defendant's motion should be denied.

5

IV.    **CONCLUSION**

WHEREFORE, the government respectfully submits that the Defendant's *Pro Se* Motions

A, C, D, E, F, and G should be denied.  The Government respectfully leaves Defendant's *Pro Se*

Motion B to the Court's discretion.  Since the Government received these motions on Tuesday,

March 2, 2010, the Government reserves the right to present additional authority at the hearing of

these matters on March 5, 2010.

> Respectfully submitted,
> Neil H. MacBride
> United States Attorney


By      _____/s/_____
> Michael P. Ben'Ary
> Virginia Bar number 46658
> Ronald L. Walutes, Jr.
> Virginia Bar number 26312
> Assistant United States Attorneys
> U.S. Attorney's Office
> Justin W. Williams U.S. Attorney's Building
> 2100 Jamieson Avenue
> Alexandria, VA 22314-5794
> (703) 299-3700
> (703) 739-9556 (fax)
> Michael.Ben'Ary2@usdoj.gov
> Ron.Walutes@usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing Government's Response to Defendant's Renewed Motion for Severance using the CM/ECF system, which will send a notification of such filing (NEF) on March 3, 2010, to the following:

Michael S. Nachmanoff, Esquire
Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

Whitney Minter, Esquire
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

                                    /s/
                                    _____
                                    Michael P. Ben'Ary
                                    Virginia Bar number 46658
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Justin W. Williams U.S. Attorney's Building
                                    2100 Jamieson Avenue
                                    Alexandria, VA 22314-5794
                                    703-299-3700
                                    703-739-9556 (fax)
                                    Michael.Ben'Ary2@usdoj.gov