**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09CR179** |
| | ) | **Hon. Liam O'Grady** |
| **MIRWAIS MOHAMADI,** | ) | **Trial Date: March 10, 2010** |
| | ) | **Hearing Date: March 5, 2010** |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY**
**PURSUANT TO  FEDERAL RULES OF EVIDENCE 401 & 404(b)**

COMES NOW the defendant, Mirwais Mohamadi, by counsel, and moves this Court to exclude testimony regarding a firearm recovered in Washington, D.C. on June 12, 2007.  In support of his motion, Mr. Mohamadi states as follows:

**INTRODUCTION**

Mr. Mohamadi is charged in a ten-count indictment.  The government alleges that on May 26-27, 2007, Mr. Mohamadi committed two robberies while using a firearm.  The government further charges that Mr. Mohamadi was a convicted felon during the time that he allegedly possessed a firearm on May 26-27, 2007.  Three counts of the indictment allege Mr. Mohamadi solicited individuals to kill a witness.  Finally, the remaining two counts allege that Mr. Mohamadi attempted to influence a witness.

On February 23, 2010, the government filed notice of its intent to use evidence at trial of an incident that took place on June 12, 2007, over two weeks after the alleged robberies in the instant offense.

<u>**ARGUMENT**</u>

**I.     Evidence of this firearm is irrelevant.**

In order to be admissible, evidence of the June 12, 2007 firearm must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 401.  Even relevant evidence is inadmissible if its "probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue...waste of time..." Fed. R. Evid. 403.

Evidence of a firearm that Mr. Mohamadi is alleged to have possessed on June 12, 2007 is irrelevant to Mr. Mohamadi's alleged possession of a firearm on May 26-27, 2007 and therefore inadmissible.  His alleged possession of a firearm over two weeks after the date of offense in the instant case does not make a material fact more or less likely.   In other words, taken alone, if the jury were to be presented with the fact that Mr. Mohamadi was alleged to have possessed a gun on a date different than the date of offense, it would not make it more or less likely that he possessed a firearm on the date in question.

Furthermore, the government seeks to introduce evidence that Mr. Mohamadi was "verbally abusive" and pointed "a black semiautomatic at the witness before proceeding to Camelot where he shattered the window of a taxi cab before dropped [sic] the weapon and fleeing the area." Government's Rule 404(b) Notice.  There can be no question that none of these actions is relevant to "the defendant's possession of a small black .380 semiautomatic firearm two weeks earlier." *Id.* This alleged conduct does not tend to prove any element of the alleged robberies, alleged uses of firearms, solicitations, murder for hire or witness tampering charges.  The only purpose of such evidence, therefore, would be to inflame the jury against Mr. Mohamadi by depicting him as a

violent individual who is more likely to have engaged in violent behavior on the date in question because he has done so on other occasions. This is clearly inappropriate and prohibited by Rule 404(b). This testimony is, likewise, inadmissible, as it is irrelevant.

## II. Evidence of possession of a firearm on June 12, 2007 is inadmissible as it is evidence of an other bad act.

As a general matter, evidence of prior bad acts is not admissible, except for a limited number of purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

Mr. Mohamadi is a convicted felon and is, therefore, prohibited from possessing a firearm. In the instant case, none of the above exceptions would allow for admission of the fact of Mr. Mohamadi's alleged possession of a firearm. The testimony which the government seeks to introduce happened over two weeks after the date of the alleged offenses in this case.[1] It cannot, therefore, show what Mr. Mohamadi's opportunity, intent, preparation, plan or knowledge was on May 26-27, 2007. Further, simple possession of a firearm, unrelated to the instant alleged offense, reveals nothing about why an individual would rob an individual or commit any of the other alleged offenses and does not, therefore prove motive. Finally, while a subsequent possession of a firearm could be used to show mistake of fact in some limited circumstances, Mr. Mohamadi has alleged nothing that would indicate a mistake of fact regarding the firearm. As the Court of Appeals for the District of Columbia found, evidence of a prior possession of a firearm is not admissible to prove knowledge, intent or absence of mistake in a case charging the defendant with a violation of 18

---

[1]While the fact that an incident occurred after the date of offense does not, by itself, preclude admissibility, *United States v. Hadaway*, 681 F.2d 214 (4th Cir. 1982), it does weigh heavily on the usefulness of that evidence to prove any of the listed exceptions to Rule 404(b).

U.S.C. §922(g). *United States v. Linares*, 367 F.3d 941, 946-950 (DC Ct. App. 2004). The Court's analysis correctly addresses the issues in the instant case. With respect to knowledge, the Court held that, given the nature of the defendant's alleged possession of the gun by holding and firing it, that the jury could not have found possession without finding knowing possession and, therefore, did not "understand how [defendant's] previous possession made it any more likely that he knowingly possessed a gun at this time." *Linares*, 367 F.3d at 946. The Court similarly found that the evidence submitted at trial made the evidence of other acts inadmissible to prove absence of mistake. *Id.* at 947. (finding that, given the testimony about his possession of the firearm, no jury could have concluded that the government failed to prove absence of mistake). Finally, the Court held that, because the government had no obligation to prove intent with respect to a charge under 18 U.S.C. 922(g), the other acts evidence was not admissible to prove intent. *Id.* at 948. This is directly on point with respect to any issue of intent regarding Count 5 of the instant case. With respect to the remaining counts, there is nothing that happened during the wholly dissimilar events of June 12, 2007 that sheds any light on Mr. Mohamadi's intent two weeks prior. Evidence of possession of a firearm on June 12, 2007 does not meet any of the exceptions to other bad acts evidence in Rule 404(b) or otherwise have any valid basis for admission.

