**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09CR179** |
| | ) | **Hon. Liam O'Grady** |
| **MIRWAIS MOHAMADI,** | ) | **Trial Date: March 10, 2010** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY**
**PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 403 & 404(b)**

COMES NOW the defendant, Mirwais Mohamadi, by counsel, and moves this Court to exclude the following evidence at trial. In support of his motion, Mr. Mohamadi states as follows:

In order to be admissible, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 401. Even relevant evidence is inadmissible if its "probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue...waste of time..." Fed. R. Evid. 403.

As a general matter, evidence of prior bad acts is not admissible, except for a limited number of purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Even if evidence is admissible under an exception to this Rule, the evidence must still be relevant and may still be excluded if it is more prejudicial than probative. Fed. R. Evid. 403.

(1)  Testimony from A.I. regarding Mr. Mohamadi's alleged possession of a firearm on a date prior to the dates of the offenses alleged in the instant indictment. This testimony is irrelevant the issue of whether Mr. Mohamadi possessed a firearm on

the dates of the offenses in Counts 1-5 of the instant indictment and if relevant is more prejudicial than probative.  Finally, the possible testimony is evidence of other bad acts and is therefore inadmissible under Rule 404(b).

(2)     Testimony regarding the offer of witness protection to the government's witnesses. Such testimony would serve to inflame the jury and lead them to believe, based on facts not in evidence, that Mr. Mohamadi is dangerous.  Such speculation is improper and the prejudice to Mr. Mohamadi  clearly outweighs the probative value.  Counsel for Mr. Mohamadi does not intend to inquire into this issue.

(3)     Testimony regarding statements alleged to have been made by Mr. Mohamadi to G.H. claiming a hatred of the United States.  Such statements are irrelevant as they do not tend to make any fact that is at issue more or less likely.  As they have no probative value, the prejudice to Mr. Mohamadi clearly outweighs the usefulness of the evidence.

(4)     Testimony regarding statements alleged to have been made by Mr. Mohamadi to K.R. regarding other people he killed.  Such evidence is clearly unfairly prejudicial to Mr. Mohamadi and evidence of a prior bad act.

(5)     Evidence and testimony surrounding the reasons why Mr. Mohamadi was incarcerated during the relevant time periods involved in Counts 6-10.   Prior convictions are evidence of other bad acts, which are not admissible to prove character under Rule 404(b).   Mr. Mohamadi has agreed to waive his right to a jury trial on Count 5 of the indictment, so evidence of Mr. Mohamadi's prior convictions is not otherwise admissible.  While the government may be permitted to introduce

2

evidence of Mr. Mohamadi's incarceration, the circumstances surrounding that incarceration are not admissible.

## CONCLUSION

Because the above-listed testimony is irrelevant and, in some circumstances is evidence of other bad acts, it is inadmissible.  Moreover, because the evidence would be highly prejudicial to Mr. Mohamadi, and there is no probative value, it must be excluded.  The Court should therefore exclude the foregoing testimony.

Respectfully submitted,
MIRWAIS MOHAMADI

By Counsel,
Michael S. Nachmanoff,
Federal Public Defender


_____/s/_____
Michael S. Nachmanoff
Virginia Bar Number 39180

Jeffrey C. Corey
*Pro Hoc Vice*

Whitney E.C. Minter
Virginia Bar Number 47193

Attorneys for the Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600- 0860 (telephone)
(703) 600-0880 (fax)
Michael_Nachmanoff@fd.org (e-mail)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2010, I electronically filed the foregoing pleading with

the Clerk of the Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Ronald L. Walutes, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria , Virginia 22314
(703) 299-3700
Ron.Walutes@usdoj.gov

Michael Ben'ary, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria , Virginia 22314
(703) 299-3700
michael.ben'ary2@usdoj.gov

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the

foregoing pleading will be delivered to Chambers within one business day of the electronic

filing.

_____/s/_____
Whitney E.C. Minter
Virginia Bar Number 47193
Attorney for the defendant
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600- 0855 (telephone)
(703) 600-0880 (fax)
Whitney_Minter@fd.org (e-mail)

4