IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:09CR179 |
| v. | ) | |
| | ) | The Honorable Liam O'Grady |
| MIRWAIS MOHAMADI, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Michael P. Ben'Ary and Ronald L. Walutes, Jr., Assistant United States Attorneys, respectfully submits this motion seeking the maximum sentence for the defendant, Mirwais Mohamadi, for the reasons stated below as well as for any additional arguments advanced at sentencing.

1. The defendant, Mirwais Mohamadi, has been found guilty by a jury of two counts of Hobbs Act Armed Robbery, two counts of Using a Firearm in a Crime of Violence, one count of Felon in Possession, one count of Solicitation to Commit Murder for Hire, one count of Murder for Hire and two counts of Witness Tampering. The evidence at trial was overwhelming. There were extensive recordings of this defendant detailing how he wanted a witness murdered and urging a former girlfriend to blame the crime of violence on an innocent man.

2. Mohamadi is 28 years old. He has been incarcerated or under the supervision of the criminal justice system since he was 15 years old. He has never satisfactorily completed a period of parole or probation. The juvenile system asked the courts to remove Mohamadi from

the youthful offender program because of his behavior.  He was removed to the adult system when he was 16 years old.  Mohamadi has committed increasingly violent crimes upon the community with weapons.  He has violated every condition imposed upon him by the courts.  Mohamadi has no respect for the community or the criminal justice system.  No intervention has ever protected the community from Mohamadi.  Mohamadi has committed armed robbery of a Domino's Pizza store (brandished firearm and threatened to shoot employee), Jerry's Subs and Pizza store (displayed firearm and threatened to shoot employee) and Steak N' Things establishment (displayed firearm and threatened to shoot employee).  When finally apprehended, Mohamadi admitted to the additional robberies of a Ross store, a Subway store, a store called Morning Star and a Little Caesar's Pizza store.  The public has been terrorized by this defendant for over a decade.   This type of behavior persists even Mohamadi has been incarcerated.  Mohamadi was convicted of assaulting another prisoner for which he received a year in prison when he was 19 years old.

    3.  During the few years Mohamadi was in the community and under supervision, he committed the instant offenses and incurred seven traffic violations, including drunk driving (reduced to reckless driving), another reckless driving, three speeding offenses and two failure to obey traffic signs before losing his license.  Even while incarcerated, Mohamadi has incurred 85 violations, including assaults on other inmates and staff and 21 threats.  The defendant is a threat to the public (18 U.S.C. §3553(2)( C)) and for over a decade has failed every rehabilitative resource afforded him while incarcerated or under supervision (18 U.S.C. §3553(2)(D)).

    4.  As disturbing as Mohamadi's character is as demonstrated by his extensive criminal history, it pales in comparison to his utter contempt for the criminal justice system and his use of

violence to harm and silence members of the public in order to secure his own freedom. This Court has reviewed the transcripts of Mohamadi detailed instructions on the telephone and inside the jail as he sought to have Gebru Haile murdered. The jury did not hear all of this material. The picture the jury had was far more sanitized. This Court need not restrict itself as it assesses the defendant's character, the danger he poses to the community, and his utter lack of remorse. Mohamadi brags of getting away with murder, both on tape in the Alexandria Adult Detention Center and to a Craig's List prostitute in order to place her in fear for her life as he chambered a round into his .380 firearm. Mohamadi freely admits to selling cocaine in the community. As the testimony at trial proved, he used a mother of four to prostitute herself to acquire money while he was incarcerated. When he thought the authorities were monitoring him, he used code.

     5.  Mohamadi's own words are chilling. They provide a clear measure of his character.

> CI: But look, though, what if [Gabru Haile] comes to the door, right, and his kids are there? Do I shoot him anyway?
> Mr. Mohamadi: Fuck, yeah.
> CI: Shoot him even when his kids was there?
> Mr. Mohamadi: Yeah, What?
> CI: Yeah, I mean, I know. I'm just saying, though. I mean –
> Mr. Mohamadi: What? What, dog?
> CI: Shoot him right there in front of his kids –
> Mr. Mohamadi: He's trying to take me away from my daughter, man (indiscernible)

Government Exhibit 28A, Transcript of Wire on November 12, 2008 (Disc 8) at 19.

> CI: So what do I do? Do I shoot him right in the head? Do I shoot him in the chest?
> Mr. Mohamadi: No. One to the chest, one to the head, dog.
> CI: One to the chest?
> Mr. Mohamadi: One to the chest and one to the head. One to the chest and one to the head, dog. Make sure (indiscernible) hit him in the chest.

Id. at 19.

>Mr. Mohamadi: Go in this cold and calculated.

Government Exhibit 28B , Transcript of Wire on November 12, 2008 (Disc 9) at 16.

>Mr. Mohamadi: He's going to be wiggling.  If he wiggling too much, couple more shots in the body (indiscernible) to get him to stop.

Id. at 18.  The defendant has clearly not been deterred from future acts of violence by the previous periods of incarceration imposed for crimes of violence.  Even while incarcerated awaiting trial, this defendant has continued to commit very serious crimes of violence and even articulated how he was not deterred by the possible punishment for such criminal offenses.

