IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Criminal No.: 1:09-cr-179 |
| | ) |
| MIRWAIS MOHAMADI, | ) |
| also known as "Omar," and "O," | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Mirwais Mohamadi's Motion for Judgment of Acquittal on Counts 1, 3, and 5 pursuant to Rule 29 and Motion for New Trial on Counts 2, 4, and 9 pursuant to Rule 33, or in the alternative, Motion for New Trial on Counts 1 through 5 and 9 pursuant to Rule 33 (Dkt. No. 163).

I. Background

On April 9, 2009 Defendant was indicted on a ten-count indictment: two counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; two counts of use and carry of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); two counts of solicitation to commit murder for hire in violation of 18 U.S.C. § 1958; one count of murder for hire in violation of 18 U.S.C. § 1958; and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(3). A six day jury trial was held beginning March 10 for Counts 1 through 4 and 6

though 10. The jury found Defendant guilty on all counts except for Count 6. Count 5 was tried to the Court, which issued an order dated March 25, 2010 finding Defendant guilty.

On April 7, 2010, Defendant, through counsel, filed the post-trial motions currently before the Court. After reviewing the motions and opposition by the Government, the Court now issues its opinion.

II. Discussion

A. Motion for Judgment of Acquittal on Counts 1 and 3

Defendant argues for a judgment of acquittal for Counts 1 and 3 based on lack of venue because the robbery of Ms. Riley occurred in Washington, DC and not in the Eastern District of Virginia. "The courts construing congressional intent as to venue in Hobbs Act violations have determined that venue lies wherever commerce is affected or wherever the robbery, extortion, attempt, conspiracy or threat occurs." *United States v. Billups*, 692 F.2d 320, 333 (4th Cir. 1982) (internal citations omitted). At trial, the Government presented evidence that Defendant hired Ms. Riley and brought her to the Eastern District of Virginia and that Defendant took his firearm with him from the Eastern District of Virginia district to Washington, DC with the intent to rob Ms. Riley. The Court finds that the evidence presented was sufficient for the jury to find that Defendant was engaged in a crime beginning in the Eastern District of Virginia and that it affected commerce in this district. Thus, Defendant's Motion for Judgment of Acquittal as to Counts 1 and 3 is denied.

B. Motion for New Trial on Counts 1 through 4

The Defendant argues that a new trial is warranted because Counts 1 though 4 lack federal jurisdiction. The Hobbs Act requires only that a person "in any way or degree obstructs,

delays, or affects commerce or the movement of any article of commodity in commerce, by robbery or extortion . . . ." 18 U.S.C. § 1951(a). The Fourth Circuit has "found the Hobbs Act to apply whenever the instant offense has at least a 'minimal' effect on interstate commerce." *United States v. Williams*, 342 F.3d 350, 354 (citing *United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976)). The court in *United States v. McCormack* further held that there is no particular amount of money that "is *per se* sufficient to meet the commerce element of a Hobbs Act offense." 371 F.3d 22, 25 (10th Cir. 2004).

The evidence at trial was that Ms. Riley drove from Maryland to Virginia to meet Defendant as part of her business of prostitution with the intent of being paid by Defendant; that when in Virginia she was in fact paid by Defendant to continue her services in Washington, DC; that they then both drove to Washington, DC as part of Ms. Riley's continued service to Defendant; and then while in Washington, DC, Defendant robbed Ms. Riley of her day's earnings, which included other "Johns." As to Mr. Haile, the evidence presented at trial was that Mr. Haile, a District of Columbia cab driver, picked up Defendant in Washington, DC and drove him to Virginia as part of his business as a cab driver, and that Defendant then robbed Mr. Haile of his business earnings from that day. The Court finds that this evidence is sufficient to support the jury's finding that interstate commerce was "obstructed, delayed, or affected" during the robberies of both Ms. Riley and Mr. Haile. Further, the Court finds that the money that the defendant stole from Ms. Riley ($2000) and Mr. Haile ($400) is sufficient to qualify as a "minimal effect." Defendant's Motion for a New Trial on Count 1 through 4 is denied.[1]

---

[1] Defense counsel argues in footnote 3 of its post-trial motions that the Court incorrectly instructed the jury regarding the applicable law as to the interstate commerce requirement of the Hobbs Act. "A trial court's jury instructions are reviewed for abuse of discretion, and an error of law constitutes an abuse of discretion." *United States v. Jeffers*, 570 F.3d at 566-67 (4th Cir. 2008) (citations omitted). "An abuse of discretion can only be found where the instructions, taken as a whole, do not 'adequately state the controlling legal principles.'" *Id.* (citing *United States v. Bolden*, 325 F.3d 471, 486 (4th Cir. 2008)). While controlling law states that the relevant class of acts must have a minimal impact on interstate commerce, the defendant has not demonstrated that the instructions led the jury

