## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.: 1:09-cr-179 |
| | ) | |
| MIRWAIS MOHAMADI, | ) | |
| also known as "Omar," and "O," | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

While the record will reflect that many of Defendant's *pro se* motions were responded to orally during the course of his pretrial hearings and trial, herein follows the rulings of the Court in writing. The Court dispenses with oral argument on the motions as the issues have been fully argued and briefed.

Defendant's *pro se* motions filed on March 2, 2010 (Dkt. No. 122-128) which included Defendant's Motion to Direct Production of Documents and Objects and Compel All Evidence Favorable to Defendant; Motion for Inspection, Reproduction, and Copying of Records and Papers in the Custody and Used by Jury Clerk in Jury Selection Process and Motion for Disclosure of Grand Jury Selection Records; Motion to Dismiss Based on Government's Destruction of Exculpatory Evidence; Motion to Strike Surplusage from the Indictment; Motion to Dismiss Indictment as Being Defective; Motion to Suppress Wiretaps Evidence and Fruits Thereof in Violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968; and Supplemental Motion for Severance were all decided for the reasons given orally at the hearing

on March 5, 2010, or were preserved for later argument and then ruled upon, and will not be repeated here.

Defendant's motions filed on March 8, 2010 (Dkt. Nos. 130-135) were all denied without prejudice (Dkt. No. 144) and were argued in subsequent *pro se* motions ruled on orally from the bench during trial or addressed in subsequent court orders. Therefore, these motions are once again denied as ruled upon during trial individually.

Defendant's motions filed on March 9, 2010 (Dkt. Nos. 138-140) were denied by prior rulings made orally from the bench and were denied in a prior court order (Dkt. No. 144).

Defendant's *pro se* Motion to Dismiss Indictment or Continue Trial (Dkt. No. 146) was denied orally on the first day of trial for the reasons found in the record.

Defendant's *pro se* Motion to Dismiss for Entrapment or Manufactured Jurisdiction (Dkt. No. 147) was denied without prejudice. Therefore, no evidence of entrapment was presented at trial although the Defendant had the opportunity to present such evidence through his testimony. Instead, Defendant chose to deny that he had committed the robberies and witness tampering, and that he did not intend to harm any witness. There also was no due process violation, as the Court found no evidence of outrageous conduct occurred when informants were requested by law enforcement to obtain from Defendant the information regarding his plot to murder a government witness, as ruled on repeatedly orally at trial.

Defendant's *pro se* Motion to Clarify Ruling on Defendant's Pretrial Motions (Dkt. No. 148) is denied for the reasons given from the bench at the March 5 hearing.

Defendant's *pro se* Motion to Dismiss Indictment for Selective Prosecution (Dkt. No. 149) is denied as no evidence was presented suggesting that Defendant was prosecuted because he was born in Afghanistan or was thought to be a Muslim. The evidence presented at trial

clearly demonstrates that Defendant was prosecuted for committing multiple robberies and then attempting to prevent his prosecution by hiring persons to kill the victim of one of the robberies and tampering with a witnesses.

Defendant's *pro se* Motion to Clarify Detention (Dkt. No. 150) was argued during the course of the trial, and counsel for Defendant was ordered to notify the Court if Defendant was eligible for a bond hearing because he had completed a prior term of incarceration. No bond hearing was sought after it was determined Defendant was not eligible for release. The motion was therefore denied.

Defendant's *pro se* Motion for Judgment of Acquittal of Counts 2 and 4 under Rule 29 (Dkt. No. 167) is denied for the reasons provided orally from the bench at trial, and as repeated in the Court's order (Dkt. No. 53) in response to counsel for Defendant's motion for judgment.

Defendant's *pro se* motion for judgment of acquittal of counts 1 and 3 for lack of venue (Dkt. No. 168) is denied for the reasons given orally from the bench and in the Court's Order in response to counsel for Defendant's similar motion filed this same date.

Defendant's *pro se* Motion for Judgment of Acquittal or for New Trial for Failure to Suppress Recordings is denied for the reasons previously given orally from the bench during trial. The Court found no violations of Defendant's *Miranda* rights under the *Messiah* caselaw and found that the recordings did not require sealing under 18 U.S.C. 2518(8)(a).

Defendant's *pro se* Motion for Judgment of Acquittal or Remand for New Trial on Counts 9 and 10 (Dkt. No. 17) is denied for the reasons given orally from the bench at trial and in the Court's Order of today responding to the motion filed by Counsel for Defendant.

Defendant's *pro se* Supplemental Motion for Fifth and Sixth Amendment Violations of *Messiah, et al.* (Dkt. Nos. 180-182) is denied. As the Court ruled orally on several occasions, the

testimony at trial, the investigators' notes, and the recordings with the Defendant reveal no attempt by any government informant to obtain a statement by Defendant as to the earlier robberies. Therefore, Defendant's *Miranda* rights were not violated.

Defendant's *pro se* Motion to Clarify his 1291 [*sic* 1219] Appeal is granted, and the Court will explain its earlier denial of the motion. The Court previously found no basis to assert a Double Jeopardy claim under the facts and history of the case. Defendant's earlier trial and hung jury in the state prosecution of his robbery of the taxi cab driver does not prevent his subsequent federal prosecution for the Hobbs Act violation. Because his double jeopardy motion was frivolous, interlocutory appeal is not available. *Richardson v. United States*, 468 U.S. 317, 332 (1984).

Defendant's *pro se* motion for Relief under Fed. R. Crim. P. 23(a) and 38(b) is granted, and the Court will recommend that the Bureau of Prisons designate the Defendant to a facility close to Northern Virginia so that his counsel and family may more easily visit him.

In summary, the Court considered each of the *pro se* motions filed by Defendant, several of which were duplicative of those filed by counsel for Defendant. The Defendant received rulings on each, and the record is preserved for Defendant individually, or by counsel, to appeal those rulings to the Court of Appeals for the Fourth Circuit.

Alexandria, Virginia
June 17, 2010

/s/

Liam O'Grady
United States District Judge