Mirwais Mohamadi Reg.#73533-083

United States Penitentiary, Atwater

P.O. Box 019001

Atwater, CA. 95301

Pro se



IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MIRWAIS MOHAMADI, | ) |
| Petitioner, | ) Civil No._____ |
| | ) Cr. No.:1:09-cr-179 |
| -vs- | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| _____ | ) |

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.

§ 2255 TO VACATE, SET ASIDE OR CORRECT

SENTENCE BY A PERSON IS FEDERAL CUSTODY

COMES NOW, Mirwais Mohamadi, Petitioner, acting Pro se, in the above-styled § 2255 Motion, and respectfully submits the following FACTS and LAW in support of his Pro se Motion to Vacate, Set Aside, or Correct Sentence, being accompanied with this Memorandum and incorporated by reference herein.

Petitioner respectfully invokes liberal construction of his Pro se pleadings as established by case law. Haines v. Kerner, 404 U.S. 519 (1972).

1

original - Clerk

Attachment to 2255 Petition

9(f). GROUNDS RAISED ON DIRECT APPEAL

1. Whether the District Court's decision to permit joinder of the offenses in one trial resulted in a violation of Mohamadi's Right to a Fair trial on all charges

2. Whether the introduction of uncounseled  incriminating statements allegedly made by Mohamadi to the authorities concerning the subject of count 8, was also admitted in support of Mohamadi's guilt on count 2, in violation of Mohamadi's Right to Counsel and a Fair Trial under the 5th and 6th Amendments

3. Whether the District Court lacked proper venue for the charges in Counts 1 and 3, requiring counts be vacated

4. Whether insufficient evidence was offered to demonstrate that the impact on interstate commerce alleged in Count ! was affected to provide federal jurisdiction on that charge

5. Whether the In-Court identifications of Mohamadi were unreliable and should have been excluded from evidence because the photo id  lineup by authorities was overly suggestive

6. Whether th variance between the charges in the indictment and the instruction to the jury caused a fatal constructive amendment to the indictment such that it warrants that Count 1 be vacated

7. Whether the delay between arrest and the federal trial caused Mohamadi's right to Due Process to be violated

2

9(g)(5) GROUNDS RAISED IN PETITION FOR CERTIORARI TO THE
SUPREME COURT

1. Whether defendant was denied his 6th Amendment Right to
counsel when federal agents deliberately elicited
incriminating statements from him after indictment, and in the
absence of counsel, before using these statements against
petitioner at trial as evidence of guilt


12. GROUNDS FOR RELIEF

A. Petitioner Was Denied Effective Assistance Of Counsel As
Guaranteed By The Sixth Amendment To The U.S. Constitution.
Strickland v. Washington, 466 U.S. 688(1984)

GROUND ONE: Petitioner was denied effective assistance of
counsel when counsel violated petitioner's right to counsel of
choice.
(a) SUPPORTING FACTS: In April of 2009 I was indicted in a 10
count felony indictment. In June of 2009 I retained Frank
Salvato.
I was in a contract with Frank Salvato where I was to pay him
$40 thousand for his services, specifically which was to
prepare a defense (research, talk to witnesses, and obtain
evidence) and to represent me in a lengthy multi-count federal
trial.
I fired Frank Salvato in December of 2009 because during 6
months of his representation he had not made any progress in
my case. So in a meeting on December 11, 2009 I released him

3

from his duty to me based on the agreement we made that he would return $20 thousand of the $40 thousand I had put in his trust. Luckily there was an unbiased and reliable witness to this agreement, a U.S. Marshall. see Attachment, Exhibit B (Affidavit from Brian Stalnaker)

Mr. Salvato made clear he would promptly return those funds the same week he is released by the court from representing me. So I filed to the District Court asking for his removal. These discussions are all on the record in my notarized letters sent under seal to the District Court. see Attachment, Exhibit C(Letters to the Judge)

At the hearing when the Court released Salvato, counsel looked me in the eyes and deliberately lied to me and said that my money would be on my account by the weekend because he knew how important it was to me to quickly hire this new attorney. see Attachments, Exhibit G(Petitioners Affidavit)

Salvato was released and he never returned any money. At the end of the month several weeks before trial I wrote the Court again explaining how Salvato's unethical conduct was affecting my constitutional right to counsel of choice.see Attachment Exhibit C (Letter to the Judge)

Salvato is an officer of the Court and should not have interfered with my Sixth Amendment right to counsel of choice. His conduct was unethical and in violation of Virginia Rules of Professional Conduct. And his deficient representation seriously impaired my ability to defend myself. I was in negotiations with two federal attorneys from Richmond Virginia. Salvato failed in his professional duty as an officer of the Court. The money was placed in his trust and he

violated that trust by running off with money he didnt earn
and had agreed to return. Its undisputed he committed
misconduct and fraud and lied to me but his actions hindered
my constitutional right to counsel of choice. If Counsel had
returned my money as agreed upon I would have retained counsel
of choice who was waiting for payment and the outcome would
have been different. Because unlike the public defenders
office who were a 3 hour drive away counsel of choice was only
30 minutes away and I could have been more prepared at trial,
which would have gave me a better chance of success. Counsel's
conduct is similar to the government freezing the assets of
the defendant and preventing him from retaining counsel as was
the case in U.S. v. Stein
see.U.S. v. Gonzalez-Lopez, 126 S.Ct. 2557 (2006).
seeU.S. v. Stein,435 F.supp.2d 330(2d circuit)
see.U.S. v. Inman,483 f.2d 738(4th Cir.1973)
(b)(1)(2)I.A.C.


GROUND TWO: Petitioner was denied his Right to Effective
Assistance of Counsel, when counsel failed to properly
challenge the Court's Violation of Petitioner's Statutory
Speedy Trial Rights in accordance with Zedner v. U.S., 547
U.S. 489(2006)
(a)SUPPORTING FACTS: This claim involves all 10 counts.I was
indicted in this matter on April 9, 2009.
Under the Statutory Speedy Trial section 3161(c)(1)Time Limits
the Trial is to commence within 70 days of the day the
indictment is made public.
On 5-20-09 Defense Counsel Kevin Brehm filed for a motion to

continue trial date.

This motion was granted by the Court without setting forth, in the record of the case, it's reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. When District Court makes no finding on record to support the continuance, harmless error review is not appropriate. The Statutory Speedy Trial requires express findings or continuance not excluded from the Speedy Trial Clock. see Zedner v. U.S., 547 U.S. 688 (1984)

The Statute 3162 clearly warrants a dissmissal so the outcome would definitely been different if counsel was effective. Defense Counsel's Failure to challenge amounted to total failure to actively advocate his client's cause. This is an automatic dismissal of the indictment if counsel was effective. Not only was counsel inneffective for not finding this issue but that is compounded by the fact I filed a Statutory Speedy Trial Motion that gave counsel the hint to look into this matter at least. There was no finding so the sanction is clearly dismissal so the outcome would have been different if counsel was effective. I was prejudiced because I was deprived of Due Process of Law and a possible lesser sentence because a new grand jury might not have returned on all those counts.

GROUND THREE: Petitioner was denied effective assistance of counsel when counsel failed to investigate defense or obtain favorable evidence

(a) SUPPORTING FACTS: This claim pertains to the robbery counts

6

1 and 2 and counts 6,7,8,9,and 10 (new offenses that occurred
in jail)
Petitioner was indicted for 10 counts but counsel only
presented evidence at trial towards only 1 count(robbery of
Haile) and had no defense for the other 9 counts.
Even with the robbery they missed a very important piece of
evidence.


