UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7395

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

 v.

MIRWAIS MOHAMADI, a/k/a O, a/k/a Omar,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:09-cr-00179-LO-1; 1:14-cv-00496-LO)

Submitted:  April 30, 2018            Decided:  May 16, 2018

Before MOTZ, KING, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Brandon Creighton Sample, BRANDON SAMPLE, PLC, Rutland, Vermont, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mirwais Mohamadi seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Before addressing the merits of Mohamadi's appeal, we must first be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

Mohamadi asserts that the district court failed to address four of the claims he raised in his 28 U.S.C. § 2255 motion: (1) ineffective assistance of trial counsel for failing to seek the return of Mohamadi's funds from a former counsel; (2) denial of Mohamadi's right to represent himself; (3) unconstitutional sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (4) denial of Mohamadi's right to have a jury determine each element of his 18 U.S.C. § 924(c) (2012) convictions beyond a reasonable doubt.

Our review of the record convinces us that, even liberally construing Mohamadi's 28 U.S.C. § 2255 motion, memorandum in support, and two supplemental briefs, Mohamadi never raised a claim that trial counsel was ineffective for failing to seek the

return of Mohamadi's funds. We further conclude that the district court sufficiently addressed Mohamadi's claim that he was denied the right to represent himself. We do agree, however, that the district court did not address Mohamadi's claim that his sentence was unconstitutional under *Johnson* or Mohamadi's claim that he was denied the right to have a jury determine each element of his convictions beyond a reasonable doubt. The district court, therefore, "never issued a final decision." *Porter*, 803 F.3d at 699.

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Mohamadi's unresolved claims. We express no opinion regarding the merits of any of Mohamadi's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*