IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MIRWAIS MOHAMADI,<br><br>*Defendant-Petitioner.* | Crim. No. 1:09-cr-179<br>Civil No. 1:14-cv-496<br><br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on remand from the United States Court of Appeals for the Fourth Circuit. *See* Dkt. 271; Dkt. 272; Dkt. 273. This Court's Order of May 5, 2017, dismissed Petitioner Mirwais Mohamadi's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 262. The Court of Appeals remanded with instructions to address Petitioner's claims that his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and second, that he was denied the right to have a jury determine each element of his 18 U.S.C. § 924(c) convictions beyond a reasonable doubt. *United States v. Mohamadi*, 733 F. App'x 703, 704 (4th Cir. 2018). These issues have been fully briefed, and for the reasons stated below Petitioner's § 2255 motion will be dismissed.

### I. Background

On April 9, 2009, a grand jury sitting in the Eastern District of Virginia indicted Petitioner. The indictment alleged that he committed the following offenses: two counts of armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (Counts 1 and 2); two counts of

using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts 3 and 4); one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 5); two counts of solicitation to commit murder for hire in violation of 18 U.S.C. § 373 (Counts 6 and 7); one count of murder for hire in violation of 18 U.S.C. § 1958 (Count 8); and two counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1), (3) (Counts 9 and 10).

On March 18, 2010, Petitioner was convicted of Counts 1, 2, 3, 4, 7, 8, 9, and 10 by a jury. He was acquitted of Count 6. As to Count 5, he had waived a jury trial. This Court convicted Petitioner of Count 5 following a bench trial. On June 18, 2010, the Court sentenced him to a total term of 684 months of imprisonment, consisting of 180 months on Counts 1, 2, 5, 9, and 10, to run concurrently; 60 months on Count 7, to run concurrently with the counts above; 120 months on Count 8, to run consecutively to all other counts; 84 months on Count 3, to run consecutively to all other counts; and 300 months on Count 4, to run consecutively to all other counts.

Petitioner appealed the judgment, and the Fourth Circuit Court of Appeals affirmed each of the convictions. *See United States v. Mohamadi*, 461 F. App'x 328 (4th Cir. 2012) (per curiam). The United States Supreme Court denied certiorari. *Mohamadi v. United States*, 133 S. Ct. 2020 (2013).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 2, 2014. Dkt. 240. The government opposed the motion, Dkt. 245, and Petitioner filed a reply, Dkt. 249, and supplement, Dkt. 257. This Court entered an Order denying the motion on May 5, 2017. Dkt. 262. Petitioner appealed.

The Fourth Circuit remanded to this Court for consideration of two unresolved claims. *United States v. Mohamadi*, 733 F. App'x 703, 704 (4th Cir. 2018). The issues are: 1) whether

Petitioner's sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and 2) whether Petitioner was denied the right to have a jury determine each element of his 18 U.S.C. § 924(c) convictions beyond a reasonable doubt.

Following remand, this Court stayed further proceedings pending the Fourth Circuit's decision in *United States v. Simms*, No. 15-4640. *Simms* involved an application of *Johnson*, where the Supreme Court found a statutory definition unconstitutionally vague. On January 24, 2019, the Fourth Circuit decided *Simms*, and found 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). The Circuit Court's mandate was, however, stayed pending the Supreme Court's decision on the same issue in *United States v. Davis*, No. 18-431. The Supreme Court decided *Davis* on June 24, 2019, and in accord with *Simms*, invalidated 18 U.S.C. § 924(c)(3)(B) on vagueness grounds. *United States v. Davis*, 139 S. Ct. 2319 (2019).

The Fourth Circuit's *Simms* mandate issued on July 22, 2019. The Government and Petitioner, through CJA counsel, have fully briefed the remanded issues. Dkt. 296; Dkt. 297; Dkt. 307; Dkt. 308. The issues are now ripe for decision.

