**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MIRWAIS MOHAMADI,<br><br>*Defendant-Petitioner.* | )<br>)<br>)<br>)<br>)<br>)    Case No. 1:09-cr-179<br>)    Hon. Liam O'Grady<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Petitioner's motion for reconsideration of the Court's prior decision upholding his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"). Dkt. 327. Also before the Court is the Government's motion to hold Petitioner's case in abeyance. Dkt. 328. Both motions were filed in response to the Fourth Circuit's recent decision in *United States v. Taylor*, which held that attempted Hobbs Act robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c). *See* 979 F.3d 203, 205 (4th Cir. 2020).

Petitioner argues that his prior convictions for attempted Virginia common law robbery do not constitute valid predicate offenses under the ACCA based on *Taylor*. *See generally* Dkt. 327. The Government, for its part, does not dispute Petitioner's contention, but expresses disagreement with *Taylor*'s holding. It notes that it "recently filed a petition for en banc review" in *Taylor* and asks the Court to "hold Petitioner's motion for reconsideration in abeyance pending the resolution of [that] petition." Dkt. 328, at 1.

Unlike Petitioner and the Government, the Court does not read *Taylor* as inconsistent with its prior decision. *See* Dkt. 325, at 5–8.

The elements of Hobbs Act robbery and Virginia common law robbery are inconsistent. *Compare* 18 U.S.C. § 1951(b)(1), *with Pierce v. Commonwealth*, 138 S.E.2d 28, 31 (Va. 1964). The former emphasizes "threatened force," whereas the latter, at minimum, requires intimidation that has the potential to overcome the victim's resistance. *Cf. Stokeling v. United States*, 139 S. Ct. 544, 551 (2019) ("The overlap between 'force' and 'violence' at common law is reflected in modern legal and colloquial usage of these terms. 'Force' means 'power, violence, or *pressure directed against a person or thing*[.]'") (citing Black's Law Dictionary 656 (7th ed. 1999)); *see also id.* at 550 ("If [the victim] resists the attempt to rob him, and his resistance is overcome, there is sufficient *violence* to make the taking robbery, however slight the resistance.") (emphasis in original).

The Court understands that this distinction is subtle. But *Taylor* suggests that, no matter how small, the distinction matters. *See* 979 F.3d at 209 & n.3. If Virginia common law robbery, by its nature, involves conduct that invariably overcomes a victim's resistance, it must follow that such an act is inherently forceful or violent. *See Stokeling*, 139 S. Ct. at 550–51. Thus, an attempt thereof represents "an attempt to use force." *See Taylor*, 979 F.3d at 209.

The Court does not endeavor to perform verbal acrobatics, nor does it seek to gerrymander its reading of the elements of Virginia common law robbery to harmonize its earlier holding with *Taylor*. On the contrary, the Court takes explicit direction from the conspicuous contrast *Taylor* draws between Hobbs Act robbery and common law robbery. *See id.* at 209 n.3 ("[T]he Government contends that *Stokeling* . . . supports its view that attempted Hobbs Act robbery constitutes a crime of violence. *Stokeling* is of no aid to the Government because *Stokeling* considered only whether *common law* robbery constitutes a 'violent felony'; it held it did because common law robbery 'requires the criminal to overcome the victim's resistance.'")

2

(citing 139 S. Ct. at 550) (emphasis in original).  The Court's position is also buttressed by contemporary Fourth Circuit opinions implying that common law robbery, by its nature, is a crime of violence.  *See United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020); *United States v. Dinkins*, 928 F.3d 349, 355 (4th Cir. 2019); *see also Williams v. United States*, 462 F. Supp. 3d 625, 634 (E.D. Va. 2020) (Brinkema, J.); *but see Winston v. United States*, 850 F.3d 677, 684–85 (4th Cir. 2017).  Again, if Virginia common law robbery is inherently violent, then an attempt to commit it must qualify as a valid predicate offense under the ACCA.

The Court fully appreciates the importance of reaching the correct legal decision in this matter.  Petitioner is absolutely entitled to a proper classification under the ACCA, even if only for dignitary reasons.  But the Court reiterates that it ran Petitioner's 15-year mandatory minimum sentence under the ACCA concurrently with his other sentences for his other Counts.  Thus, Petitioner's time of incarceration is not being impacted by his designation as an armed career criminal.  Regardless, the Court stands by its prior decision that attempted Virginia common law robbery is a crime of violence under the ACCA's force clause.  Accordingly, Petitioner's motion for reconsideration (Dkt. 327) is **DENIED** and the Government's motion to hold this action in abeyance (Dkt. 328) is **DENIED**.

It is **SO ORDERED**.

December 1, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge

3