Finally, the evidence offered by the government is not admissible under Rule 404(b) because it is not necessary. The Fourth Circuit has held that in order to be admissible, evidence offered under Rule 404(b) is admissible if it is: "(1) relevant to some issue other than character, (2) necessary to prove an element of the crime charged, and (3) reliable." *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998).

4

Here the evidence is clearly not necessary.  The government maintains that the evidence offered under Rule 404(b) is necessary to prove that Mr. Mohamadi possessed a firearm on May 26-27, 2007.  Based on the discovery provided in this case, however, the government intends to call two witnesses who will each testify that they witnessed Mr. Mohamadi possess a firearm on the dates in question.  This is, perhaps, the single most direct way to prove that someone is in possession of a firearm.  Admitting evidence of alleged possession of a firearm two weeks later is far more attenuated and, therefore, is clearly not "necessary." *See United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997)(finding evidence admitted under Rule 404(b) was "necessary" when it, along with his statements to one other witness, was the only evidence of intent).

### III.   Testimony about Mr. Mohamadi's alleged possession of a firearm on June 12, 2007 is more prejudicial than probative.

Even if testimony indicating that Mr. Mohamadi possessed a firearm on June 12, 2007 was, somehow, admissible, there is no question that that fact would be more prejudicial than probative.  As discussed above, evidence of other bad acts is prohibited, except for limited circumstances.  A compelling reason for this is the highly prejudicial nature of other bad acts, especially a prior criminal act.  Even if it might otherwise be relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time..." Fed. R. Evid. 403.

Here, there is no question that evidence of the alleged bad acts on June 12, 2007 would be prejudicial to Mr. Mohamadi.  Knowledge that he was alleged to have possessed a gun on another occasion could easily lead the jury to believe he has a propensity for criminal behavior and therefore committed the acts alleged in the indictment.   This, of course, is not a valid consideration for the

jury.  Given the serious and dramatic nature of the alleged events in Washington, D.C., a limiting instruction could not sufficiently compel a jury to only consider the evidence for a limited purpose. Additionally, as the evidence is irrelevant, it should be excluded as there is a significant danger of misleading or confusing the jury, as well as wasting time.  Given, as discussed above,  that there is no probative value to Mr. Mohamadi's alleged possession of a firearm on June 12, 2007, the probative value is clearly outweighed by the prejudice.

Furthermore, with respect to the extraneous testimony that the government seeks to admit regarding Mr. Mohamadi's alleged brandishing of the firearm and breaking of a taxi cab window, there is no question that this evidence is more prejudicial than probative.  The prejudice of evidence elicited to show that Mr. Mohamadi engages in violent behavior, namely brandishing a firerarm and destruction of property, is clear.  Such testimony has no probative value whatsoever to the questions of fact before the jury.  The evidence, therefore, is clearly more prejudicial than probative and should be excluded.

## CONCLUSION

Because the fact of Mr. Mohamadi's alleged possession of a firearm on June 12, 2007 is both irrelevant and evidence of other bad acts, it is inadmissible.  Moreover, because the evidence would be highly prejudicial to Mr. Mohamadi, and there is no probative value whatsoever, it must be excluded.  The Court should therefore exclude any evidence of the fact of Mr. Mohamadi's alleged possession of a firearm in Washington, D.C. on June 12, 2007.  Should the Court admit any portion of these prior bad acts, then such testimony should be limited solely to the possession of the firearm and should exclude any extraneous testimony regarding other bad acts.

6

Respectfully submitted,
MIRWAIS MOHAMADI

By Counsel,
Michael S. Nachmanoff,
Federal Public Defender


_____/s/_____
Michael S. Nachmanoff
Virginia Bar Number 39180

Jeffrey C. Corey
*Pro Hoc Vice*

Whitney E.C. Minter
Virginia Bar Number 47193

Attorneys for the Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600- 0860 (telephone)
(703) 600-0880 (fax)
Michael_Nachmanoff@fd.org (e-mail)

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2010, I electronically filed the foregoing pleading with

the Clerk of the Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Ronald L. Walutes, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria , Virginia 22314
(703) 299-3700
Ron.Walutes@usdoj.gov

Michael Ben'ary, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria , Virginia 22314
(703) 299-3700
michael.ben'ary2@usdoj.gov

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the

foregoing pleading will be delivered to Chambers within one business day of the electronic

filing.

_____/s/_____
Whitney E.C. Minter
Virginia Bar Number 47193
Attorney for the defendant
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600- 0855 (telephone)
(703) 600-0880 (fax)
Whitney_Minter@fd.org (e-mail)