>I ain't even tripping for real, man.  If . . . they give me, you know what I'm saying, whatever, 10, 15 years, Dogg, I'm going to do that shit like a soldier, Dogg.  You know what I'm saying?  And plus I go to the feds, motherfucking Club Med, you know what I'm saying?  I'm going to go up there, get my master's degree, go to college and stuff. . . . While everybody out there struggling during the recession, I'll be in the joint chilling.

Government Exhibit 44B ,Transcript of Recorded Jail Call on March 6, 2009 at 25.

     6.  Mohamadi does not care about anyone other than himself.  Members of the public are simply objects to be controlled, intimidated or removed.  Mohamadi's effort to subvert the criminal justice system is not speculative.  He tampered with a witness who in turn lied under oath at his state trial on December 8, 2008.  He recruited another to travel to the federal grand jury in this very courthouse to ensure that same witness did not recant her false state testimony.  The transcript of Mohamadi's conversation with Dominic Brown on March 5, 2009, admitted at trial as Government Exhibit 28A, reveals that Brown did travel to this federal courthouse and attempted to gain access to the grand jury area in the basement.  See Transcript at 2, 14.  Mohamadi attempted with two different inmates in two different detention facilities to murder Gebru Haile.  Mohamadi has made every effort to defeat the justice system.  Even while housed at the Northern Neck Regional Detention Center, he smuggled out a letter using another inmate's

name, defeating the United States Marshals' conditions of confinement to further manipulate his former girlfriend.  The record of this case reflects a repeated pattern of hiring and firing defense counsel and even malingering to force the continuances of his federal trial.  At trial, the defendant took the stand and lied.  He adopted his false state testimony, his employment at the time of the offenses and he repeatedly denied running a prostitution enterprise which he used to entice inmates to murder Gebru Haile.[1]

       7.  The victim in this case had to physically relocate to avoid being murdered before trial.  The government and the justice system are fortunate to have had such a tenacious victim who did not give up on seeking justice.  Gebru Haile testified three times, in August and December 2008 in the state criminal justice system and before this Court in January 2010.  Mohamadi lied and tampered with a witness at the state trial, essentially denying the victim justice in 2008 and making him wait another 13 months to be heard.  Mohamadi used his attorney's investigator to learn the victim's address and then used that information to try to kill the victim.  Mohamadi sought to murder Gebru Haile and defeat the criminal justice system.  Although the system worked and he was held accountable, it was not for a lack of effort on the defendant's part.  This defendant must be prevented from committing another act of violence on the community.  The

---

[1] It is truly outrageous that Mohamadi objects to the obstruction of justice enhancement.  He claims his lies under oath in his state trial on the armed robbery of Gebru Haile are now somehow a collateral issue.  How is it that Mohamadi's sworn testimony of where he was at the time of the robbery is collateral to the issue before the jury?  This is an objection best made without explanation.  No defendant gets to start over and make up new lies when testifying about the same facts.  This is not a game, it is an effort to reach the truth.  That was a process this defendant obstructed by lying under oath before this Court.  Mohamadi lied about his employment status that weekend, even when confronted with the possibility that the Human Resources Officer for his claimed employer was outside the courtroom.  It was not the only instance where Mohamadi lied at trial.  Others included his repeated denial of running a prostitution business from the jail to support his offer of payment for the murder of Gebru Haile.

criminal justice system protects a defendant's rights and ensures he has the appropriate resources, time and representation to prepare for trial. But when he abuses those rights and identifies the victim's home address, uses the jail to recruit hit men and his jail inmate account to run his prostitution activities to finance the murder of the witness, 18 U.S.C. §3553(2)(B) demands a clear deterrence to others. It must be clear that the consequences of witness tampering and witness intimidation will be severely punished.

   8. The government seeks the top of the guidelines in this case. An upward adjustment to life would have been sought by the government but for the fact of the consecutive mandatory minimum time in this case. Section 3553's factors are explicitly referenced by 18 U.S.C. §3584(b) as guiding the determination of whether sentences should be run consecutively. Those factors in this case strongly support the decision to run the terms consecutively. Accordingly, the government asks that this Court impose a sentence at the top of the guidelines and then impose the mandatory time on top of that maximum guideline sentence consistent with the statutory maximum terms for the respective offenses of conviction. Congress has provided 20-year maximum terms of imprisonment for four of the offenses of conviction and up to life for the three firearm offenses of conviction in recognition of the seriousness of these criminal offenses. In light of the nature and circumstances of these crimes together with the history and character of this defendant, the government respectfully submits the maximum sentence is appropriate in this case.

WHEREFORE, the government respectfully submits that the defendant should receive the maximum guideline sentence with the consecutive 47 years for his repeated use of a firearm as a convicted felon.

        Respectfully submitted,
        Neil H. MacBride
        United States Attorney

By          /s/
        Ronald L. Walutes, Jr.
        Virginia Bar number 26312
        Assistant United States Attorney
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, VA 22314-5794
        Phone:  703-299-3700
        Fax: 703-739-9556
        Email Address: Ron.Walutes@usdoj.gov

        /s/
        Michael P. Ben'Ary
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing government's sentencing position using the CM/ECF system, which will send a notification of such filing (NEF) on June 14, 2010, to the following:

Michael S. Nachmanoff, Esquire
Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

Whitney Minter, Esquire
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

/s/
Ronald L. Walutes, Jr.
Virginia Bar number 26312
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314-5794
Phone: 703-299-3700
Fax: 703-739-9556
Email Address: Ron.Walutes@usdoj.gov