C.  Motion for Judgment of Acquittal on Count 5

Defendant asserts that his conviction on Count 5 should not stand because the prohibition on gun possession contained in U.S.C. § 922(g)(1) impermissibly infringes on his Second Amendment Right to possess a handgun. Defendant argues that the Supreme Court's decision in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), stands for the proposition that convicted felons cannot be restricted from carrying handguns. In *Heller*, the Court held that District of Columbia laws banning handgun possession violated the Second Amendment. *Id.* In *dicta*, the Court made clear that its decision "should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 2816-17. The Fourth Circuit, along with many other appellate courts, has applied the *Heller* dicta to uphold statutes that prohibit gun possession by felons and the mentally ill. *See United States. v. Brunson*, No. 07-4962, 292 Fed. Appx. 259, at *261 (4th Cir. Sept. 11, 2008) (upholding 18 U.S.C. § 922(g)(1)); *United States v. McRobie*, No. 08-4632, 2009 WL 82715, *1 (4th Cir. Jan. 14, 2009) (upholding 18 U.S.C. § 922(g)(4)). *See also United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009) (upholding 18 U.S.C. § 922(g)(1)); *United States v. Stuckey*, No. 08-0291, 317 Fed. Appx. 48, 50 (2nd Cir. Mar. 18, 2009) (same); *United States v. Smith*, 329 Fed. Appx. 109, 110-11 (9th Cir. 2009) (same); *United States v. Irish*, 285 Fed. Appx. 326, 327 (8th Cir. 2008) (same); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (same); *United States v. Battle*, 347 Fed. Appx. 478, 478-80 (11th Cir. 2009) (same); *United States v. Fraiser*, 314 Fed Appx. 801, 807 (6th Cir. 2008) (same). Defendant cites no relevant precedent to support the consideration of other factors such as when the defendant's felonious conduct

---

to overlook evidence regarding interstate commerce, nor has the defendant shown that the instructions "do not adequately state controlling legal principles." Further, the motion for a new trial cannot be granted because the evidence does not "weigh[] so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

occurred and whether the felon was a minor at the time of his offense, when evaluating the felon-in-possession restriction, thus this Court will follow relevant precedent and deny the Motion for Judgment of Acquittal on Count 5.

D. Motion for New Trial on Count 5

Defendant asserts that the Government's evidence was insufficient to establish beyond a reasonable doubt that Defendant possessed a firearm in violation of 18 U.S.C. § 922(g)(1), as alleged in Count 5. Defendant claims that the evidence was insufficient because the testimony of the witnesses at trial failed to demonstrate that Defendant himself possessed a real, operable firearm.

Ms. Riley gave sworn testimony that Defendant had a .380 caliber firearm on May 26, 2007 and May 27, 2007. Mr. Haile additionally gave sworn testimony that Defendant showed him a firearm while Defendant was in the back of Mr. Haile's cab on May 27, 2007. Mr. Schap corroborated these statements when he stated that he saw Defendant in possession of a .380 caliber firearm on June 12, 2007. The firearm was recovered and was an operable .380. Further, both Ms. Riley and Mr. Halie's identification of Defendant was reliable considering their opportunity to view Defendant before and at the time of the offense and their degree of attention to Defendant before and during the offense. Both witnesses were able to accurately approximate the age of Defendant and describe as his physical appearance. Ms. Riley was even able to identify certain unique tattoos on Defendant's body. The totality of this evidence is sufficient to prove beyond a reasonable doubt that Defendant possessed a firearm on May 26, 2007 into May 27, 2007 and that the identifications by Ms. Riley and Mr. Haile were reliable. Therefore, Defendant's Motion for a New Trial as to Count 5 is denied.

E.  Motion for New Trial on Count 9

Finally, Defendant argues a new trial on Count 9 is warranted because the Government failed to present evidence that Defendant engaged in conduct in an effort to undermine "communication to a federal law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense," as alleged in Count 9. 18 U.S.C. § 1512(b)(3).

Ms. Inge testified that while the Defendant's sister told her to lie at the state trial, it was Defendant who directed Ms. Inge to meet with his sister. When Ms. Inge met with Defendant's sister, she instructed Ms. Inge to lie about the person whom she was dating in order to obstruct the investigation into Defendant. Ms. Inge further testified that Defendant himself urged her to lie for him, and the tapes of these conversations confirm his efforts and conclusively establish that Defendant attempted to influence Ms. Inge's testimony.

Defendant argues that that Ms. Inge did not speak to ATF Special Agent Castro until after the state trial. However, the jury received testimony regarding the presence of federal law enforcement agents charged with enforcement of federal firearms laws in the Alexandria courthouse at the time of Ms. Inge's testimony, which is sufficient to establish the agents' active investigation of the offenses committed by Defendant. The Government's evidence therefore supports the jury's finding that Defendant engaged in conduct to undermine communication to a federal law enforcement officer; therefore, Defendant's Motion for a New Trial on Count 9 is denied.

III. Conclusion

For the reasons stated above, Defendant's motion for judgment of acquittal as to certain counts or in the alternative, a new trial as to certain counts is denied.

/s/ LOG
Liam O'Grady
United States District Judge