1.)Trial testimony showed that the robberies occurred late at
night during Memorial day weekend in May of 2007.Testimony at
trial placed petitioner at a certain location at certain
time.
Ms. Riley stated in a recorded interview with police she went
to a club called "Steve's Barroom" in Dupont Circle with
petitioner moments before the robbery. Petitioner insists he
was not there that night in D.C. Petitioner was actually
banned from coming to that club after a disagreement with the
owner Steve Swetlow. see Exhibit F (Petitioner's Affidavit)
Petitioner asked all of his attorneys to please get these
video recordings to prove his innocense. This recording along
with Riley's proven false statement that she called 911 in
D.C.after the robbery(neither gov. or defense found this
call),her conflicting statements in each interview by
police(initially she stated she was robbed by a friend of
$700, then in a later interview it became $1,200 ,then in
another interview it became $2,000) would have definitely gave
the jury something to think about.see Exhibit D 1-2(Riley
interviews by different police) Trial counsel failed to
investigate or obtain alot of important evidence proving

petitioner's actual innocense.(cell site location for petitioner's phone,cell site location of Riley and Haile's phones)

Petitioner finally obtained a private investigator to try to go get these recordings but when she interviewed the building manager of the building that had "Steve's Barroom" in it the manager stated that there are several cameras that record the coming and going of customers to the nightclub but these recordings were only available for two years. He also stated that if asked by defense counsel or police he would have provided these recordings. see Exhibit F(Building Manager's affidavit)

The alleged robbery occurred in May 27,2007. Petitioner was indicted in Federal Court in April 9,2009. Despite the prejudicial delay caused by the Government's strategy there was still almost two months that counsel had the window of oppurtunity to investigate and obtain these recordings.I was telling counsel from the beginning to hurry and get these recordings. Counsel's deficient performance deprived me of one of the most powerful pieces of evidence that would have proved my innocense.


2.)Counsel failed to investigate the print examiner Wanda Sue Mccall in Alexandria who was involved in unprofessional conduct and removed from petitioner's case even though she made the print match and was supposed to testify but she was replaced. Also counsel did not establish a chain of custody for the print.

3.)Petitioner asked counsel to pursue a diminished capacity
defense to the offenses that occurred at the jails nearly two
years after initial charge(Counts 6,7,8,9,and 10)
Petitioner had just got released from isolation after
attempting suicide the day that the government informant
obtained those deliberately elicited incriminating statements
on the recording.Counsel failed to investigate this count
because if they looked at the living unit records they would
see that the informant lied on the stand saying I asked him to
kill Haile a couple weeks before he went to authorities. But I
was in Isolation for a suicide attempt and I was in a
different unit and could only come out for 1 hour a day to
shower and make a call.the phone logs show I was on the phone
nearly the whole hour with 5 minutes to take a quick shower.
Petitioner was on strong medication (deprokote,serequel,
resperdal) and placed in a mental health unit when the phone
calls that were used as evidence in the witness tampering
count occurred.see Exhibit E(Prescription Notes) Combine that
with the stress and anxiety of jail and clearly petitioner was
operating with a diminished capacity or some type of
deficiency. McLuckie v. Abbott, 337 f.3d 1193,1199(10
cir.2003)(failure to assert mental state defense)Even the
court ordered mental health treatment in the judgement order.
4. Counsel failed to investigate the firearm that magically
appeared from thin air two weeks before trial.I am trying to
find a way to find out but its proving most diffucult. This is
something that would have took the government all of 5
minutes.I dont know why they didnt trace the gun to see who it
belongs to.

9

Petitioner was indicted in a 10 count indictment and counsel
did not investigate each count and present a defense to each
count. Counsel only presented a defense to one count the,
robbery of Haile.

Counsel was inneffective for failure to properly and
adequately investigate petitioner's criminal case and
canvassing and marshalling facts and evidence in defense of
petitioner.see United States v. Mooney, 497 f.3d 397,404(4th
cir.2007)

Counsel's deficient performance prejudiced petitioner by
depriving him of due process of law and 5th and 6th amendment
fundamental principles,and a fair oppurtunity to defend myself
and a possible better outcome.

If counsel hadn't just focused on one count we could have got
some of the others dismissed.And recieved a lesser sentence.


GROUND FOUR: Petitioner was denied effective assistance of
counsel when counsel failed to object to District Court's
Constructive Amendment of Indictment

(a)SUPPORTING FACTS:Petitioner is Actually, factually,and
legally innocent of the federal solicitation to commit murder
for hire.The Trial testimony shows that two innmates in a
local jail had conversations about killing a witness. There
was no phone or mail used, no conversations regarding
interstate travel in furtherance of a crime just two inmates
who talked in a cell about killing a witness. If the testimony
is to be believed this was purely a state matter. Informant
Stephen Grant stated in court during cross that he was never
provided with any information for where the target lived. see

Trial Transript Pge 401,Line 21-23. But the indictment clearly states in relevant part:

"On or about November 1, 2007...Mirwais Mohamadi..did solicit ,command...former inmate 2, to engage in such conduct, THAT IS TO TRAVEL IN INTERSTATE COMMERCE FROM VIRGINIA TO THE TAXI CAB DRIVER'S HOME IN THE STATE OF MARYLAND TO MURDER...." (emphasis added)

In the indictment for counts 6 and 7 I was indicted for solicitation to commit murder for hire..

The federal solicitation statute requires a finding, not that a federal offense resulted from the solicitation but that the defendant intended the acts constituting a federal offense result. The Statute by itself is clear on that. The murder for hire attached to this solicitation requires interstate travel or use of interstate facilities in furtherance of the murder. Now the indictment clearly lists the essential elements. It states that I asked the inmate "to travel to Maryland to kill the driver for money". The interstate element is important and I am confused as to how the government was able to get that put on the indictment. There was fraud upon the grand jury to get this indictment because that is a neccassary element thats required so how did the grand jury get this fact when the informant clearly states on the record he never knew where the driver lived and that I never asked him to travel to Maryland. Counsel objected at trial that the government did not prove that essential element but counsel allowed the court and the government to constructively amend the indictment. At the rule 29 hearing the A.U.S.A broadened the scope of the indictment by saying that the interstate requirement can be met by the

11

fact he works in D.C., therefore broading the scope of the indictment. Then in the jury instruction they ommitted the interstate travel to Maryland and further constructively amending the indictment. Therefore counsel was not effective by not objecting to the constructive amendment in the indictment.This is an essential element that is being changed. This is an obvious and clearly established issue. Court lacked jurisdiction to convict and sentence on this count.There was and is no federal jurisdiction.The evidence at trial in no way proves the interstate element. Counsel was inneffective for not properly challenging this constructive amendment/fatal variance in the indictment where they broadened the scope of the indictment. How am I supposed to defend myself against constantly shifting elements. This conviction and sentence lacks jurisdiction because the indictment is defective and the court constructively amended the indictment causing a fatal variance. By its order in the Rule 29 motion evidence at trial and thru its jury instructions. The Grand Jury accused petitioner for a specific solicitation for murder for hire that petitioner was proven innocent of so the government and the court came up with there own offense to convict petitioner on.This violates the petitioner's 5th and 6th amendment rights.This was a clearly established fact overlooked by counsel that would've got a reversal because it's undisputed that the government cant change elements of an offense in the indictment mid trial.

GROUND FIVE:Petitioner was denied his Right to Effective Assistance of Counsel, when counsel failed to challenge the

defective indictment for counts 1 and 2

(a)SUPPORTING FACTS: Petitioner was indicted for 2 counts of Hobbs Act robberies.Count one states an attempted robbery but the government argued in motions and presented at trial a completed robbery. Both counts lacks the word "Knowingly" but most importantly the language of the indictment primarily followed the language of the statute while leaving out an essential element of the offense on how interstate commerce was affected.The indictment only stated that "personal property""United States Currency" was taken and that the victims were involved in a business that was involved in interstate commerce. None of the three required standard Hobbs Act "affect on commerce" theories are described. This indictment is missing an essential element that deprives the Court of jurisdiction for judgement and sentence. There is no mention of how interstate commerce was affected  by the robbery. This deprived petitioner of the ability to prepare a defense. Where the very core of criminality depends upon a specific identification of fact, an indictment must do more than simply repeat the language of the criminal statute. There are two essential elements in a Hobbs Act robbery:

1.taking of property by robbery


2.and the subsequent affect on interstate commerce caused by the robbery


Now during each proceeding the government has jumped from one theory to another.

A cryptic form of indictment in cases of this kind requires
the defendant to go to trial with the chief issue undefined.
It enables his conviction to rest on one point and the
affirmance of the conviction to rest on another. It gives the
prosecution free hand on appeal to fill in the gaps of proof
by surmise or conjecture.For example when we filed a pretrial
motion stating that the Hobbs Act offenses lacked federal
jurisdiction because theres no affect on interstate commerce.
The government responded that interstate commerce is affected
because petitioner traveled interstate and used interstate
facilities prior to the robbery(phone,internet)Unlike the
Travel Act 18 USC 1952(which clearly lists interstate travel
as an element in its statute),the Hobbs Act 18 USC 1951 doesnt
prohibit interstate travel or use of interstate facilities.
The Hobbs Act statute clearly prohibits ROBBERIES that affect
INTERSTATE COMMERCE. It doesnt say it prohibits interstate
travel before a robbery. It doesnt say it prohibits use of
interstate facilities before a robbery. The Supreme Court in
"Lopez"identified three channels  under the Commerce Clause
that gives jurisdiction to each crime. The Stutory language
describes which channel each offense invokes. The Hobbs Act
falls under the 3rd channel where it has to have an affect on
interstate commerce. While other offenses like the Travel
Act,Firearm offenses,and Carjacking Statute ,for examples,
requires interstate travel. When lawyers are effective they
understand this principle and hold the government to the facts
and not allow them to have there way. But that wasn't the case
here. Then at trial the government changed its theory to
"Riley purchased a hotel in Maryland, rented a vehicle in

Maryland so interstate commerce is affected by her purchases
outside the state. But when I raised a Rule 29 Venue argument
saying that the prohibited act of robbery occurred in D.C. and
there was no affect on interstate commerce in Virginia because
she made purchases outside of Virginia so the venue for
prosecution is improper in Virginia because venue for a hobbs
act lies where the robbery occurred or where interstate
commerce was affected. So in response the governments theory
on the "affect on interstate commerce" changes once again
saying that because the exchange of money occurred during
Riley's prostitution activity in Virginia so interstate
commerce was affected in Virginia. Quite naturally the Court
joined the government. But the prostitution activities have
nothing to do with the act of robbery and they occurred before
the robbery.If it occurred before the robbery how did the
robbery affect the exchange of money that had already occurred
before the robbery. This defies logic and conflicts with the
jury instructions. Then the jury was instructed on a depletion
of assets theory that said if the evidence proved that any of
the victims would have used funds to purchase goods outside of
Virginia then they should find that interstate commerce was
affected.This theory was nowhere in the indictment.But in
Count 1 the robbery started and ended in D.C. so the only way
venue could be in Virginia is if interstate commerce was
affected in Virginia but there is no way the jury found that
interstate commerce was affected in Virginia if the
instruction told them the goods had to be purchased outside of
Virginia. Far from informing petitioner of the nature of the
accusation against him, the indictment instead left the

15

prosecution free to roam at large- to shift its theory of
criminality so as to take advantage of each passing
vicissitude of the trial and appeal. Counsel was fully briefed
on this subject by petitioner but counsel's sense of pride
wouldnt allow him to listen to a guy with a G.E.D. If counsel
had challenged the indictment at a minimum with a bill of
particulars we would have resolved the question of what does
the indictment describe as to how petitioner affected
interstate commerce. The outcome definitely would have been
different. Just look at "U.S. v. Stirone" and how the court
dismissed the whole jury conviction based on a slight
constructive amendment of the indictment where the jury
instruction changed the item in interstate commerce. To let
this conviction stand here it will be a total miscarriage of
justice. This indictment is defective and it was
constructively amended when the charging terms are altered and
evidence at trial proves facts materially different. All in
violation of petitioner's Constitutional rights depriving this
court with jurisdiction. And Petitioner will be deprived of
due process of law. .
Counsel's deficient performance overlooking and not properly
arguing such a clear and established issue prejudiced me by
depriving me of due process of law and a dismmissal of
charges. I recieved a substantial amount of time.And effective
counsel would have made a more passionate defense.Not once did
counsel pursue an interlocutory appeal to the many decisions
the Court made outside the law.


GROUND SIX:Petitioner was denied effective assistance of

16

counsel when counsel failed to raise Brady Violations

(a)SUPPORTING FACTS: 1.)In the wire recordings the informant does alot of nonverbal communication with Joseph Battista. Richard Bryan was paid well by another inmate to cooperate against me.

So after I put the pressure on counsel and kept telling them theres more to this situation but they would not believe me and my jailhouse sources. They finally asked Richard Bryan at trial how he became involved with the ATF when he was in prison for a state probation violation and Richard Bryan became evasive and finally said it was through another prisoner.Which made counsel start to realize that my theory may have some merit. But he lied and told counsel he did not know who the inmate was. The government knew very well that Richard Bryan is very familiar with Joseph Battista especially considering that Mr.Battista paid him money and even gave him a vehicle to cooperate with the police to help him get time reductions.After the state trial the informant ran off and was tracked down by his handler and he had a variety of drugs and a vehicle. For someone who just got out with no job he's doing well for himself. The government knew Richard Bryan was lying and did not say anything. Counsel should have objected to these violations especially considering that the grand jury records show that Castro testified and said he got involved in my case after Battista's ATF handlers called him.see Grand Jury Records Castro testifying Pages 2-8.Then while I was being held at Northern Neck Regional Jail I happened to be in an Isolation cell in a hallway across from medical and it just so happens Battista has medical issues and always going to

pill call and I happen to see him and after some casual conversation he admitted to me that he paid Richard Bryan to help him get a reduction. He didn't say it was for my case, he just told me in a general .He's extremely arrogant you would have to know him to understand.see Exhibit G(petitioner's affidavit)The Supreme Court has held that "regardless of request, favorable(exculpatory or impeachment) evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability, had the evidence been disclosed to the defense, the result of the proceeding would have been different(not a different verdict but if he recieves a fair trial).see Kyles v. Whitley,514 U.S. 419(1995) Bryan swore under oath that his only motive for cooperating was to save the driver's life. But the truth that the government suppressed shows a more sinister motive and shows the jury that there is more to the story. Its easy to believe that someone actually has good intentions when he does a good deed for no gain.But when you put financial motivations in the picture it opens the door for doubts as to the whole situation. Opening the door to reasonable doubt. This is very important evidence which explains the governments extra effort to suppress it.Counsel was ineffective for not challengimg this clearly established violation. Counsel could have requested the grand jury records for Castro and saw he was called by Battista's case agent. And counsel could have questioned Castro on the stand but they didn't. Sometimes attorneys dont want to win a case so they just go thru the motions without causing any ripples.

2.)Alexandria Police put in a subpoena to get petitioner's

cell site locations for his phone back in 2007. I got was this
supeona on 3-1-10 from State Court's record for all the
filings in my case. see Exhibit I (subpoena for phone records)
This subpoena shows that  Alexandria Police had the cell site
info but never turned it over to defendant. Petitioner filed a
pro se motion with the Court requesting these records
specifically and the Government denied ever having them.
Caselaw is clear the government is responsible when there
police department with holds evidence especially when
petitioner made a specific request.

3.) I was given redacted versions of the recorded phone calls
because the government intentionally with held exculpatory
conversations that undermine there witnesses and theories. All
of the government's prosecution witnesses were individuals
petitioner either met in jail during his extremely long and
oppressive pretrial detention or individuals I met while Ie
was locked up and all of the conversations are memorialized in
those calls. The government is aware of exculpatory material in
those calls but they have just provided hundreds of hours of
recordings and then altered them and gave me redacted versions
in violation of BRADY. I brought this up in Court on several
occassions but the Court never really took me seriously. I have
the discs and proof they have been altered.

This evidence withheld by the government is very important and
the outcome would have been different if the jury would seen
concrete proof like cell site locations disproving the
governments theory and phone calls clearly contradicting
testimony provided by prosecution witnesses.

19

GROUND SEVEN:Petitioner was denied effective assistance of
counsel when counsel did not object to abuse of his 5th
Amendment Right to an indictment by a reasoned and informed
Grand Jury/and Grand Jury abuse

(a)SUPPORTING FACTS:The fact finding process of the federal
grand jury was prohibited or invaded by misleading statements
through law enforcement witnesses
The testimony from Riley during her grand Jury visit states
that she was robbed but the indictment came back for an
attempted robbery.If counsel had done his job and challenge
these improprieties I would have had a fair trial.
Then the Solicitation for murder for hire properly states the
correct elements in the indictment but there is no way they
could have got one of the essential elements which was that
petitioner asked jail informant to travel from Virginia to
Maryland to murder someone in there home.But there is no
evidence on the record that supports that claim. Even the
informant stated in trial he was never told to travel anywhere
by petitioner.There is no mention of it in his grand jury
testimony.
The Federal grand jury was misinstructed on the law by the
AUSA office in order to insure petitioner's indictment and to
aid in his conviction and sentence.


***Many of the facts supporting this claim are still in the
hands of the AUSA's Office. Therefore,Petitioner needs the
grand jury records to prevent dissmissal of this Petition; I
seek disclosure of the Grand Jury testimony and instructions
on the law relative to my indictment which is required by

Title 28 USC 753(f):1863;2250; and Rule 6(e) of the Federal
Rules of Criminal Procedure; and Rule 8-15;56 of the Federal
Rules of Civil Procedure***

GROUND EIGHT: I was denied effective assistance of counsel
when counsel failed to properly argue my Sixth Amendment Right
To Counsel Violation

(a)SUPPORTING FACTS: In September of 2008 I was indicted for
the robbery with a firearm of Gebru Haile in Alexandria,
Virginia.In November of 2008,two weeks before trial a jaihouse
informant, with hidden recording device, deliberately elicits
incriminating statements from me under the guise of
investigating a murder for hire. Despite this informant I had
a hungjury for the state robbery and gun charge and I was
waiting retrial when the feds picked up the same robbery and
gun charge in addition to 8 other counts.

During pretrial motions counsel argued that the use at trial
of the recordings about the new murder for hire offenses would
violate my right to counsel under Massiah on the old pending
robbery charges because my right to counsel was attached to
the robbery when the recordings were obtained.(this is wrong
because the exclusion of the recording is the remedy for the
sixth amendment violation which is established by the
uncounseled interrogations) Now the judge denied the motion
and made his own unsupported Massiah finding "that none of the
informants were agents of the government when the initial disc
ussions about the robbery occurred but when they became agents
they never asked any direct questions about the robbery so my
Massiah right was not violated".Both of these findings are not

2\

crroect and a misapplication of 60 years of Supreme Court
precedent on this issue.. Both counsel and the Court's Massiah
Violation finding is unsupported by controlling caselaw.Whats
more troubling is that the Supreme Court declared in 2009 in
the case Kansas v. Ventris exactly what the Massiah violation
is. They explain that the violation occurs at the time of the
uncounseled interrogation and suppression is the usual remedy
but the violation is not when the evidence is presented at
trial. This is the law that counsel should have been aware of.
His misunderstanding was clearly unpardonable since that
Supreme Court case came out in January of 2009 and he should
have read and understood it before representing me in 2010.
see United States v. Williamson 183 f.3d 458,463-64(5th Cir.
1999)(counsel's failure to cite directly controlling precedent
was inneffective) Also during a pretrial hearing on February
26, 2010 counsel argued his outdated understanding of the
issue before the Court and the Court then stated that he was
assured by the government that the recordings were only going
to be used as evidence towards the murder for hire and not
towards the robbery. And if thats not true he will then
declare a mistrial. But in the Governments closing argument he
clearly ties the murder for hire recordings as evidence of
guilt towards the robberies and counsel didnt object and
remind the Court to follow thru on his promise for a
mistrial. Counsel was inneffective for not staying up to date
with the controlling law and his performance was deficient for
not holding the Court to his word and there would have been a
possible mistrial. Counsel's failure to suppress illegal
evidence and inability to pay attention cost me dearly. If

22

counsel had been effective this evidence would have been
suppressed and or a mistrial would have occurred.


GROUND NINE:Petitioner was denied Effective Assistance of
Appellate Counsel  when counsel failed to raise on appeal that
my right to self representation was violated
(a)SUPPORTING FACTS: This issue involves all counts. I was
denied my right to effective assistance of counsel when
apellate counsel did not raise on appeal that my right to
self-representation was violated.
On 1-5-2010 I declared in Court I want to represent myself but
the Court denied my request and just brushed me off casually.


I filed a motion with the Court to go Pro Se In February of
2010.see Exhibit J (Motion to go Pro Se) But this motion was
never addressed by the Court.
On 3-16-10 in open Court I moved to  represent myself and this
request was denied by the Court.see Docket #155 filed on 3-16-
10. also see Trial Transcript page 837,Line 13. I took several
affirmative actions to invoke my right to represent myself.
The Supreme Court held that the Sixth Amendment guaranteed a
criminal defendant the right to represent himself at trial.
28 USC 1654 provides that criminal defendants in federal court
also have a statutory right to "plead and conduct their own
case"
I clearly and unequivocally asserted my right to proceed pro
se.SEE Feretta v. California, 95 S.Ct. 2525(1975)
I directed counsel to raise this on appeal.
but he did not raise this clearly established issue that would

have changed the outcome of the appeal.Its obvious and the
record supports this claim so counsel was unprofessional for
not seeing the merit of this issue. His deficient performance
deprived me of a reversal denying me relief because this issue
is a structural error.


GROUND TEN:Petitioner was denied his Right to Effective
Assistance of appellate counsel when consel failed to raise on
appeal the improper denial of my motion to challenge the jury
selection procedures and request for records authorized by
the J.S.S.A. 1867

(a)SUPPORTING FACTS: Petitioner filed Pro Se Motion to dismiss
indictment because the Grand Jury had been, and petit jury
would be, selected systematically excluding
Hispanics,Blacks,and blue collar citizens who are my peers in
my community violate both the Sixth Amendment right to an
impartial jury and the Jury Selection an Service Act of
1968,28 usc 1861. I then filed a motion for jury selection
records because I needed to see it to support my claim. The
District Court denied my motions(but it seems if the Court
mistook this motion for a request for grand jury transcripts)
Nevertheless the Supreme Court in "Test"held that under the
provisions of the Jury Section And Service Act authorizing
the inspection of records at all times during the preperation
and pendency of motion challenging jury selection procedures
that defendants had an unqualified right to inspect the jury
lists. As expected at my trial there was an exclusion of
hispanics and blacks and young adults. Counsel's failure to
raise this properly raised and preserved issue that the

24

Supreme Court describes as a "Unqualified Right" It is clearly obvious to any competent attorney this is a good issue to pursue.

GROUND ELEVEN: Petitioner was denied his Right to Effective Assistance of Appellate Counsel, when counsel failed to properly raise on appeal that Petitioner's conviction for Solicitation to commit murder for hire lacked federal juridiction and/or  insufficient evidence to convict or sentence him

(a)SUPPORTING FACTS:The Trial testimony shows that two innmates in a local jail had conversations about killing a witness. There was no phone or mail used, no conversations regarding interstate travel in furtherance of a crime just two inmates who talked in a cell about killing a witness. Informant Stephen Grant stated in court during cross that he was never provided with any information for where the target llived.see Trial Transript Pge 401,Line 21-23. But the indictment clearly states in relevant part:

"On or about November 1, 2007...Mirwais Mohamadi..did solicit ,command...former inmate 2, to engage in such conduct, THAT IS TO TRAVEL IN INTERSTATE COMMERCE FROM VIRGINIA TO THE TAXI CAB DRIVER'S HOME IN THE STATE OF MARYLAND TO MURDER...."(emphasis added)

In the indictment for counts 6 and 7 I was indicted for solicitation to commit murder for hire..

The federal solicitation statute requires a finding, not that a federal offense resulted from the solicitation but that the defendant intended the acts constituting a federal offense

25

result.The murder for hire attached to this solicitation
requires interstate travel or use of interstate facilities in
furtherance of the murder. Now the indictment clearly lists
the essential elements. It states that I asked the inmate to
travel to Maryland to kill the driver for money. But the
record shows that this essential element was never proven at
trial. Petitioner filed Pro se motions before and after trial
insisting this count lacks federal jurisdiction.Trial counsel
filed a Rule 29 motion insisting that this count should be
dismissed. Appellate counsel has a clearly obvious issue thats
properly preserved and he neglected to raise this issue. But
he dedicated nearly 40 pages of the appeal brief to a longshot
severance argument. Under no possible view of his alleged
conduct is this a federal crime. For a solicitation to be
federal it has to be a  solicitation of a federal
crime.(murder for hire requires the actual use of interstate
facilities or actual interstate travel occurred)to solicit a
federal murder for hire you have to trigger those
jurisdictional elements so you gotta tell someone to go to a
different state or ask someone from a different state to come
to tour state to commit a murder otherwise the offense is
purely a state matter.these jurisdictional essential elements
are not trivial issues.defense counsel's failure to raise this
dead bang winner deprives petitioner of effective assitance of
counsel.

see U.S. v. Korab,893 f.2d 212(9th 1989)

see U.S. v. Bateman,875 f.2d 1304,1307(7th Cir.1989)


GROUND TWELVE:Petitioner was denied his Right to Effective

Assistance of Appellate Counsel, when counsel failed to raise
on appeal the defective indictment for counts 1 and 2

(a)SUPPORTING FACTS: Petitioner was indicted for 2 counts of
Hobbs Act robberies. The language of the indictment primarily
followed the language of the statute while leaving out an
essential element of the offense on how interstate commerce
was affected. This deprived petitioner of the ability to
prepare a defense. Where the very core of criminality depends
upon a specific identification of fact, an indictment must do
more than simply repeat the language of the criminal statute.
There are two essential elements in a Hobbs Act robbery:

1.taking of property by force or threat or violence(act of
robbery)

2.and the subsequent affect on interstate commerce caused by
the robbery

Now during each proceeding the government has jumped from one
theory to another.

A cryptic form of indictment in cases of this kind requires
the defendant to go to trial with the chief issue undefined.
It enables his conviction to rest on one point and the
affirmance of the conviction to rest on another. It gives the
prosecution free hand on appeal to fill in the gaps of proof
by surmise or conjecture.For example when we filed a pretrial
motion stating that the Hobbs Act offenses lacked federal
jurisdiction because theres no affect on interstate commerce.
The government responded that interstate commerce is affected
because petitioner traveled interstate and used interstate
facilities prior to the robbery(phone,internet)Unlike the
Travel Act Hobbs act doesnt prohibit interstate travel or use

of interstate facilities. The Hobbs Act statute clearly
prohibits ROBBERIES that affect INTERSTATE COMMERCE. It doesnt
say it prohibits interstate travel before a robbery. It doesnt
say it prohibits use of interstate facilities before a
robbery. Then at trial the government changed its theory to
"Riley purchased a hotel in Maryland, rented a vehicle in
Maryland so interstate commerce is affected by her purchases
outside the state. But when I raised a Venue argument saying
that the prohibited act of robbery occurred in D.C. and there
was no affect on interstate commerce in Virginia so the venue
for prosecution is improper in Virginia because venue for a
hobbs act lies where the robbery occurred or where interstate
commerce was affected. Now the governments theory on the
affect on interstate commerce affect changes again saying that
because the exchange of money occurred during Riley's
prostitution activity in Virginia that the interstate commerce
affect was the exchange of money.But that occurred before the
robbery so how did the robbery affect the exchange of money
that occurred before the robbery even occurred. Then the jury
was instructed on a depletion of assets theory that said if
the evidence proved that any of the victims would have used
funds to purchase goods outside of Virginia then they should
find that interstate commerce was affected. In Count 2 the
robbery occurred in Virginia so venue is proper in Virginia.
But in Count 1 the robbery occurred in D.C. so the only way
venue could be in Virginia is if interstate commerce was
affected in Virginia but there is no way the jury found that
interstate commerce was affected in Virginia if the
instruction told them the goods were purchased outside of

Virginia. Far from informing petitioner of the nature of the accusation against him, the indictment instead left the prosecution free to roam at large- to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal. To let this conviction stand it will be a total miscarriage of justice.

GROUND THIRTEEN: I was denied effective assistance of appellate counsel when counsel failed to properly argue my Sixth Amendment Right To Counsel Violation

(a)SUPPORTING FACTS: While I was waiting to go to trial for a robbery and gun charge in the state a joint state and federal task force used a jailhouse informant to deliberately elicit incriminating statements from me on a hidden recording device. I had a hungjury for the state robbery and gun charge and I was waiting retrial when the feds picked up the same robbery and gun charge in addition to 8 other counts.

During pretrial motions counsel argued that the use at trial of the recordings about the new murder for hire offenses would violate my right to counsel under Massiah on the old pending robbery charges because my right to counsel was attached to the robbery when the recordings were obtained. Now the judge denied the motion saying that none of the informants were agents of the government when the initial discussions about the robbery occurred but when they became agents they never asked any direct questions about the robbery so my Massiah right was not violated. Now both trial counsel's argument is misplaced and the Court's Massiah Violation finding is unsupported by any caselaw.Appellate counsel followed trial

29

counsel and presented the same incorrect argument despite my
countless emails and phone calls explaining to him The
Supreme Court declared in 2009 in the case Kansas v. Ventris
that the Massiah violation occurs at the time of the
uncounseled interrogation and not at trial when the evidence
is presented. This is the law, what makes appellate so
inneffective is that I told him ahead of time he was framing
the argument improperly but he ignored me. His ignorance of
the law was clearly unpardonable since that Supreme Court case
came out in January of 2009 and he should have read and
understood it. Counsel was innefective for not staying up to
date with the controlling law and his performance was
deficient for not properly arguing my issue. Even the Fourth
Circuit stated "notably apellant is not contending that the
District Court clearly erredin his finding" which just
highlights the fact that the Circuit Court knew the District
Court made an incorrect finding but since appellate counsel
didn't properly challenge it therefore appellant was deprived
of relief.

Counsel's performance also was deficient based on the fact
that I told him to properly establish the Sixth Amendment
violation by Looking at the portion of the wire recording ,the
government intentionally skipped past when making transcripts,
which shows the informant clearly asking about the pending
robbery charge which creates the violation and then they could
have asked not to use the recordings because it came from a
constitutional violation.Then in one of the visits the
informant clearly asks about petitioners attorney and about a
witness in the robbery case clearly violating petitioner's

right to counsel. Either counsel intentionally sabotaged my
case or they really had alot going on in there lives when they
were representing me. If counsel had just listened to my
guidance and asserted that the District Court's Finding was
incorrect the appeal would have been remanded to the District
Court and the case could have been remanded back to the
District Court and now that I have a confident understanding
of the law I can reason with the Court in a more professional
and intelligent manner. Which will ultimately get me a better
result then being defensive and argumentative back when I was
ignorant to the law and rules.


GROUND FOURTEEN : Petitioner was denied Effective Assistance
of Appellate Counsel as guaranteed by the 6th Amendment to the
U.S. Constitution when counsel failed to raise on appeal that
my right to counsel of choice was vioated
(a)SUPPORTING FACTS: I was denied my Sixth Amendment Right to
effective assistance when appellate counsel did not raise the
issue on appeal that my Right to Counsel of Choice was
violated when the Court blocked my access to my money to hire
my attorney of choice.
On April 9, 2009 I was indicted by the feds and transferred
from the local jail by the Marshalls to a jail in the
outskirts of Virginia about 3 hours away. Upon my arrival I
was placed on very restrictive conditions where I was not
allowed to use the mail, phone, or visits to communicate with
anyone.See Exhibit K(Email from US Marshall) Now at that point
in time I had assets(money,jewelry,vehicle-the BMW is
mentioned in the indictment where I allegedly offered it to

inmate informant to murder Haile) in the care of individuals I trust that I was prevented from utilizing to retain counsel of choice. Its obvious that those who have money and end up in jail they have to direct someone they trust to manage those funds to utilize it for attorney fees and there defense. But no matter how much money you have if the Courts block all forms of communication there is no way to use your money in your defense.

Individuals who can afford to retain counsel have a qualified right to obtain counsel of there choice. Counsel's failure deprived me of due process Furthermore when Salvato was released the Court appointed Federal Defenders but told me in court that I could hire an attorney but when I return to the jail the authorities tell me I can only call the federal defenders and could not call any other attorney.See Exhibit L(grievance) How am I supposed to retain counsel under these conditions.see Exhibit C (letters to Judge) Okay I had one incident where I knew the receptionist at my state defense attorney's office and she made calls for me.(I didnt do this to circumvent security I did that because the jail let you call lawyer's phone line for free and these calls were recorded by the law firm).That alone doesnt justify violating my constitutional rights. Appellate counsel overlooked a significant and obvious issue that if presented would have altered the outcome of the appeal.see Evitts v. Lucy, 469 U.S. 387(1985);U.S. v. Inman,483 F.2d 738(4th Cir.1973);Grady v. Alabama,569 f2d 1318(5th Cir.1978) and U.S. v. Gonzalez-Lopez,126 S.Ct 2557(2006)

GROUND FIFTEEN: Petitioner was denied effective assistance of
counsel when appellate counsel failed to raise on appeal that
petitioner was denied his right to counsel of choice during
his trial

(a)SUPPORTING FACTS: In April of 2009 I was indicted in a 10
count felony indictment. Promptly after the hearing I was
taken into custody by the U.S.Marshalls Office and relocated
to a jail 3 hours away from the federal courthouse I was being
prosecuted at. In June of 2009 I retained Frank Salvato.
I was in a contract with Frank Salvato where I was to pay him
$40 thousand for his services, specifically which was to
prepare a defense (research, talk to witnesses, and obtain
evidence) and to represent me in a lengthy multi-count federal
trial.

I fired Frank Salvato in December of 2009 because during 6
months of his representation he had not made any progress in
my case. So in a meeting on December 11,2009 I fired him after
we made an agreement that he would return $20 thousand of the
$40 thousand I had put in his trust until the completion of
his service and duty to me. Luckily there was an unbiased and
reliable witness to this agreement, a U.S. Marshall. see
Attachment, Exhibit B (Affidavit from Brian Stalnaker)
Mr. Salvato made clear he would promptly return those funds
the same week he is released by the court from representing
me. So I filed to the District Court asking for his removal.
These discussions are all on the record in my notarized
letters sent under seal to the District Court. see Attachment,
Exhibit C-(Letters to the Judge)
At the hearing when the Court released Salvato, counsel looked

33

me in the eyes and deliberately lied to me and said that my
money would be on my account by the weekend because he knew
how important it was to me to quickly hire this new attorney.
see Attachments, Exhibit G(Petitioners Affidavit)
Salvato was released and he never returned my money. At the
end of the month several weeks before trial I wrote the Court
again explaining how Salvato's unethical conduct was affecting
my constitutional right to counsel of choice.see Attachment
Exhibit C (Letter to the Judge)
Salvato clearly Violated my Sixth Amendment's Right to Counsel
of Choice. I notified appellate counsel about all of these
aforementioned facts with the evidence and I directed him to
raise this structural error on appeal but he did not listen to
me. I was prejudiced by counsel's actiion because he deprived
me of due process of law.This is a clearly established issue
with evidence supporting so counsel was inneffective for not
raising this important issue thats a structural error because
if he did the outcome of my appeal would have been different
and I would have recieved a new trial..If counsel was
effective he would have seen the merit in this claim and once
raised harmless error isn't an option with a structural
error.
1.Evitts v. Lucey, 469 U.S. 387(1985)
2.U.S. v. Gonzalez-Lopez, 126 S.Ct. 2557 (2006).
3.U.S. v. Stein,435 F.supp.2d 330(2d circuit)
4.U.S. v. Inman,483 f.2d 738(4th Cir.1973)
(b)(1)(2)I.A.C.

GROUND SIXTEEN: Accumulated Inneffective Assistance of Counsel

and Errors

(a)SUPPORTING FACTS: Petitioner herein re-alleges every claim

of inneffective counsel/appellate counsel set forth above in

Grounds One Thru Fifteen. As a consequence of counsel's

deficient performance during movant's criminal

pretrial,trial,sentencing and appellate proceedings the

petitioner was deprived a fair trial.

The Courts have recognized and accepted a theoretical

underpinnings of the cumulative error argument.see U.S. v.

Dwyer, 843 f.2d 60,65(1st Cir.1988);U.S. v. Sepulveda,15 f.3d

1161(1st.cir. 1993);Henry v. Scully,78 f.3d 210(2nd

Cir.2001)(inneffective predicated on cumulative error)

**In light of petitioner's inability to review the full

transcript(Never recieved transcripts from any attorney of

record)Petitioner humbly requests permission to amend this

2255 after receipt of the entire criminal files. In addition

to the already presented errors I would add the following in

there own capacity and cumulatively:

Furthermore, Petitioner contends that counsel was specifically

inneffective by failing to raise appropriate challenges prior

to trial, at trial, or at sentencing,in doing one or more of

the following acts:

a.)Not raising appropriate challenges to venue especially in

regards to Count !;

b.)In not seeking collateral or judicial estoppel as to

petitioner's federal charges, after the state dismissed

charges on insufficiency of evidence grounds--occurring thru

mistrial in the styate of Virginia;

c.)In not challenging petitioner's extradition to federal

jurisdiction as violative of both state and federal law;

d.)In not challenging the Interstate Agreement on Detainer's Act by the United States;

e.)In not challenging the manufacture of federal government criminal jurisdiction over petitioner by federal government authorities to turn purely state offenses into federal for prosecution;

f.)in not seeking downward departures under any theory ,for various reasons including,

(1)sentencing under 924(e)(1) and 924(c);

(2)Government entrapment as to both the offense and the sentence to be imposed where violence could not possibly occur because the offenses were created and controlled by government authorities thru informants,or lack of violence in any offenses at all;(3)Extraordinary family circumstances;(4)Possible and potential diminished mental capacity;(4)due to prior prosecution in the state for same offense; (5)due to outrageous government conduct;

(6)selective prosecution;(7)by not challenging cumulative punishment unauthorized by congress as imposed pursuant to usc 3013;

g.)In not seeking a special verdict form for the petit jury's use;or, in allowing a general verdict form to be used by the petit jury without objection;

h.)In not making ex post facto sentencing challenges as to application of the wrong sentencing guideline violating "Peugh"

i.)in not making appropriate challenges at a bench trial for 18 usc 922(g) as to the improper count as charged,or in

seperating this offense from a jury trial;

j.)In not arguing that petitioner's convictions and sentences
were obtained without effective assistance of counsel

k.)counsel was made inneffective by government agents through
"Massiah" violations;

l.)In not moving for dissmissal of the indictment prior to
trial because the government's investigation of this case
constituted outrageous conduct violative of the Due Process
Clause of the Constitution

*These I.A.C. issues are not all-inclusive of all the errors
of counsel, it could possibly

be amended upon receipt of the original discovery turned over
from appellate counsel; or, upon completion of discovery from
the government and court;and/or upon expansion of the record
by the Court, hereafter.


GROUND SEVENTEEN: (Actual Innocense for) denial of
Petitioner's Statutory and Constitutional Right to Self
Representation In Trial

(a)SUPPORTING FACTS: This issue involves all counts.
Petitioner is actually and factually and legally innocent
because this error is a violation of the constitution that
renders the judgement of conviction without jurisdiction. I
was denied my right to go pro se. On January 5th of 2010
during a court hearing I moved to represent myself but my
request was denied by the Court without the court conducting
proper procedure.see Transcripts for Hearing on Motions on 1-
5-2010,Page 15,Line 3-14. Then I filed a motion with the Court
to go Pro Se In February of 2010.see Exhibit J (Motion to go

Pro Se) But this motion was never addressed by the Court.
On 3-16-10 in open Court I moved to  represent myself and this
request was denied by the Court.see Docket #155 filed on 3-16-
10 and Trial Transcripts.I took several affirmative actions to
invoke my right to represent myself. The Supreme Court held
that the Sixth Amendment guaranteed a criminal defendant the
right to represent himself at trial.
b.)I also filed a motion to go Pro Se on Appeal but it was
denied.see Exhibit L(order denying pro se)
28 USC 1654 provides that criminal defendants in federal court
also have a statutory right to "plead and conduct their own
case"
I clearly and unequivocally asserted my right to proceed pro
se.SEE Feretta v. California, 95 S.Ct. 2525(1975)


GROUND EIGHTEEN:  (Actual innocence) because I was denied my
Sixth Amendment Right to Counsel of Choice, by defense
counsel, Frank Salvato, an officer of the Court.
(a)SUPPORTING FACTS: In April of 2009 I was indicted in a 10
count felony indictment. Promptly after the hearing I was
taken into custody by the U.S.Marshalls Office and relocated
to a jail 3 hours away from the federal courthouse I was being
prosecuted at. In June of 2009 I retained Frank Salvato.
I was in a contract with Frank Salvato where I was to pay him
$40 thousand for his services, specifically which was to
prepare a defense (research, talk to witnesses, and obtain
evidence) and to represent me in a lengthy multi-count federal
trial.
I fired Frank Salvato in December of 2009 because during 6

months of his representation he had not made any progress in
my case. So in a meeting on December 11,2009 I fired him after
we made an agreement that he would return $20 thousand of the
$40 thousand I had put in his trust. Luckily there was an
unbiased and reliable witness to this agreement, a U.S.
Marshall. see Attachment, Exhibit B (Affidavit from Brian
Stalnaker)

Mr. Salvato made clear he would promptly return those funds
the same week he is released by the court from representing
me. So I filed to the District Court asking for his removal.
These discussions are all on the record in my notarized
letters sent under seal to the District Court. see Letter
Under Seal Handed to the Judge on Docket for 1-13-10.

At the hearing when the Court released Salvato, counsel looked
me in the eyes and deliberately lied to me and said that my
money would be on my account by the weekend because he knew
how important it was to me to quickly hire this new attorney.
see Attachments, Exhibit G(Petitioners Affidavit)

Salvato was released and he never returned my money. At the
end of the month several weeks before trial I wrote the Court
again explaining how Salvato's unethical conduct was affecting
my constitutional right to counsel of choice.see Attachment
Exhibit C (Letter to the Judge)

In March of 2010 During a pretrial conference before trial
started the Court addressed some of my pending pretrial
motions. In response to my pro se motion where I complained
about my right to counsel of choice the Court denied my claim
and stated "As you are aware, you are not entitled to counsel
of your choice, but competent counsel".See Trial

39

Transcript,Vol 1

With all due respect to the Court this finding is not
controlling law and in Violation of the Sixth Amendment's
Right to Counsel of Choice.1.U.S. v. Gonzalez-Lopez, 126 S.Ct.
2557 (2006).

2.U.S. v. Stein,435 F.supp.2d 330(2d circuit)

3.U.S. v. Inman,483 f.2d 738(4th Cir.1973)


GROUND NINETEEN: (Actual Innocense)because Petitioner was
denied his Sixth Amendment Right to Counsel of Choice By the
Court

(a)SUPPORTING FACTS: I am actually innocent and legally
innocent of all counts because I was denied my Sixth Amendment
Right to Counsel of Choice -structural error-of when the Court
blocked my acces to my money to hire my attorney of choice.
On April 9, 2009 I was indicted by the feds and transferred
from the local jail by the Marshalls to a jail in the
outskirts of Virginia about 3 hours away. Upon my arrival I
was placed on very restrictive conditions where I was not
allowed to use the mail, phone, or visits to communicate with
anyone.See Exhibit K(Email from US Marshall) Now at that point
in time I had assets(money,jewelry,vehicle) in the care of
individuals I trust that I was prevented from utilizing to
retain counsel of choice. Its obvious that those who have
money and end up in jail they have to direct someone they
trust to manage those funds to utilize it for attorney fees
and there defense. But no matter how much money you have if
the Courts block all forms of communication there is no way to
use your money in your defense.

Individuals who can afford to retain counsel have a qualified
right to obtain counsel of there choice.see U.S. v. Inman,483
F.2d 738(4th Cir.1973);Grady v. Alabama,569 f2d 1318(5th
Cir.1978) and U.S. v. Gonzalez-Lopez,126 S.Ct 2557(2006)
(b)(1)(2)I was prevented from raising this issue by appellate
counsel.


GROUND TWENTY :Petitioner's Sixth Amendment right to have a
jury determine the elements of his 924(c) beyond a reasonable
doubt was violated when the Court found a fact increased his
mandatory minimum sentence by a preponderance of the evidence
(a)SUPPORTING FACTS: I was indicted for a 924(c).The jury
found me guilty of just a 924(c)But the Judge on his own
raised my mandatory minimum based on a fact that he found by
the preponderance of the evidence. This was in violation of
"Alleyne" I was still on Direct Review when Alleyne was
decided. My Direct Appeal was denied on 1-13-12,my petition
for rehearing was denied on 2-13-12, and my Supreme Court
Petition for Certiorari was denied on April 29,2013, and my
Petition for Rehearing of the Certiorari was denied in July
24,2013 making my conviction final on July 24,2013. The
Supreme Court has defined Final to mean a case "where the
judgement of conviction was rendered, the availability of
appeal exhausted, and the time for petition for certiorari had
elapsed",see Allen v. Hardy,478 U.S. at 258,n1,106 S.Ct.
2878;see Linkletter v. Walker, 381 US 618,622(1965)
This only takes 2 years off my 57 year sentence but it takes
me almost 10 years to earn 2 years of good time off my
sentence. So these 2 years might not seem like alot to some it

means alot to me.

GROUND TWENTYONE:Every fact neccassary to convict or sentence
petitioner was not set forth in the indictment,proven to the
jury for its verdict, as required by the Notice and Speedy
Trial Guarantees of the 5th and 6th Amendment
(a)SUPPORTING FACTS:Petitioner is actually and factually and
legally innocent of Count One and Two of the indictment
charging Hobbs Act Robberies. No affect on interstate commerce
caused by the robbery was proven.The jury instruction for the
hobbs act robbery in Count 1 reads;
"In order to sustain its burden of proof for the the crime of
...affecting interstate commerce by robbery as charged in
count 1 of the indictment, the government must prove the
following three essential elements beyond a reasonable doubt:

ONE:The defendant induced Riley to part with property as
described in count 1;

TWO:The defendant did so knowingly and deliberately by
robbery;and

THREE: In so acting, interstate commerce was obstructed,
delayed, or affected

Now first of all Count 1 in the indictment states an attempted
robbery where these instructions are for a completed robbery.
When I brought this defect to the court's attention only
instruction 34 was fixed to match the indictment. But the

court against my objections did not conform the "essential
elements of the offense" instruction and the attached "924(c)
instructions" to the indictment clearly constructively
amended the indictment and petitioner was convicted for two
offenses.Thats why this juries determination is not reliable
because they accepted conflicting instructions for the same
offense. Nevertheless even looking at these instructions the
government did not prove the affect on interstate commerce at
trial. Part two of the instruction requires a robbery offense
then has an "and" which signifying element three follows "in
so acting. , interstate commerce was affected' and then the
"IN SO ACTING" part clearly says that the affect is caused by
the robbery.

Not one person got on the stand and said that"my business
assets were robbed from  me I couldn't buy this for my
business" or "the taking of the money hindered my business
this way" actually Riley stated under cross examination that
the money was devoted to her personal use" I dont need a
transcripts for this because I fought with my lawyer to ask
questions and this was one of the questions I felt was so
important. Both Riley and Haile answered this question and
said they were going to use it for personal use thereby
negating any theory about business assets. These are not
businesses that are involved in interstate commerce. These are
individuals that use interstate facilities or channels but are
not involved in interstate commerce.The hobbs act does not
prohibit robbery of people that travel interstate.The Hobbs
Act is already a very broad statute but this is truly
stretching it beyond its limits.

GROUND TWENTYTWO: Violation of my Right to Counsel and
Attorney Client Privelage and offensive interference with
Attorney Client Relationship causing a fatal intrusion
(a)SUPPORTING FACTS: I finally have proof to support my
previous complaints of government actors interfering with my
right to counsel.

In my possession I have two sealed letters that I sent to my
attorney and another letter to the courts in January of 2010
before trial. They were stamped by the jail and they have a
stamp from the Eastern District of Virginia's U.S.Marshalls
office on it too.see Exhibit N(Sealed Legal Mail) Throughout
my pretrial detention authorities have violated my right to
counsel. Now I have proof.I made a complaint in open court
about my legal mail not going out from the jail the marshalls
were holding me at. But my concerns were dismissed.

I would send letters to attorneys and not get no response.So
my mind would wonder and I would start losing confidence in my
attorneys because I felt like they were ignoring me as if my
letters were worthless. So I would be sitting in that cell 23
hours a day under oppressive conditions where I am told I can
only write my attorney or the courts but I never had that
right fully.This went on for nearly 14 months. I have put
motions in to the Court that never have got resolved.

After I fired Salvato I had a month to hire another attorney
but the Jail would not let me make any attorney calls until a
week before my trial. see Exhibit L(grievance)

These violations seriously affected my relationship with
counsel.I was truly deprived of fundamental fairness

principles and the protections of the Constitution

***The Supreme Court in Ray v. U.S,481 U.S. 736(1987)Declared
that sentences are held not concurrent for purposes of the
"CONCURRENT SENTENCE DOCTRINE" -where federal appellate courts
decline to review convictions on additional counts not
affecting the actual term of imprisonment-where, in addition
to concurrent prison terms being imposed, a monetary
assessment($100 per count),pursuant to 18 USC 3013, is imposed
on each count, so that the accused's liability to pay the
total monetary assessment is dependant on the validity of the
conviction on each count.
Petittioner has 6 convictions with concurrent sentences but
prays that issues relating to them are decided on there merits
and not disregarded under the "CONCURRENT SENTENCE DOCTRINE"in
accordance with Ray v. United States,481 US 736(1987)

RELIEF:

Therefore, petitioner asks that the Court Grant the following
relief:

Vacate and set the judgement aside and allow me to go home to
my family and loved ones or resentence me or grant me a new
trial or any relief you think is appropriate.

In the alternative,I am at least entitled to an evidentiary
hearing to determine the truth of my claims.

45

I declare under penalty of perjury that the foregoing is true
and correct and that this motion under 28 USC 2255 was placed
in the prison mailing system on   4-22-14   .

Signed on   4-22-14
APRIL 22, 2014

Signature of Movant

## CERTIFICATE OF SERVICE

I, Mirwais Mohamadi, hereby certify that I have served the original and a true and correct copy of the following: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN A FEDERAL CUSTODY; MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255; EXHIBITS AND PETITIONER'S AFFIDAVIT IN SUPPORT OF § 2255.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L.Ed.2d. 245, (1998); by placing the original, first class postage pre-paid envelope addressed to: Clerk - U.S. District Court for the Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, 2nd Fl., Alexandria VA. 22314; and deposited a true and correct copy to: AUSA - Ronald L. Walutes Jr., Justin W. Williams U.S. Attorney's Bldg., 2100 Jamieson Ave., Alexandria VA. 22314; and that both had been placed in the Inmate Systems Management (ISM) located at the Mail Room, here at the USP Atwater, P.O. Box 019001, Atwater CA. 95301, Prison Legal System, pursuant tc the (Mailbox Rule).

I declare, under penalty of perjury pursuant to, Title 28 U.S.C. § 1746, that the above foregoing is true and correct.

Respectfully submitted,

Dated: 4 /22/20 14.

Mirwais Mohamadi

Petitioner-Pro se

REG.NO.#73533-083

47