## II. Standard of Review

A motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where (1) the court lacked jurisdiction to impose the sentence; (2) the sentence was in excess of the maximum authorized; or (3) the sentence or conviction is otherwise subject to collateral attack. *See* § 2255. To prevail, a movant bears the burden of proving the grounds for collateral relief by a preponderance of the evidence. *See Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967). Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors,

and is therefore reserved for situations where failing to grant relief would "inherently result[] in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that have been waived by a failure to appeal are therefore procedurally defaulted unless the movant can show cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 165–67 (1982); *United States v. Maybeck*, 23 F.3d 888, 891–92 (4th Cir. 1994) (applying standard to unappealed guilty pleas). An exception applies when a defendant brings a claim of constitutionally ineffective assistance of counsel, which can be raised in a collateral attack on his conviction or sentence. *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998); *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).

### III. Discussion

This Court is presented with two issues. The Court must "address Mohamadi's claim that his sentence was unconstitutional under *Johnson* [and] Mohamadi's claim that he was denied the right to have a jury determine each element of his convictions beyond a reasonable doubt." *United States v. Mohamadi*, 733 F. App'x 703, 704 (4th Cir. 2018).

The first issue is whether Petitioner's convictions on Counts 3 and 4 resulted in an unconstitutional sentence under *Johnson* and its progeny. Counts 3 and 4 charged Petitioner with violations of 18 U.S.C. § 924(c)(1). That statute forbids the use, carrying, or brandishing of a firearm "during and in relation to any crime of violence." § 924(c)(1)(A). It defines a "crime of violence" as any felony that, (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B), "by its nature . . . involves a substantial risk that physical force against the person or property of another may be used in the

course of committing the offense." § 924(c)(3). Subsection (A) of the definition is known as the "force" clause, and subsection (B) is known as the "residual" clause.

Because *Davis* invalidated the residual clause, that clause cannot support a § 924(c) conviction. The force clause, subsection (A), remains valid. Thus, Petitioner's convictions are valid, and his sentence is constitutional, if Counts 3 and 4 were predicated upon a force clause crime of violence.

Here, Petitioner's § 924(c) convictions were predicated upon substantive Hobbs Act robberies in violation of 18 U.S.C. § 1951. The Fourth Circuit has squarely held "that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted). Because Petitioner's convictions were predicated on Hobbs Act robbery, and substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3) force clause, Petitioner's convictions are valid.

The second issue is whether Petitioner's § 924(c) convictions are unconstitutional because he was denied the right to have a jury determine each element of the crime beyond a reasonable doubt. At the time of sentencing, controlling precedent permitted a judge to find any fact which increased a mandatory minimum sentence by a preponderance of the evidence. *See Harris v. United States*, 536 U.S. 545, 568-69 (2002). Shortly after Petitioner was denied certiorari, the Supreme Court held in *Alleyne v. United States*, 570 U.S. 99 (2013), that any fact which increases a mandatory minimum sentence is an element which must be decided by the jury. Petitioner asserts that a judicial finding in his case unconstitutionally raised his mandatory minimum.

This claim fails because Petitioner's judgement of conviction became final before *Alleyne* was decided, and *Alleyne* does not apply retroactively. "[T]he judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255 ¶ 6(1) when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001). The Supreme Court denied certiorari in Petitioner's case, and his judgment therefore became final, on April 29, 2013. *Mohamadi v. United States*, 569 U.S. 959 (2013). The Supreme Court decided *Alleyne* two months later, on June 17, 2013. 570 U.S. 99 (2013). Accordingly, Petitioner's *Alleyne* claim can prevail only if the rule declared in that case applies retroactively. *See Teague v. Lane*, 489 U.S. 288, 310 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."). Petitioner has not cited any authority providing for *Alleyne* to apply retroactively, and the Fourth Circuit has noted in an unpublished per curiam opinion that it does not. *See United States v. Stewart*, 540 F. App'x 171, 172 (4th Cir. 2013) (per curiam). Accordingly, Petitioner's *Alleyne* claim must fail.

## IV. Conclusion

For the reasons stated above and for good cause shown, it is hereby **ORDERED** that Petitioner's motion made pursuant to 28 U.S.C. § 2255, Dkt. 240, is **DENIED** and the petition is **DISMISSED**.

This is a final order for purposes of appeal. To appeal, Defendant must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. *See* Fed. R. App. P. 4(a)(1)(B). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order that Petitioner wishes to appeal. Petitioner need not

explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit judge. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

It is **SO ORDERED**.

November __, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge